THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **BRANDON COPELAND,**<br><br>**Plaintiff,**<br><br>v.<br><br>**POLIQUIN PERFORMANCE CENTER 2, LLC, et al.,**<br><br>**Defendants.** | Civil No. 19-20278 (ESK/EAP) |

## AMENDED SCHEDULING ORDER

This Amended Scheduling Order confirms the directives given to counsel at the status conference held pursuant to Federal Rule of Civil Procedure 16 on **November 26, 2024**; and the Court noting the following appearances: **Emily K. Declercq, Esquire, Bradford J. Blackmon, Esquire, and Edward J. Blackmon, Esquire**, appearing on behalf of Plaintiff; and **Scott Shaffer, Esquire**, appearing on behalf of Defendant Total Body Nutrition; **David S. Stecklow, Esquire**, appearing on behalf of Defendant Michigan Elite Conditioning; and **Dimitri Teresh, Esquire**, appearing on behalf of Defendant Poliquin Performance Center; and for good cause shown;

**IT IS** this **26th** day of **November 2024**, hereby **ORDERED**:

1. No later than **November 29, 2024**, Defendant Poliquin Performance Center shall serve its written discovery requests on Defendant Michigan Elite Conditioning for Athletes, LLC (hereinafter "MECA").

2. No later than **December 9, 2024**, Defendant MECA shall serve its written discovery on all other parties.

3. No later than **December 23, 2024**, Defendant MECA shall respond to all discovery requests previously served.

4. No later than **December 15, 2024**, Plaintiff shall take action with respect to Defendant JAD Nutrition.

5. **Fact Discovery.** Pretrial factual discovery is extended to **March 3, 2025**. All pretrial discovery shall be concluded by that date. All discovery disputes shall be presented to the Court in accordance with Local Civil Rule 37.1(a)(1), and the procedures set forth in this Order, prior to the expiration of pretrial factual discovery.

6. **Depositions.** All depositions are to be conducted in accordance with the procedures set forth in *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993). In addition, all depositions, including video depositions, shall comply with Federal Rule of Civil Procedure 30.

7. **Discovery Applications.** Counsel shall meet and confer in a good faith attempt to informally resolve any and all discovery or case management disputes before seeking the Court's intervention. *See* L. Civ. R. 37.1(a)(1). Absent exigent circumstances, the Court expects parties to "meet and confer" in person, by telephone, or video conference before making a discovery application. Any dispute not resolved shall be brought to the Court's attention by letter after counsel's good faith attempt to resolve the dispute has failed and shall set forth in detail the specific efforts made to resolve the dispute before contacting the Court. No discovery motion shall be filed without prior leave of Court. *See* L. Civ. R. 37.1(b).

8. **Expert Discovery.**

    a. The parties shall identify all proposed experts on or before **March 17, 2025**.

    b. The parties shall identify all counter experts on or before **April 17, 2025**.

    c. All expert reports on behalf of Plaintiff shall be served on counsel for Defendants no later than **May 19, 2025**.

    d. All expert reports on behalf of Defendants shall be served on counsel for Plaintiffs no later than **June 20, 2025**.

    e. The parties shall *reserve* their rights to conduct expert depositions until after a settlement conference, dispositive motions, or by leave of Court to be sought via conference call application.

For purposes of this Scheduling Order, treating physicians shall not be considered expert witnesses and shall be treated as fact witnesses who are, however, required to provide reports and records concerning their treatment. However, any doctor who is going to express an opinion as to the cause of a particular condition or as to the future prognosis of a particular condition shall be considered an expert subject to the requirement of FED. R. CIV. P. 26(a)(2)(B).

The parties shall also exchange, in accordance with the foregoing schedule, written statements identifying all opinion testimony counsel and the parties anticipate will be presented at trial pursuant to FED. R. EVID. 701 and *Teen-Ed v. Kimball International, Inc.*, 620 F.2d 399 (3d Cir. 1980).

9. **Dispositive Motions.** Dispositive motions shall be filed with the Clerk of the Court no later than **July 25, 2025**. Opposition to the motion should be served in a timely fashion. Counsel are to follow Local Civil Rules 7.1, 7.2, 56.1 and 78.1, *Motion Practice (generally)*. This Order is subject to the Individual Rules and Procedures (if any) of the presiding District Judge.

      10.    The Court will conduct an **in-person** status conference on **January 30, 2025, at 12:00 p.m.**  All counsel shall report to the **Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 5C, Camden, New Jersey 08101**.  At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist.  No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in person, by telephone, or by video conference.

      11.    Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application.  The scheduling deadlines set herein will not be extended unless good cause is shown.  All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                            s/Elizabeth A. Pascal
                                            ELIZABETH A. PASCAL
                                            United States Magistrate Judge

cc:  Hon. Edward S. Kiel, U.S.D.J.