THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| BRANDON COPELAND,<br><br>    Plaintiff,<br><br>  v.<br><br>POLIQUIN PERFORMANCE CENTER 2, LLC, et al.,<br><br>    Defendants. | Civil No. 19-20278 (ESK/EAP) |

## AMENDED SCHEDULING ORDER

  This Amended Scheduling Order confirms the directives given to counsel at the motion hearing held on the record on **January 15, 2025**; and the Court noting the following appearances: **Emily K. Declercq, Esquire and Edward Blackmon, Esquire,** appearing on behalf of Plaintiff; **Dimitri Teresh, Esquire**, appearing on behalf of Defendants Poliquin Performance Center 2 LLC and Caroleen Kandel; **Scott Shaffer, Esquire**, appearing on behalf of Defendant Total Body Nutrition LLC; and **David S. Stecklow, Esquire**, appearing on behalf of Defendant Michigan Elite Conditioning for Athletes, LLC; and for good cause shown;

  **IT IS** this **15th** day of **January 2025**, hereby **ORDERED**:

  1.  In light of Counsel for the Poliquin Defendants and Caroleen Kandel's Motion to Withdraw as Counsel, ¶ 1 of the Court's November 26, 2024 Amended Scheduling Order, ECF No. 152, is **VACATED**.

  2.  The parties shall schedule Caroleen Kandel's deposition as soon as possible.

  3.  No later than **January 21, 2025**, Plaintiff shall re-serve his outstanding interrogatories and requests for the production of documents for the Poliquin Defendants' financial information. *See* ECF No. 81. The Poliquin Defendants shall respond before the January 30, 2025 in-person status conference.

  4.  All remaining deadlines as set in the Court's November 26, 2024 Amended Scheduling Order, ECF No. 152, shall remain in effect.

  5.  The Court reminds the parties that the Court will conduct an **in-person** status conference on **January 30, 2025, at 12:00 p.m.** All counsel shall report to the **Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Courtroom 5C, Camden, New Jersey 08101**. At least three (3) days prior to the scheduled conference, the parties shall send the Court a letter identifying all discovery disputes, if any exist. No issue will be addressed unless the parties have first conferred pursuant to Local Civil Rule 37.1(a) by speaking in person, by telephone, or by video conference.

   6. Any application for an extension of time beyond the deadlines set herein shall be made prior to expiration of the period sought to be extended and shall disclose in the application all such extensions previously obtained, the precise reasons necessitating the application showing good cause under FED. R. CIV. P. 16(b), and whether adversary counsel consent to the application. The scheduling deadlines set herein will not be extended unless good cause is shown. All applications regarding motions returnable before a District Judge shall be presented to the District Judge.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER
MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                    s/Elizabeth A. Pascal
                    ELIZABETH A. PASCAL
                    United States Magistrate Judge

cc: Hon. Edward S. Kiel, U.S.D.J.