# DECLERCQ
## LAW FIRM PLLC

**VIA ECF ONLY:**
The Honorable Elizabeth A. Pascal
U.S. Magistrate Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Emily K. Declercq, Esq**
Emily@declercqlawfirm.com
Sharon@declercqlawfirm.com;
Lindsay@declercqlawfirm.com
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
(609) 873-3148
www.declercqlawfirm.com
*MEMBER NJ, PA & NY BAR

January 30, 2025

Re: *Copeland v. Poliquin Performance Center 2, LLC, et. al.*
<u>Case #: 1-19-cv-20278-ESK-EAP (District of New Jersey)</u>

Dear Judge Pascal:

  I write to address ongoing discovery issues that require the Court's attention prior to today's status conference. Despite the Court's recent orders and numerous prior directives, we continue to face substantial obstacles in two key areas: (1) completing Ms. Kandel's deposition and (2) obtaining ordered financial discovery.

  Regarding Ms. Kandel's deposition, which began in April 2024 but was not completed, defense counsel has raised artificial barriers to its completion. While counsel agreed in court to resume the deposition promptly, he now claims we have nearly exhausted the time limit and characterizes further questioning as "harassment." Following the Court's recent directive, all parties initially appeared to agree to reserve February 11, 12, and 14, 2025, for virtual depositions, and we proceeded to book a court reporter for these dates.

  In an email dated January 29, 2025, we explained our position to defense counsel:

  "Ms. Kandel is being deposed as an individual and as a corporate designee, in various capacities. We need 1.5-2 days for her deposition and I would think we need a half day or day for any questions that TBN or MECA has for her. We had just begun discussing the manufacturing process when the last deposition was ended prematurely. If you need a different day other than the 14th I can accommodate that the following week or someone else from your firm can sit in to expedite this given the time-sensitive nature of this matter and given that you would be supervising the deposition as opposed to conducting it."

  Federal Rule of Civil Procedure 30(d)(1) provides that "unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours." However, the Rule explicitly grants courts discretion to allow additional time "if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Here, additional time is clearly warranted.

  Defense counsel's position on time limits is problematic for several reasons:

**DECLERCQ**
LAW FIRM PLLC

- Ms. Kandel is being deposed both individually and as a corporate designee under Rule 30(b)(6) for multiple topics including manufacturing, advertising, order fulfillment, and testing

- Given the nine-month gap since the deposition began, some time will necessarily be required to reconstruct the record

- Defense counsel insists Ms. Kandel is the only person who can testify about all corporate matters, yet simultaneously seeks to artificially limit her availability for testimony

- The claimed time restrictions fail to account for questioning by other parties

Second, the financial discovery ordered by the Court remains incomplete. Poliquin seems to admit that they have not produced returns after 2022, and may be getting 2022-2023 returns following today's conference. On January 15, 2025, pursuant to the Court's directive, we resubmitted our financial discovery requests, which we subsequently condensed from the original June 2022 requests at defense counsel's request. However, the production received yesterday (January 29) largely consists of previously produced documents from 2018-2019 that were already deemed insufficient, along with incomplete recent tax returns. Notably missing are:

- Complete information about multiple entities owned by Ms. Kandel (the public records indicate 5-10 other entities owned by Ms. Kandel but she only admits to owning Poliquin Performance Center II and an Irish entity).

- Current personal tax returns and financial statements

- Documentation of owner distributions and PPP funds, although PPP funds are referenced in a tax return, however the application for the PPP should be produced as it requires disclosures about the business

- Comprehensive business records for all related entities

- Responses to basic questions about corporate structure and ownership (Plaintiff produced a 9 question list that has not been answered).

Defense counsel now characterizes this discovery as merely for settlement purposes under FRE 408, despite the Court's clear orders requiring production and much of the information being sought in initial discovery without response. This pattern of agreeing to discovery obligations in court but then raising obstacles in implementation has persisted throughout this litigation.

Regarding discovery matters with other parties:

1. TBN Defendants have requested supplemental records from Plaintiff, and we have likewise requested supplemental discovery from them. They are working on their production and there are no disputes at this time. At TBN's request we have requested drug testing records from NFLPA, which we expect to receive either today or tomorrow.

**DECLERCQ**
LAW FIRM PLLC

2. MECA Defendants have declined to produce the applicable insurance policy for review, maintaining that providing the policy number in their initial disclosure is sufficient. We respectfully disagree with this position and believe the full policy should be produced.

3. The parties still need to reach agreement on selecting a laboratory to test the unopened bottle of Yang R-ALA. We had raised this testing issue prior to TBN and MECA entering the suit, but it remains unresolved. Counsel can circulate a list of laboratories for mutual agreement on testing.

Given today's scheduled conference and defense counsel's pending motion to withdraw, we respectfully request the Court's guidance on:

1. Setting a firm schedule for completing Ms. Kandel's deposition, with appropriate time allocation given her dual capacity as individual and corporate representative

2. Clarifying the permissible scope and duration of the deposition given Ms. Kandel's multiple roles

3. Establishing clear deadlines for complete production of the ordered financial discovery

4. Addressing any transition plans regarding discovery obligations in light of potential counsel changes

5. Resolving the insurance policy production issue with MECA

6. Setting a timeline for selecting and engaging a laboratory for the Yang R-ALA testing

Thank you for your attention to these matters.

Respectfully submitted,

**DECLERCQ LAW FIRM PLLC**

By: */s/ Emily Declercq*
Emily Declercq
*Attorneys for Plaintiff*

cc: All counsel of record