THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **BRANDON COPELAND,**<br><br>     **Plaintiff,**<br><br>  v.<br><br>**POLIQUIN PERFORMANCE CENTER 2, LLC, et al.,**<br><br>     **Defendants.** | **Civil No. 19-20278 (ESK/EAP)** |

## DISCOVERY DISPUTE ORDER

  This Discovery Dispute Order confirms the directives given to counsel at the status conference held on the record pursuant to Federal Rule of Civil Procedure 16 on **January 30, 2025**; and the Court noting the following appearances: **Emily K. Declercq, Esquire**, appearing on behalf of Plaintiff; **Dimitri Teresh, Esquire**, appearing on behalf of Defendants Caroleen Kandel and Poliquin Performance Center 2, LLC (the "Poliquin Defendants"); **Scott Shaffer, Esquire**, appearing on behalf of Total Body Nutrition LLC ("TBN"); and **Daniel S. Stecklow, Esquire**, appearing on behalf of Defendant Michigan Elite Conditioning for Athletes, LLC ("MECA"); for the reasons stated on the record, and for good cause shown;

  **IT IS** this **30th** day of **January 2025**, hereby **ORDERED**:

  1. No later than **February 7, 2025**, the parties shall cure all discovery deficiencies as discussed on the record.

  2. **Deposition of Caroleen Kandel**. Plaintiff's request to compel Defendant Caroleen Kandel's deposition is **GRANTED IN PART** and **DENIED IN PART.**

    a. Plaintiff's request to schedule Caroleen Kandel's deposition is **GRANTED**. The deposition of Caroleen Kandel, in her individual capacity and as the 30(b)(6) corporate designee for Poliquin Performance Center 2, LLC, is scheduled for **February 11, 2025**, and **February 12, 2025**.

     The dates for Ms. Kandel's deposition are **court-ordered** and shall not be adjourned without good cause shown and an Order from the Court.

    b. Plaintiff's request for additional time to reconstruct the record during Caroleen Kandel's deposition is **DENIED**.

    c. Plaintiff and Defendants TBN and MECA shall collectively have **seven (7) hours** to depose Caroleen Kandel in her individual capacity, and **seven (7) hours** to depose Caroleen Kandel in her capacity as the 30(b)(6) corporate designee for Poliquin Performance Center 2, LLC.

3. **Plaintiff's Nine Categories of Document Requests**. No later than **February 7, 2025**, counsel for Plaintiff and the Poliquin Defendants shall meet and confer to identify which documents in the Poliquin Defendants' most recent document production are responsive to Plaintiff's requests for production identified in Plaintiff's January 30, 2025 letter, *see* ECF No. 177.

    a. To the extent that the Poliquin Defendants already produced responsive documents, no later than **February 7, 2025**, the Poliquin Defendants shall identify which documents are responsive to which document request category by Bates number or by page number.

    b. If the Poliquin Defendants do not possess responsive documents to any of Plaintiff's requests for production, the Poliquin Defendants shall provide Plaintiff with a Declaration from Defendant Caroleen Kandel stating that no responsive document(s) exists.

4. **Plaintiff's Request for Production of Other Documents**. Plaintiff's request for the production of other documents identified by Plaintiff on the record, including Defendant Caroleen Kandel's other ownership interests, foreign holdings and operations, financial statements, balance sheets, business records for other related entities, and profit and loss statements, is **GRANTED**.

    a. No later than **February 7, 2025**, the Poliquin Defendants shall produce the documents identified on the record and in Plaintiff's January 30, 2025 letter from 2018 to the present. *See* ECF No. 117 at 2. The Poliquin Defendants also shall produce:

        i. Tax returns for 2022-2023 and 2023-2024;
        ii. Statements of net worth for Caroleen Kandel and Poliquin; and
        iii. Financial statements that would be produced in the ordinary course of business to include profit and loss statements and balance sheets.

    b. Plaintiff shall send the Poliquin Defendants the list of entities that Plaintiff has identified as being currently owned by Caroleen Kandel in the form of Plaintiff's choosing. No later than **February 7, 2025**, the Poliquin Defendants shall respond to Plaintiff's request.

    c. To the extent that the Poliquin Defendants have already produced responsive documents, no later than **February 7, 2025**, the Poliquin Defendants shall identify which documents are responsive to which document request by Bates number or by page number.

    d. If the Poliquin Defendants do not possess responsive documents to any of Plaintiff's requests for production, the Poliquin Defendants shall provide Plaintiff with a Declaration from Caroleen Kandel stating that no responsive document(s) exists.

5. **Defendant MECA's Insurance Policy**. No later than **February 7, 2025**, MECA shall produce a copy of their insurance policy, including the declaration sheet, subject to the Discovery Confidentiality Order previously entered in this matter, *see* ECF No. 114.

    a. To the extent that MECA believes that the Discovery Confidentiality Order, ECF No. 114, would not apply to MECA's insurance policy, MECA shall make revisions as necessary with the consent of all counsel. The Court will enter the revised Discovery Confidentiality Order upon receipt.

6. **Defendant MECA's Request for Production of Other NFL Contracts and a Supplement to Plaintiff's Response to Interrogatory No. 17**. MECA's request for production of copies of Plaintiff's other NFL contracts not previously produced and for supplementation of Interrogatory No. 17 is **GRANTED**.

    a. No later than **February 7, 2025**, Plaintiff shall produce copies of Plaintiff's post-incident NFL contracts to Defendants, including employment contracts with other NFL teams.

        i. To the extent that Plaintiff already produced responsive documents, no later than **February 7, 2025**, Plaintiff shall identify which previously produced documents are responsive to the request by Bates number or by page number.

    b. No later than **February 7, 2025**, Plaintiff shall supplement and clarify his response to Defendant MECA's Interrogatory No. 17, to include contact information for the individuals listed.

    c. Plaintiff shall also review his prior document productions to identify whether the production of Plaintiff's NFL contract with the New York Jets is complete. If Plaintiff identifies missing pages from the contract, Plaintiff shall provide a complete copy to all Defendants.

7. **Court-Ordered Mediation**. No later than **February 7, 2025**, Plaintiff shall make a demand. No later than **February 14, 2025**, counsel for all Defendants shall inform the Court by letter whether they are prepared to proceed with Court-ordered mediation or whether Defendants require additional discovery to engage in mediation.

8. **Laboratory Testing**. The parties shall meet and confer to identify a lab where the unopened product shall be tested; establish an agreed-upon testing protocol; and agree upon a date for testing.

**THE FAILURE OF A PARTY OR ATTORNEY TO OBEY THIS ORDER MAY RESULT IN IMPOSITION OF SANCTIONS UNDER FED. R. CIV. P. 16(f).**

                                                  s/Elizabeth A. Pascal
                                                  ELIZABETH A. PASCAL
                                                  United States Magistrate Judge

cc:  Hon. Edward S. Kiel, U.S.D.J.