UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON COPELAND<br>　　　　　　　　　　　Plaintiff,<br>　vs.<br>POLIQUIN GROUP, a business entity, form unknown, POLIQUIN PERFORMANCE CENTER 2 LLC, CAROLEEN KANDEL A/K/A CAROLEEN KANEL A/K/A CAROLEEN JONES, an individual, JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC, WE DO PRIVATE LABEL LLC, MICHIGAN ELITE CONDITIONING FOR ATHLETES LLC A/K/A MECA, JOHN DOES 1-30, ABC CORPORATIONS 1-30 and XYZ PARTNERSHIPS 1-30, unidentified individuals, corporations and partnerships (fictitious designations);<br>　　　　　　　　　　　Defendant(s). | Civ. No. : 1:19-cv-20278-ESK-EAP<br><br>CERTIFICATION OF COUNSEL IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |

**CERTIFICATION OF COUNSEL IN SUPPORT OF
MOTION FOR DEFAULT JUDGMENT**

I, Emily K. Declercq hereby certify under penalty of perjury:

1. I am counsel for Plaintiff Brandon Copeland in this matter. I submit this certification in support of Plaintiff's motion for default judgment against Defendant JAD Nutrition L.L.C. d/b/a Xtreme Formulations.

2. Plaintiff has executed a sworn Certification of Damages, attached as Exhibit A.

3. Plaintiff's damages certification is consistent with his verified interrogatory responses and documentary production in discovery. These materials include NFL payroll records,

1

endorsement agreements, receipts for out-of-pocket expenses, and attorney invoices relating to his NFL arbitration.

4. Additional documents link JAD Nutrition directly to Yang R-ALA, including sworn deposition testimony, business records including invoices and emails confirming JAD's manufacture and labeling of Lot No. C12111810, as well as laboratory testing reports (SMRTL and AEGIS) confirming that Yang R-ALA contained Ostarine. The exhibits submitted are listed as follows:

> **EXHIBIT A** - Certification of Brandon Copeland (October 6, 2025), sworn certification detailing damages totaling $1,797,902.85
>
> **EXHIBIT B** - Laboratory Testing Reports Confirming Ostarine Contamination
>
> - B-1: AEGIS Laboratory Report dated June 14, 2019 (Copeland's sample - POSITIVE)
> - B-2: AEGIS Laboratory Report dated August 6, 2019 (NFLPA independent test - POSITIVE)
> - B-3: BSCG Laboratory Report dated August 28, 2019 (Defendant's test - POSITIVE)
>
> **EXHIBIT C** - Discovery Responses of Caroleen Kandel
>
> - C-1: Interrogatory Responses identifying JAD as manufacturer (December 12, 2021)
> - C-2: Deposition Testimony confirming JAD's manufacturing and labeling role (April 29, 2024)
>
> **EXHIBIT D** - Business Records
>
> - Invoice dated April 4, 2019 for Yang R-ALA Lot #C04081910
> - Email confirming manufacture date of 12/13/2018
> - Related email correspondence establishing JAD's control over manufacturing

5. These exhibits are true and correct copies of documents produced in discovery or obtained through testing. The deposition excerpts are taken from certified transcripts. Out of an abundance of caution and to comply with confidentiality provisions in settlement

2

agreements, certain limited redactions appear in black within the exhibits. These redactions do not affect the substantive evidence establishing JAD's liability or the calculation of Plaintiff's damages. Highlighting in orange has been added by counsel to direct the Court's attention to key passages.

6. Plaintiff's total compensatory damages are $1,797,902.85. Pursuant to N.J.S.A. 56:8-19, these damages are subject to mandatory trebling, resulting in $5,393,708.55. Plaintiff further seeks attorneys' fees, costs, and interest as permitted by statute.

7. Defendant JAD has never appeared and notice is therefore not required under Fed. R. Civ. P. 55(b)(2). Courtesy notice of this motion will be simultaneously provided to Defendant's last known address.

8. Additionally, notice of this motion will be simultaneously sent to Evanston Insurance Company, a Markel Company, which records indicate may have provided liability coverage to JAD during the relevant period.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 8, 2025

    */s/Emily K. Declercq*

    Emily K. Declercq
    Counsel for Plaintiff