<b><u>VIA ECF ONLY:</u></b><br>
The Honorable Elizabeth A. Pascal<br>
U.S. Magistrate Judge for the District of New Jersey<br>
Mitchell H. Cohen Building & U.S. Courthouse<br>
4th & Cooper Streets<br>
Camden, NJ 08101

<b>Emily K. Declercq, Esq</b><br>
Emily@declercqlawfirm.com<br>
300 Carnegie Center Dr, Suite 150<br>
Princeton, NJ 08540<br>
(609) 873-3148<br>
www.declercqlawfirm.com<br>
*MEMBER NJ, PA & NY BAR

October 27, 2025

Re: Copeland v. Poliquin Performance Center 2, LLC, et. al.
<u>Case #: 1-19-cv-20278-ESK-EAP (District of New Jersey)</u>

Dear Judge Pascal:

While the Court has set the adjournment to December 15, Plaintiff respectfully requests the Court: (1) direct JAD to immediately disclose insurance coverage information first requested October 11; and (2) clarify whether the December 15 adjournment permits only a motion to set aside default under Rule 55(c), along with the applicable briefing schedule. Plaintiff also writes to correct material misrepresentations in JAD's October 24 filing.

Plaintiff's position is that insurance disclosure should not await briefing. If no coverage exists, there is no justification for allowing an absent defendant to benefit from lengthy delays orchestrated by an insurer with no obligation to defend or indemnify. Conversely, if coverage does exist, Plaintiff is entitled to know.

**Correction of False Statements**

Counsel for the defaulted JAD defendant claims that the insurance information request was made "two days ago and via e-mail one day ago." This is demonstrably false.

I personally requested, on six separate occasions over two weeks, this basic information. JAD's counsel now claims she was only asked "two days ago." Determining coverage should require minimal time, either coverage exists or it does not.

The actual chronology with specific requests is as follows:

> **October 11, 2025** - Certified mail (USPS # 9589071052700783707216) delivered to Evanston Insurance on October 14:
>
> *"If you contend no coverage exists, please provide your coverage declination in writing, including all policy dates and exclusions relied upon. Additionally, please identify any insurance policies issued by your company to JAD Nutrition, its successors, affiliates, or principals that were in effect after April 2018, including renewal or replacement coverage."*

*cc: All counsel of record*

    **October 13, 2025** - Phone call to insurer's claims department requesting same information

    **October 14, 2025** - Email follow-up to Claims Department reiterating the October 11 request

    **October 22, 2025** - Phone conference with JAD counsel, then follow-up email to all counsel of record, including JAD's, at 4:45 PM:

    "*Separately, we still need your response to our prior request regarding insurance coverage. Please provide your written coverage declination including all policy dates and exclusions relied upon, and identify any policies issued to JAD Nutrition, its successors, affiliates, or principals in effect after April 2018, including renewal or replacement coverage.*"

**October 23, 2025** - Email to counsel Nudel requesting same information

**October 24, 2025** - Letter to Court noting counsel "*has not yet responded to our request for insurance information*"

**Immediate Need for Insurance Disclosure**

Although still an ongoing concern, JAD apparently ceased operations under its brand name in December 2019, shortly after learning of this dispute, according to discovery in this matter. JAD's principals remained absent despite being served with process 17 months ago. Only the insurer has appeared after a courtesy notice was sent to them, yet the insurer refuses to provide basic coverage information *or any other information concerning its insured* as first requested October 11.

Plaintiff respectfully requests that this Court direct JAD's counsel to immediately identify any insurance policies issued by the insurer to JAD Nutrition, its successors, affiliates, or principals that were in effect after April 2018, including renewal or replacement coverage; or if they contend no coverage exists, the insurer must provide coverage declination in writing, including all policy dates and exclusions relied upon.

**Request for Clarification of the Scheduling Order**

Finally, Plaintiff respectfully requests the Court clarify the scope and scheduling of the December 15, 2025 adjournment:

1. Whether this adjournment is granted solely for JAD to file a motion to set aside the default under Rule 55(c), as Plaintiff understood from the conference;
2. The briefing schedule for any motions, including when JAD's motion papers are due, when opposition would be due, and when any replies are due, pursuant to Local Rule 7.1(d) or as the Court otherwise directs;

*cc: All counsel of record*

3. Confirmation that if JAD does not properly move to set aside the default, Plaintiff's motion for default judgment should proceed unopposed, as a defaulted defendant cannot participate in proceedings without first obtaining relief from the default.

This clarification is necessary because JAD's correspondence repeatedly references filing 'opposition papers to plaintiff's motion' rather than a motion to set aside, suggesting JAD may attempt to bypass Rule 55's requirements. The Court's order resetting deadlines does not specify the nature or schedule of permitted filings, and Plaintiff requires clarity to properly prepare its response.

Respectfully submitted,

**DECLERCQ LAW FIRM PLLC**
**BLACKMON & BLACKMON PLLC**

By: */s/ Emily K. Declercq*
Emily K. Declercq
*Attorneys for Plaintiff*

*cc: All counsel of record*