

**HINSHAW & CULBERTSON LLP**
**Attorneys at Law**
111 Wood Avenue South, Suite 210
Iselin, NJ 08830

908-292-0018
www.hinshawlaw.com

Rachel Nudel
rnudel@hinshawlaw.com

October 27, 2025

**VIA ECF**
Elizabeth A. Pascal, USMJ
Edward S. Kiel, USDJ
Mitchell H. Cohen Building & U.S. Courthouse
Camden, New Jersey 08101

    Re:    **Copeland v. Poliquin Performance Center 2, LLC**
              **Civ No.: 1:19-cv-20278-ESK-EAP**

Your Honors:

We represent the Defendant, JAD Nutrition d/b/a Xtreme Formulations ("JAD") in this matter.

This letter is submitted in response to plaintiff's counsel's October 27, 2025 correspondence to the Court.

As a preliminary matter, plaintiff's counsel's reference to a "false statement" and "material misrepresentation" in the undersigned's filing is not accurate and is without merit. In my request for an adjournment of plaintiff's motion for a Default Judgment against JAD, I noted that plaintiff's request for insurance information had just been recently made. This was in reference to the request made to the undersigned as counsel for JAD upon the filing of a Notice of Appearance in this matter on October 22, 2025. There is nothing false or inaccurate about the statement and I have made no representations regarding anything prior to my October 22, 2025 appearance in this matter.

Similarly, plaintiff's allegation of "orchestrated delays" is also without merit, as their request for insurance information puts the proverbial "cart before the horse." Plaintiff's counsel notes that a "defaulted defendant cannot participate in proceedings without first obtaining relief from the default," yet, in the same vein is requesting that the court direct JAD to respond to a request for documentation, in lieu of ordinary disclosure under the Federal Rules of Civil Procedure. Without addressing the relevance and timeliness of this request, it is respectfully submitted that as a preliminary matter, defendant JAD should have the opportunity to oppose plaintiff's motion for a default judgment and/or move to vacate the default against them.

The sole issue before the court, which has already been adjudicated in the affirmative is whether the plaintiff's motion for a Default Judgment should be adjourned to December 15, 2025. The undersigned assumes that absent any contrary directive from the Court that the briefing schedule for any motion practice would proceed pursuant to Pursuant to L. Civ. R. 78.1(a).

Therefore, it is therefore respectfully requested that Plaintiff's request for a directive that JAD's counsel "immediately" identify and/or produce any documentation should be denied and any requests and/or responses should be made through regular disclosure pursuant to the Federal Rules of Civil Procedure.

                                                                           Respectfully Submitted,

                                                                           **HINSHAW & CULBERTSON LLP**

                                                                           Rachel Nudel (RN 8552)

cc: All Counsel of Record via ECF