**VIA ECF ONLY:**

The Honorable Elizabeth A. Pascal
U.S. Magistrate Judge for the District of New
Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Emily K. Declercq, Esq**

Emily@declercqlawfirm.com
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
(609) 873-3148
www.declercqlawfirm.com
*MEMBER NJ, PA & NY BAR

November 14, 2025

Re: Copeland v. Poliquin Performance Center 2, LLC, et. al.
<u>Case #: 1-19-cv-20278-ESK-EAP (District of New Jersey)</u>

Dear Judge Pascal,

Plaintiff writes regarding the Court's October 31, 2025 Text Order directing Defendant JAD Nutrition, LLC to produce by November 10, 2025 copies of the Markel insurance policies for the 2018 and 2019 periods, including any renewal or replacement coverage.

During the October 31 conference, the Court inquired whether the carrier had taken a coverage position, and defense counsel stated that she was scheduled to meet with the carrier the following Monday. The Court stated that the purpose of the conference included addressing the coverage position and that this information was expected to be available for the call. Based on that discussion, it was Plaintiff's understanding that the Court directed Defendant to produce the carrier's coverage position. The subsequent Text Order did not address that portion of the directive, although it was discussed on the record.

On November 10, defense counsel produced only a certified copy of the previously produced 2017 Evanston/Markel policy, reflecting cancellation effective November 30, 2017. No renewal, replacement, extended-reporting endorsements, or later policies were provided.

Plaintiff responded on November 11 requesting confirmation and the carrier's written coverage position (Specifically, "including but not limited to whether coverage is being provided, denied, or defended under a reservation of rights"). On November 13, defense counsel responded by stating:

> *The Court did not direct for the production of any documentation regarding the carrier's coverage position."*

> *"While we are defense counsel for JAD in this matter, not coverage counsel, as you know, the carrier only recently learned about this action and is still investigating their coverage position.*"

Yet, in the same response, defense counsel also stated:

*cc: All counsel of record*

"*As previously discussed between counsel and in court, defense counsel was retained by the carrier.*"

Given these conflicting representations, including counsel's assertion that they are both *not* coverage counsel yet retained by the carrier, and their position that no coverage information need be produced, Plaintiff respectfully requests that the Court:

1. Clarify that the Court's October 31 directive included production of the carrier's coverage position, as discussed during the conference; and
2. Set a date certain by which the carrier must provide that coverage position or, at minimum, a written statement indicating when that position will be finalized.

Because JAD Nutrition remains in default, and because defense counsel appears to be acting solely at the insurer's direction, the absence of any stated basis for defense or indemnity raises a threshold question as to counsel's authority under New Jersey law to appear for a defaulted LLC. At the same time, the carrier's silence has delayed Plaintiff's efforts to advance the case. A date certain for the carrier's coverage position is therefore necessary to avoid further prejudice and permit the litigation to proceed.

Plaintiff appreciates the Court's attention to this issue.

Respectfully submitted,

**DECLERCQ LAW FIRM PLLC**

**BLACKMON & BLACKMON PLLC**

By: */s/ Emily K. Declercq*
Emily K. Declercq
*Attorneys for Plaintiff*

*cc: All counsel of record*