

**HINSHAW & CULBERTSON LLP**
**Attorneys at Law**
111 Wood Avenue South, Suite 210
Iselin, NJ 08830

908-292-0018
**www.hinshawlaw.com**

Rachel Nudel
rnudel@hinshawlaw.com

November 18, 2025

**VIA ECF**
Elizabeth A. Pascal, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
Camden, New Jersey 08101

>       Re:    **Copeland v. Poliquin Performance Center 2, LLC**
>              **Civ No.: 1:19-cv-20278-ESK-EAP**

Your Honor:

As the Court is aware, we represent the Defendant, JAD Nutrition d/b/a Xtreme Formulations ("JAD") in this matter. Please accept this correspondence in response to the Court's November 14, 2025 Order. As explained further below, the undersigned has provided to Plaintiff a copy of the only responsive policy issued to JAD by the carrier that assigned our office to represent JAD.

***First***, **Your Honor's November 14, 2025 Order states:**

**(1) Defendant JAD shall explain which specific insurance policies Defendant JAD provided to plaintiff.**

On behalf of JAD, we produced to Plaintiff a certified copy of the Evanston Insurance Company ("EIC") policy issued to named insured, JAD, Policy No. SP878586 ("2017 EIC Policy"). The Declarations Page of that policy has a policy period of April 10, 2017 to April 10, 2018. However, it was amended by way of a cancellation endorsement with an effective cancellation date of November 30, 2017. We confirmed no subsequent policies were issued by EIC to JAD.

By way of background, on October 31, 2025, the Court entered the following Text Order:

> *"Having held a telephone status conference with the parties; and for good cause shown, it is ORDERED that no later than November 10, 2025, counsel for Defendant JAD Nutrition, LLC shall produce to Plaintiff's counsel a copy of the Markel Insurance policy issued to JAD Nutrition for the policy periods of 2018 and 2019, including any renewal or replacement coverage. So Ordered by Magistrate Judge Elizabeth A. Pascal on 10/31/2025. (bda)"*

In response, on November 10, 2025, the undersigned provided to plaintiff's counsel the 2017 EIC Policy. We understand that JAD is no longer in operation. To date, together with EIC, we have

investigated the whereabouts of JAD and have been unable to obtain contact with any representative of JAD.

As such, while we were unable to confirm with JAD whether any potentially applicable insurance was issued to JAD and in effect in 2018, 2019 or thereafter, we did seek confirmation from EIC.

On November 11, 2025, plaintiff's counsel sent the undersigned an e-mail with several additional requests, including for any subsequent and/or additional policies, for JAD's additional insured status and for the insurer's coverage position.

On November 13, 2025, the undersigned responded to plaintiff's counsel's e-mail reiterating that EIC did not have any additional policies issued by them to JAD. ***Neither our office, nor EIC, have any additional policies to produce responsive to the Court's October 31, 2025 Text Order.***

The undersigned further advised plaintiff's counsel that at that time, we were unaware of any coverage position taken by EIC.

EIC confirmed that they did not issue any policy to JAD that was in effect in 2018, 2019 or thereafter. More specifically, after the cancellation of the 2017 EIC Policy on 11/30/2017, EIC confirmed that they did not issue any subsequent policies to JAD.

On November 14, 2024, EIC informed the undersigned that they requested information from the insurance broker involved in the procurement of the 2017 EIC Policy, Risk Placement Services ("RPS"). On that same day, EIC provided us with a copy of its November 4, 2025 email exchange with RPS. RPS advises that they are unaware of, and were not involved in, any subsequent insurance (post the cancellation of the 2017 EIC Policy) procured for JAD. A copy of the e- mail from RPS is annexed hereto as **Exhibit A**.

As Your Honor may know, this lawsuit was first noticed to EIC by plaintiff's counsel recently in connection with plaintiff's motion for a default judgment against JAD. EIC assigned the undersigned as ***defense counsel*** to represent JAD as EIC simultaneously investigated the lawsuit and attempted to locate their insured, defendant JAD, which we understand is no longer in operation. As defense counsel, the undersigned is not involved in that coverage investigation.

***Second***, **Your Honor's November 14, 2025 Order states:**

**(2) if Defendant JAD did not produce any policies from the relevant time period in 2018 and 2019, Defendant JAD shall file a letter explaining why not.**

As set forth above, the undersigned produced the 2017 EIC Policy to plaintiff, which was. the only policy issued to JAD by EIC during the relevant period at issue in the Courts October 31, 2025 Text Order. Counsel is not in possession of any additional policies for JAD. **See Exhibit** A, which further supports that no other insurance is known post the cancellation of the 2017 EIC Policy.

***Third***, **Your Honor's November 14, 2025 Order states:**

**(3) Defendant JAD shall advise the Court if counsel is now aware of the insurer's coverage position in this matter.**

The undersigned was informed in the late afternoon of November 14, 2025 by EIC that they would be issuing a denial of coverage to JAD and would be providing the basis of that denial to Plaintiff's counsel. As of the time of the filing of this letter, the undersigned has not received copies of any correspondence regarding this. It is our understanding that EIC will advise JAD and Plaintiff of their coverage position within the week.

*Fourth*, **Your Honor's November 14, 2025 Order states:**

**(4) if no coverage position has yet been determined, defendant JAD shall advise the Court how long counsel requires to ascertain the coverage position and report it to the Court.**

Please see response to directive #3 above. We will provide an update to the court once the letters are issued by EIC.

Please do not hesitate to contact the undersigned with any questions that you may have.

Respectfully Submitted,

**HINSHAW & CULBERTSON LLP**

Rachel Nudel (RN 8552)

cc: All Counsel of Record via ECF