

**HINSHAW & CULBERTSON LLP**
**Attorneys at Law**
111 Wood Avenue South, Suite 210
Iselin, NJ 08830

908-292-0018
www.hinshawlaw.com

Rachel Nudel
rnudel@hinshawlaw.com

November 20, 2025

**VIA ECF**
Elizabeth A. Pascal, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
Camden, New Jersey 08101

   Re: **Copeland v. Poliquin Performance Center 2, LLC**
      Civ No.: 1:19-cv-20278-ESK-EAP

Your Honor:

We represent the Defendant, JAD Nutrition d/b/a Xtreme Formulations ("JAD") in this matter.

This letter is submitted in response to plaintiff's counsel's November 19, 2025, correspondence to the Court regarding the undersigned's response to the Court's November 14, 2025 Order, which requested clarification of the undersigned's response to the Court's October 31, 2025 Order.

At the outset, plaintiff's counsel's assertion that the response is "incomplete" is entirely without merit and improperly continues to seek information and documentation beyond the realm of what exists and is available to Evanston Insurance Company ("EIC" or "insurer") and counsel. Not only have we produced the sole policy that was issued by the insurer to JAD for the applicable time-period but have also provided a detailed explanation by letter dated November 18, 2025 together with an exhibit (Dkt. 218), which provides context and additional information in support of the response.

As set forth in the November 18, 2025 letter to the Court, EIC confirmed that (1) they did not issue any policy to JAD that was in effect in 2018, 2019 or thereafter. More specifically, after the cancellation of the 2017 EIC Policy on 11/30/2017, EIC confirmed that they did not issue any subsequent policies to JAD. (See Dkt. 218.)

As further stated in the November 18, 2025 letter to the Court, we have produced the only policy that was issued by EIC to JAD during the relevant period at issue in the Court's October 31, 2025 Order and are not in possession of any additional policies for JAD. In support of this, we annexed an email chain between the insurance broker Risk Placement Services ("RPS") and the insurer, which confirmed that there were no other policies for JAD and that no subsequent policies were purchased through that broker for JAD following the 2017 policy that has already been produced. The e-mail chain further confirms that JAD did not purchase Extended Reporting Coverage ("ERP.") Id.

With respect to plaintiff's request for the production of the underwriting file, while this was not ordered to be produced by the court and it is also not relevant here as it has already been confirmed by EIC that (1) they did not issue any policy to JAD that was in effect in 2018, 2019 or thereafter. More specifically, after the cancellation of the 2017 EIC Policy on 11/30/2017, EIC confirmed that they did not issue any subsequent policies to JAD. (See Dkt. 218.)

The undersigned again reiterates that to date, we have not been able to obtain contact with anyone from JAD and have therefore been unable to confirm whether JAD has any potentially applicable policies for the 2018-2019 time period. However, as previously stated, neither EIC nor our office have any additional policies to produce responsive to the Court's October 31, 2025 Text Order.

With respect to non-party Agropur, EIC has confirmed that Agropur was not an EIC insured and EIC is therefore not in possession of any materials or information for this non-party entity.

Finally, with respect to the insurer's coverage position, the undersigned who is defense, not coverage counsel has already stated that in the November 18, 2025 letter that:

> (1) the undersigned was advised by that EIC would be issuing a denial of coverage to JAD.
>
> The undersigned did not say in the letter that this was "likely" as noted by Plaintiff's counsel.
>
> (2) The undersigned also indicated that it was our understanding that EIC would be advising JAD and plaintiff of the coverage position within the week.
>
> (3) Furthermore, as noted in the same letter, we have indicated that we would provide an update to the Court once the letters are issued by EIC.
>
> As of the filing of this letter, the undersigned has not been advised that any letters have been issued.

Based on the above, together with the November 18, 2025 letter and accompanying exhibit, it is respectfully submitted that counsel for JAD has fully complied with all Court Orders and has in good faith provided all available responsive information and documentation.

Respectfully Submitted,

**HINSHAW & CULBERTSON LLP**

Rachel Nudel (RN 8552)

cc: All Counsel of Record via ECF