**VIA ECF ONLY:**
The Honorable Elizabeth A. Pascal
U.S. Magistrate Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Emily K. Declercq, Esq**
Emily@declercqlawfirm.com
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
(609) 873-3148
www.declercqlawfirm.com
*MEMBER NJ, PA & NY BAR

November 20, 2025

Re: Copeland v. Poliquin Performance Center 2, LLC, et. al.
Case No.: 1-19-cv-20278-ESK-EAP (District of New Jersey)

Dear Judge Pascal,

Plaintiff submits this brief reply to Defendant JAD Nutrition's November 20, 2025 letter. The submission confirms that Evanston/Markel has produced only the previously-submitted 2017 policy, but it does *not* address several categories of insurance information Plaintiff has consistently requested and that fall within the scope of the Court's directive.

First, defense counsel's response limits itself to whether EIC personally issued any JAD-specific policies after 2017. Plaintiff's requests have always included excess or umbrella coverage, Additional Insured coverage, affiliated-carrier or successor policies, and manufacturer-level insurance, *not merely whether EIC itself wrote a policy*. Counsel's statement that "Agropur is not an EIC insured" does not answer whether JAD was an Additional Insured on Agropur's policy or whether manufacturer-level coverage exists. Those issues arise directly from the insurer's own renewal materials.

Second, defense counsel asserts that the underwriting file is "not relevant." However, their own exhibits rely on internal underwriting information, demonstrating that such materials exist and are being consulted. The underwriting file is necessary to determine what inquiries were made about renewals, successor coverage, and the manufacturer identified in the renewal application.

Third, counsel did not provide the date certain requested by the Court for the insurer's coverage position. Counsel indicates that a denial "would be issued" but gives no firm date and does not confirm that this will be provided by November 21, 2025 despite representing earlier that it was expected "within the week." Plaintiff respectfully requests that the Court require the carrier to produce its written coverage position by a date certain.

For these reasons, Plaintiff requests that the Court direct full compliance with the insurance-production directive, including: (1) the complete underwriting file; (2) any excess or umbrella coverage; (3) any Additional Insured coverage; (4) any affiliated-carrier or successor policies; and (5) any manufacturer-level insurance applicable to JAD. Plaintiff also requests that the Court set a firm deadline for the insurer's written coverage position.

*cc: All counsel of record*

Respectfully submitted,

**DECLERCQ LAW FIRM PLLC**
**BLACKMON & BLACKMON PLLC**

<u>By: /s/ Emily K. Declercq</u>
Emily K. Declercq
*Attorneys for Plaintiff*

*cc: All counsel of record*