## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON COPELAND,<br><br>              Plaintiff(s),<br><br>        v.<br><br>POLIQUIN GROUP, a business entity, form unknown, POLIQUIN PERFORMANCE CENTER 2 LLC, CAROLEEN KANDEL A/K/A CAROLEEN KANEL A/K/A CAROLEEN JONES, an individual, JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC, WE DO PRIVATE LABEL LLC, MICHIGAN ELITE CONDITIONING FOR ATHLETES LLC A/K/A MECA, JOHN DOES 1-30, ABC CORPORATIONS 1-30 and XYZ PARTNERSHIPS 1-30, unidentified individuals, corporations and partnerships (fictitious designations),<br><br>              Defendants. | Civil No. 1:19-cv-20278-ESK-EAP |

---

## BRIEF IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT ON BEHALF OF DEFENDANT JAD NUTRITION, LLC

---



111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel: 908-374-0336
rnudel@hinshawlaw.com

# **TABLE OF CONTENTS**

Table of Authorities..................................................................................... ii

INTRODUCTION ........................................................................................1

STATEMENT OF FACTS ............................................................................1

LEGAL STANDARD ...................................................................................3

ARGUMENT ...............................................................................................5

    I.    Good cause exists to set aside the Entry of Default against JAD Nutrition. 5

        A.    Plaintiff will not be prejudiced if the Entry of Default is set aside. ..... 5

        B.    JAD Nutrition can present meritorious defenses. ................................ 7

        C.    The alleged Default was not the result of culpable conduct...............15

        D.    The alleged judgment seeks over $5,000,000. ....................................18

    II.    The Entry of Clerk's Default was in Error. ...................................................18

CONCLUSION .........................................................................................21

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Auto. Rentals Inc. v. Bama Commer. Leasing LLC*,
No. 1:17-cv-3877, 2018 U.S. Dist. LEXIS 39554 (D.N.J. Mar. 9, 2018)..........25

*Bonilla v. Boardwalk 1000*,
LLC, No. 22-01314, 2022 U.S. Dist. LEXIS 228476 (D.N.J. Dec. 20, 2022) ........................................................................................................21

*Budget Blinds, Inc. v. White*,
536 F.3d 244 (3d Cir. 2008) ...............................................................................8

*Burt v. Royce*,
Civil Action No. 24-10181, 2025 U.S. Dist. LEXIS 172730 (D.N.J. Sep. 4, 2025) .......................................................................................................18

*Chamblin Grp. Real Est. Ventures LLC v. Pina*,
No. 23-22655, 2025 U.S. Dist. LEXIS 73139 (D.N.J. Apr. 16, 2025) .............18

*Chavez v. Dole Food Co.*,
836 F.3d 205 (3d Cir. 2016) .............................................................................15

*Corigliano v. Classic Motor, Inc.*,
611 F. App'x 77 (3d Cir. 2015) ........................................................................14

*Doe v. Wyndham Hotels & Resorts, Inc*.,
No. 24-11511, 2025 U.S. Dist. LEXIS 189494 (D.N.J. Sep. 23, 2025)...............9

*Elite Neurophysiology LLC v. Blue Cross Blue Shield*,
No. 25-1735, 2025 U.S. Dist. LEXIS 159400 (D.N.J. Aug. 18, 2025).............15

*Emerson Radio Corp. v. Emerson Quiet Kool Co.*,
No. 22-1809, 2023 U.S. App. LEXIS 17434 (3d Cir. July 11, 2023) ................8

*Feliciano v. Reliant Tooling Co. Ltd.*,
691 F.2d 653 (3d Cir. 1982) ...............................................................................9

*Fid. Warranty Servs. v. Edison Motor Cars, Inc.*,
No. 16-5728, 2022 U.S. Dist. LEXIS 21745 (D.N.J. Feb. 7, 2022)..................12

*Gant v. Advanced Elec., Inc.*,
  No. 16-1954, 2017 U.S. Dist. LEXIS 135590 (D.N.J. Aug. 23, 2017)..............21

*GCN IV, LLC v. Salerno*,
  Civil Action No. 20-5811, 2020 U.S. Dist. LEXIS 197457 (D.N.J.
  Oct. 23, 2020) ........................................................................................9, 20

*Hasson v. FullStory, Inc.*,
  114 F.4th 181 (3d Cir. 2024) .......................................................................15, 16

*Hritz v. Woma Corp.*,
  732 F.2d 1178 (3d Cir. 1984) .........................................................................9, 20

*JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP*,
  No. 2:21-cv-19943, 2023 U.S. Dist. LEXIS 122893 (D.N.J. July
  17, 2023) ...........................................................................................................17

*Livingston Powdered Metal, Inc. v. NLRB*,
  669 F.2d 133 (3d Cir. 1982) ...........................................................................9, 23

*McKinney v. Fitzgerald*,
  No. 18-12987, 2022 U.S. Dist. LEXIS 4278 (D.N.J. Jan. 10, 2022) ................24

*In re Metformin Mktg. & Sales Prac. Litig.*,
  No. 20-2324, 2023 U.S. Dist. LEXIS 244806 (D.N.J. Jan. 31, 2023) .........16, 17

*Miles v. City of Newark*,
  No. 15-1032, 2016 U.S. Dist. LEXIS 125324 (D.N.J. Sep. 14, 2016)..............14

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004) ...............................................................................14

*N.J. Chinese Cmty. Ctr. v. McAleer*,
  No. 21-08320, 2022 U.S. Dist. LEXIS 145256 (D.N.J. Aug. 15, 2022)......10, 11

*Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951) ...............9

*Thurston L. Offices LLC v. Rue*,
  No. 24-11533, 2025 U.S. Dist. LEXIS 175416 (D.N.J. Sep. 9, 2025).........12, 20

*United States v. $55,518.05 in U.S. Currency*,
  728 F.2d 192 (3d Cir. 1984) ...........................................................................8, 23

*W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*,
    712 F.3d 165 (3d Cir. 2013) ...................................................................24

**Other Authorities**

Federal Rules of Civil Procedure Rule 4(m) ...........................................6, 12, 13, 24

Federal Rules of Civil Procedure Rule 8 ...............................................................18

Federal Rules of Civil Procedure Rule 9(b)...........................................................19

Federal Rules of Civil Procedure Rule 55 ............................................................1, 8

Federal Rule of Civil Procedure Rule 12(b)(5) .................................................12, 14

Federal Rule of Civil Procedure Rule 12(b)(6) ...........................................14, 17, 19

Defendant JAD Nutrition, LLC (hereinafter "JAD") respectfully requests this Court to set aside the November 24, 2024 Entry of Default, pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## INTRODUCTION

An entry of default, as well as default judgments, are disfavored in this Circuit, which prefers cases be resolved on the merits. This Court should exercise its discretion and vacate the Clerk's Entry of Default against JAD Nutrition, LLC for good cause because (1) vacating the default would not prejudice the Plaintiff, (2) JAD has several meritorious defenses, including improper service, lack of personal jurisdiction, and failure to state a claim; and (3) there is no evidence that JAD acted in a willful or reckless manner. The good cause standard is a lenient one and any doubts should be resolved in favor of the party seeking to set aside the default. Moreover, the original Entry of Default was issued in error for two reasons: (1) JAD had not been properly served pursuant to Rule 4(m) of the Federal Rules and (2) Plaintiff moved for an entry of default pursuant to a nullified Complaint.

## STATEMENT OF FACTS

On October 11, 2019, Plaintiff Brandon Copeland (hereinafter "Copeland" or "Plaintiff") filed his Complaint against Poliquin Group and Poliquin Performance Center 2, LLC in New Jersey state court. Dkt. 1-1. JAD was not named as a defendant. *See* Dkt. 1-1. Poliquin removed the case to this Court. Dkt 1. On April

21, 2021, Plaintiff filed his First Amended Complaint, adding Caroleen Jones as a defendant. Dkt. 34. JAD Nutrition was still not named as a defendant. On April 13, 2022, Plaintiff filed his Second Amended Complaint, adding JAD Nutrition as a defendant. Dkt. 59. Plaintiff did not serve JAD Nutrition with the Second Amended Complaint. On September 1, 2022, Plaintiff filed his Third Amended Complaint. Dkt. 83. Six months later, Plaintiff first requested that summons for the Third Amended Complaint be issued for JAD. Dkt. 95. Plaintiff claims he served JAD with the Third Amended Complaint through service on the Minnesota Secretary of State on May 18, 2023. Dkt. 99. This service occurred nine and half months after Plaintiff filed his Third Amended Complaint. Plaintiff attached a Service of Process Acknowledgement from the Minnesota Secretary State, which does not definitively establish that JAD received a copy of the Summons and Third Amended Complaint. *See* Dkt. 99. On June 12, 2024, Plaintiff filed his Fourth Amended Complaint, which replaced and nullified his prior Complaints. *See* Dkt. 130.

On November 27, 2024, Plaintiff moved for a Clerk's Entry of Default against JAD based on the failure to respond to the Third Amended Complaint. Dkt. 153. Plaintiff claimed he served JAD Nutrition with the Third Amended Complaint, which he described as the "operative complaint," and that JAD Nutrition failed to respond. Dkt. 153. The Clerk's Office entered the Entry of Default on November 27, 2024. *See* Text Order Entry dated 11/27/24.

On October 8, 2025, Plaintiff filed a motion for default judgment against JAD Nutrition. This motion was originally set for November 3, 2025. On October 22, 2025, the undersigned filed a Notice of Appearance on behalf of JAD. Dkt. 205. On October 23, 2025, the undersigned filed an application requesting the adjournment of Plaintiff's motion for a default judgment against JAD. Dkt. 206. The court granted the application and Plaintiff's motion for default judgment against JAD was adjourned to December 15, 2025. Dkt. 210.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure governs the entry of default and default judgments. The U.S. Court of Appeals for the Third Circuit disfavors the entry of default and default judgments because it prevents a plaintiff's claims from being decided on the merits. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *see also Emerson Radio Corp. v. Emerson Quiet Kool Co.*, No. 22-1809, 2023 U.S. App. LEXIS 17434, at *7 (3d Cir. July 11, 2023) (recently quoting and reaffirming this precedent). The Third Circuit requires that "doubtful cases [should] be resolved in favor of the party moving to set aside the default." *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a "court may set aside an entry of default for good cause." In exercising its discretion, the district court considers three factors: "(1) whether the plaintiff will be prejudiced; (2)

whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (citation omitted). While the same factors are analyzed in the context of default and default judgments, a more lenient standard applies when considering setting aside an entry of default. *See Feliciano v. Reliant Tooling Co. Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982); *see also GCN IV, LLC v. Salerno*, Civil Action No. 20-5811, 2020 U.S. Dist. LEXIS 197457, at *7-8 (D.N.J. Oct. 23, 2020) ("Though motions to vacate entry of default and motions to vacate entry of default judgment consider the same factors, the former are held to a more lenient standard."). As this District has recently explained, "a standard of liberality, rather than strictness should be applied in acting on a motion to set aside a default." *Doe v. Wyndham Hotels & Resorts, Inc*., No. 24-11511, 2025 U.S. Dist. LEXIS 189494, at *2 (D.N.J. Sep. 23, 2025) (internal quotation marks and citation omitted).

In addition, the Third Circuit has "cautioned that matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided." *Livingston Powdered Metal, Inc. v. NLRB*, 669 F.2d 133, 136-137 (3d Cir. 1982) (quoting *Tozer v. Charles A. Krause Mill. Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (internal quotation marks omitted)).

Finally, while the decision to set aside an entry of default is left to the discretion of the district court, "[t]his discretion is not without limit, however, and

we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984).

## ARGUMENT

This Court should set aside the Entry of Default because Defendant JAD has met the good cause standard, which is liberally interpreted. Moreover, the Default should never have been entered because of several deficiencies in the Motion for Clerk's Entry of Default.

## I.    Good cause exists to set aside the Entry of Default against JAD Nutrition.

JAD Nutrition meets the good cause standard required to set aside the Entry of Default. Vacating the Entry of Default will not impair Plaintiff's ability to pursue his claims against JAD, JAD has raised meritorious defenses to bar recovery, and there is no evidence that JAD Nutrition engaged in culpable behavior. Moreover, the proposed judgment exceeds $5,000,000. These factors, paired with the Third Circuit's disfavor of defaults, warrant this Court setting aside the Entry of Default against JAD.

### A.    Plaintiff will not be prejudiced if the Entry of Default is set aside.

Plaintiff cannot show that he would be prejudiced by the Court's setting aside the Entry of Default. Prejudice "arises where the setting aside of the entry of default results in the loss of relevant evidence or some other occurrence that tends to impair the plaintiff's ability to pursue its claims." *N.J. Chinese Cmty. Ctr. v. McAleer*, No.

21-08320, 2022 U.S. Dist. LEXIS 145256, at *13 (D.N.J. Aug. 15, 2022) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). As another court in this District explained, "delay in satisfying a claim, alone, rarely establishes sufficient prejudice." *N.J. Chinese Cmty. Ctr.*, 2022 U.S. Dist. LEXIS 145256, at *13 (citing *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir. 1982)).

Plaintiff may claim, as he did in his pending motion for default judgment, that JAD Nutrition's "refusal to participate frustrates" his recovery because other Defendants have declared bankruptcy or become insolvent. Dkt. 202-1, p. 8. This statement does not demonstrate nor support a finding of any prejudice that plaintiff may suffer if the Court were to set aside the Entry of Default. On the contrary, the vacatur of the default against JAD would not, in and of itself, preclude recovery. As the court has held, delay in and of itself does not constitute prejudice sufficient to prevent the vacatur of the Entry of Default.[1] *See N.J. Chinese Cmty. Ctr.*, 2022 U.S. Dist. LEXIS 145256, at *13.

Because there is no evidence that setting aside the entry of default would "impair the plaintiff's ability to pursue" his claims, this factor favors granting this Motion and setting aside the Default.

---

[1] There is also no difference in JAD Nutrition's status as a recognized business entity now as it was in November 2024 when the Clerk entered the Entry of Default. JAD Nutrition has been administratively terminated as of February 2024. *See* Nudel Declaration at Ex. A.

6

B.    <u>JAD Nutrition can present meritorious defenses.</u>

Because JAD Nutrition can present facially meritorious defenses, this Court should set aside the Entry of Default.[2]  JAD asserts that service of the Third Amended Complaint was improper, that Plaintiff has not proved personal jurisdiction over JAD Nutrition, and that the Fourth Amended Complaint fails to state a claim against JAD Nutrition. At this stage, the Court does not need to assess the strength of these defenses, but only confirm that they are not "facially unmeritorious." *Thurston L. Offices LLC v. Rue*, No. 24-11533, 2025 U.S. Dist. LEXIS 175416, at *4 (D.N.J. Sep. 9, 2025); *see also Fid. Warranty Servs. v. Edison Motor Cars, Inc.*, No. 16-5728, 2022 U.S. Dist. LEXIS 21745, at *4 (D.N.J. Feb. 7, 2022) (concluding same).

*Rule 12(b)(5) Defense - Improper Service under Rule 4(m)*

First, Plaintiff's service of JAD Nutrition was insufficient under Rule 4(m) of the Federal Rules of Civil Procedure, which provides that if "a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Rule

---

[2] JAD Nutrition raises several meritorious defenses in this Motion and does not waive any other potential defenses that JAD Nutrition may raise in an answer or other responsive pleading.

7

continues that if a plaintiff shows good cause, the Court must extend the time for service. Fed. R. Civ. Pro. 4(m).

On April 13, 2022, Plaintiff filed his Second Amended Complaint, which first added JAD Nutrition as a defendant. Dkt. 59. Plaintiff did not serve JAD. Dkt. 72. On September 1, 2022, Plaintiff filed his Third Amended Complaint but did not request a summons for JAD Nutrition until March 21, 2023, six months later. Dkt. 95. Only nine months after filing the Third Amended Complaint did Plaintiff request a summons directed at the Minnesota Secretary of State. Dkt. 97. Plaintiffs did not move for an extension of the 90-day period to serve the Third Complaint. *See generally* Dkt.

Plaintiff claims he served JAD Nutrition with the Third Amended Complaint through service on the Minnesota Secretary of State on May 18, 2023. Dkt. 99. This occurred nine and half months after Plaintiff filed his Third Amended Complaint. Because Plaintiff did not comply with the 90-day period prescribed by Rule 4(m) and, according to the Docket, appears to not have sought an enlargement of the time to serve the Third Amended Complaint, which should have been dismissed without prejudice against JAD.

Plaintiff will likely argue that good cause existed to excuse this delay due to his prior unsuccessful attempt to serve JAD with the Second Amended Complaint. However, Plaintiff waited six months after filing his Third Amended Complaint to

even request a summons against JAD Nutrition and waited nine months before seeking to serve JAD through the Minnesota Secretary of State. *See* Dkts. 83, 95, 97. Service of a nonresident corporation or entity through that state's Secretary of State is a routine and clear option for effectuating service.

Since Plaintiff did not serve JAD within the 90-day period, service was improper and this Court lacked jurisdiction over JAD. *See Miles v. City of Newark*, No. 15-1032, 2016 U.S. Dist. LEXIS 125324, at *3 (D.N.J. Sep. 14, 2016) (granting Rule 12(b)(5) motion where plaintiff served defendant ten months after filing his complaint and did not demonstrate good cause).

*Rule 12(b)(6) - Lack of Personal Jurisdiction*

JAD Nutrition's second meritorious defense is that Plaintiff has not proved that this Court has personal jurisdiction over JAD Nutrition. *See Corigliano v. Classic Motor, Inc.*, 611 F. App'x 77, 79 (3d Cir. 2015) (explaining that the plaintiff bears the burden of proving personal jurisdiction over defendants). Prior to its administrative termination, JAD Nutrition was an LLC organized under the laws of Minnesota with a primary business address in Minnesota. Dkt. 130, ¶10.

To survive a 12(b)(2) motion, the plaintiff needs to make a prima facie case of personal jurisdiction. *Id.* The plaintiff "is entitled to have [his] allegations taken as true and all factual disputes drawn in [his] favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). But the plaintiff must establish his "jurisdictional

9

facts through sworn affidavits or other competent evidence." *Id.* at 101 n.6 (internal quotation marks and citation omitted).

There are two types of personal jurisdiction: general and specific. General jurisdiction occurs where "the plaintiff's claim arises out of that defendant's 'continuous and systematic' contacts with the forum state." *Chavez v. Dole Food Co.*, 836 F.3d 205, 223 (3d Cir. 2016). As the Third Circuit noted, "it is incredibly difficult to establish general jurisdiction [over a corporation] in a forum other than the place of incorporation or principal place of business." *Id.* (citation omitted).

Here, it is undisputed that JAD Nutrition was organized under the laws of Minnesota and had its principal place of business in Minnesota. *See* Dkt. 130, ¶10. No evidence suggests that JAD Nutrition would have been "at home" in any other forum than Minnesota. *See Elite Neurophysiology LLC v. Blue Cross Blue Shield*, No. 25-1735, 2025 U.S. Dist. LEXIS 159400, at *6 (D.N.J. Aug. 18, 2025).

In contrast, specific jurisdiction occurs where a "plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum." *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (citation omitted). To meet this standard a plaintiff must show that a defendant had sufficient minimum contacts so that the defendant "purposefully avail[ed] itself of the privilege of conducting activities within the forum and invoke[ed] the benefits and protections of [the forum's] laws." *Id.* (internal quotation marks and citation omitted).

10

Here, Plaintiff alleges he acquired Yang R-ALA through his interactions with Defendant Michigan Elite Conditioning Athletes and its owner David Lawrence and employee Richard Jacobs. *See* Dkt. 130, ¶¶22-23. He made no allegations of any contact whatsoever with JAD Nutrition or any allegations that JAD Nutrition had any contacts with New Jersey or, more specifically, had any New Jersey contacts connected to Plaintiff's claims. Plaintiff has made no specific allegations against JAD Nutrition in his Fourth Amended Complaint, let alone allegations that could allow an inference that this Court had jurisdiction over JAD Nutrition. Instead, Plaintiff only alleges that "Defendants" as a group or collective unit do business in New Jersey "through the promotion, distribution, and sale of Yang R-ALA in New Jersey, and maintenance of an interactive website accessible to consumers in and residents of New Jersey." Dkt. 130, ¶4. Plaintiff did not identify any contact JAD specifically had with the State of New Jersey. Moreover, the Third Circuit has held that "a defendant does not expressly target a forum merely by operating a website that is accessible there—even when the plaintiff alleges harm in that forum arising out of his engagement with that website." *Hasson*, 114 F.4th at 190.

A recent opinion from this District is instructive. *See In re Metformin Mktg. & Sales Prac. Litig.*, Civil Action No. 20-2324, 2023 U.S. Dist. LEXIS 244806 (D.N.J. Jan. 31, 2023). The district court concluded that while a foreign defendant played a pivotal role in manufacturing certain pharmaceutical products and in

ensuring that these products comply with federal regulations, plaintiff had not established that these foreign defendants "were specifically involved in the manufacture and/or distribution of the [these products] in New Jersey." *Id.* at *11-12. Because of this lack of connection, the district court concluded that the plaintiffs had not carried their burden in demonstrating personal jurisdiction over the foreign defendants. *Id.* at *12.

The same logic applies here. While Plaintiff alleges that JAD Nutrition was responsible in part for manufacturing and labeling the supplement in question, Plaintiff has not established that JAD Nutrition was "specifically involved in the manufacture and/or distribution of the [these products] in New Jersey." *See id.*

Because Plaintiff will likely be unable to meet his burden in proving either general or specific personal jurisdiction over JAD Nutrition, this defense is also meritorious.

*Rule 12(b)(6) - Failure to State a Claim*

Finally, Plaintiffs' Fourth Amended Complaint, which serves as the operative complaint, fails to state a claim against JAD. The Fourth Amended Complaint contains improper group pleading and fails to put JAD on notice of the specific allegations and claims against it.

"Courts in this district routinely dismiss complaints when the complaints contain improper 'group pleading.'" *JD Glob. Sales, Inc. v. Jem D Int'l Partners,*

12

*LP*, No. 2:21-cv-19943, 2023 U.S. Dist. LEXIS 122893, at *22 (D.N.J. July 17, 2023). "Group pleading" denotes the practice where a complaint "refers to Defendants collectively and without addressing each Defendants' alleged actions individually." *Chamblin Grp. Real Est. Ventures LLC v. Pina*, No. 23-22655, 2025 U.S. Dist. LEXIS 73139, at *7 (D.N.J. Apr. 16, 2025). This practice runs afoul of Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint put Defendants on notice of the claims against each of them. *Burt v. Royce*, Civil Action No. 24-10181, 2025 U.S. Dist. LEXIS 172730, at *4 (D.N.J. Sep. 4, 2025).

The 34-page Fourth Amended Complaint includes only one specific allegation directed at JAD Nutrition, which does not even allege wrongdoing. Paragraph 50 provides that:

> Upon information and belief, WE DO PRIVATE LABEL LLC, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC and JAD NUTRITION doing business as XTREME FORMULATIONS each participated in the supply, manufacture, distribution and/or labeling of the materials, components, packing and/or product ultimately called Yang R-ALA and sold by the Poliquin Defendants. The Poliquin Defendants engaged WE DO PRIVATE LABEL LLC, TOTAL BODY NUTRITION LLC and JAD NUTRITION to assist in part or in whole in the supply, manufacture, distribution and labeling of the materials, components, packing and/or product ultimately called Yang RALA.

Dkt. 130, ¶ 50. While the Fourth Amended Complaint lists JAD Nutrition as a defendant for Counts I, II, III, V, VI, VII, the Complaint contains no specific allegations against JAD Nutrition. Instead, the Complaints repeatedly state that

13

Defendants, as a collective unit, engaged in unconscionable practices, provides either vague allegations directed at the group or specific ones directed at JAD Nutrition's codefendants, and concludes that Defendants, as a group, are liable to Plaintiff. *See, e.g.*, Dkt. 130, pp. 14-15.

This failure to assert specific allegations against JAD Nutrition is especially fraught in the context of Counts I and II, the alleged violations of the New Jersey Consumer Fraud Act, and Count V, Common Law Fraud.

While Plaintiff's non-specific group pleading alone necessitates dismissal against JAD of all claims, Plaintiff fails to plead fraud with particularity against JAD Nutrition as required by Rule 9(b) of the Federal Rules of Civil Procedure. To plead fraud with particularly, a plaintiff must "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged and plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *See Alpizar-Fallas v. Favero*, 908 F.3d 910, 919 (3d Cir. 2018). Here, Plaintiff did not identify any alleged fraud committed by JAD Nutrition specifically, let alone substantiate it. *See generally* Dkt. 130, Counts I, II, and V.

Because Plaintiff's Fourth Amended Complaint violates both Rules 8 and 9(b), Defendant JAD Nutrition has a meritorious defense that Plaintiff's Fourth

Amended Complaint fails to state a claim for relief against JAD Nutrition and should be dismissed pursuant to Rule 12(b)(6).

* * *

JAD Nutrition has raised several meritorious defenses in satisfaction of the standard at this stage, which only requires that the defenses be not "facially unmeritorious." *Thurston L. Offices LLC*, 2025 U.S. Dist. LEXIS 175416, at *4. Significantly, even assuming *arguendo* that that the Court were to disagree as to whether these claims were facially meritorious, it is not the practice of this District to deny a motion to set aside the Entry of Default on that ground. As courts in this District has explained, "In the context of a motion to vacate entry of default, courts in this District have been reluctant to deny vacatur based on the lack of a meritorious defense alone." *GCN IV, LLC v. Salerno*, No. 20-5811, 2020 U.S. Dist. LEXIS 197457, at *7-8 (D.N.J. Oct. 23, 2020) (collecting cases); *see also Thurston L. Offices LLC*, 2025 U.S. Dist. LEXIS 175416, at *4 (same). This factor also weighs in favor of granting this Motion.

C.      The alleged Default was not the result of culpable conduct.

There is no evidence that JAD Nutrition acted in a willful or reckless way, to cause the Entry of Default. As the Third Circuit explained that in the context of defaults, "the standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz v. Woma Corp.*, 732 F.2d 1178,

15

1182 (3d Cir. 1984). Negligence will not suffice: there must be a "knowing disregard," or if combined with other evidence, "[r]eckless disregard for repeated communications from plaintiffs and the court." *Id.* at 1183.

Plaintiff has presented no evidence that JAD Nutrition knew that Plaintiff had sued them or knew of the claims against them. While Plaintiff presented an acknowledgment from the Minnesota Secretary of State that it had received Plaintiff's Request for Service, Plaintiff has not presented evidence that anyone from JAD Nutrition—let alone someone able to accept service on its behalf—received it or knew of it. Dkt. 99. The acknowledgment from the Secretary of State also occurred in May 2023, nine months before the State terminated JAD Nutrition as inactive. Dkt. 99. Significantly, even the Service of Process Acknowledgement from the Secretary of State contains a prominent disclaimer that states

> The Office of the Secretary of the State does not determine or attempt to determine if your service of process is valid. It is your responsibility to determine which statute, if any, authorizes the service you are making through this office. Substituted service of process through the Office of the Secretary of State does not guarantee that the service will be sufficient and permit a court to obtain or accept jurisdiction over the business entity against whom service is made.

Dkt. 99.

As this District has explained, a finding of culpability "requires more than mere negligence." *Bonilla v. Boardwalk 1000*, LLC, No. 22-01314, 2022 U.S. Dist. LEXIS 228476, at *5 (D.N.J. Dec. 20, 2022). And a failure to respond to a pleading does not show "willful, intentional, reckless, or bad faith behavior." *Gant v.*

*Advanced Elec., Inc.*, No. 16-1954, 2017 U.S. Dist. LEXIS 135590, at *12 (D.N.J. Aug. 23, 2017).

Here, there is no willful, intentional, reckless, or bad faith behavior. Plaintiff may point to a 2019 email that he alludes to in his pending motion for default judgment. In that motion, Plaintiff refers to a 2019 email from a co-defendant which Plaintiff claims "indicates that JAD may have been aware of this suit." Dkt. 202-1, pp. 2, 8. This is a very equivocal statement. More importantly, Plaintiff did not name JAD Nutrition as a defendant in this action until he filed his Second Amended Complaint in 2022, three years *after* a claimed email that supposedly "indicates" that JAD "may have been aware" of this lawsuit. While this email does not appear to be supported by any actual evidence, even if these statements are true, an awareness of a lawsuit three years before you are named a party does not represent a willful or bad faith disregard for the court three years down the line.  Here, as soon as the insurer for JAD received notice of the Motion for Default Judgment from Plaintiff, counsel promptly filed a notice of appearance for JAD with this Court and sought a briefing schedule to address the default. Dkt. 205 and proceeded to investigate the whereabouts of JAD. Dkt. 218.

Because there is no evidence of "willful, intentional, reckless, or bad faith behavior" and the failure to respond by itself does not reflect that standard, this factor too weighs in favor of setting aside the entry of default.

D.    The alleged judgment seeks over $5,000,000.

Finally, this Court should also set aside the Entry of Default because, according to Plaintiff's pending motion for default judgment, Plaintiff is seeking entry of a judgment against JAD in the amount of $5,393,708.55. Dkt. 202-1, p. 7. While entries of default are generally disfavored within this Circuit, the Third Circuit has warned that "matters involving large sums of money should not be determined by default judgment if it can reasonably be avoided." *See Livingston Powdered Metal, Inc*, 669 F.2d at 136-137. By any metric, $5,393,708.55 is a large sum of money, and this case need not be resolved by the entry of a default.

\* \* \*

Because JAD Nutrition has met the liberal good cause standard and because the proposed judgment involves such a large sum of money—exceeding $5,000,000—this Court should grant Defendant's motion and set aside the Entry of Default, which are disfavored in this Circuit. If this Court has any doubt as to whether it should set aside the entry of default, it must rule in favor of JAD Nutrition. *See United States v. $55,518.05 in U.S. Currency*, 728 at 195 ("[D]oubtful cases to be resolved in favor of the party moving to set aside the default.").

## II.    The Entry of Clerk's Default was in Error.

This Court should also set aside the Entry of Default because the Motion for Default was deficient for two reasons: (1) Defendant JAD Nutrition was not properly

served under Rule 4(m) of the Federal Rules of Civil Procedure and (2) Plaintiff moved for entry of default pursuant to the Third Amended Complaint, which had been nullified months prior when Plaintiff filed his Fourth Amended Complaint.

For the reasons explained in Part I.B, Plaintiff did not properly serve JAD Nutrition, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff did not serve JAD Nutrition within the 90-window established by Rule 4(m). On that basis alone, the Clerk's Entry of the Default was improper and should be set aside because JAD Nutrition was never properly served and therefore this Court lacked jurisdiction over it.

The Entry of Default was additionally improper because Plaintiff's Motion for Entry of Default was deficient. In addition to failing to allege or demonstrate that this Court had personal jurisdiction over JAD Nutrition (also discussed above in Part I.B), Plaintiff premised his Motion on the nullified Third Amended Complaint.

Plaintiff filed his Fourth Amended Complaint on June 12, 2024, which as a matter of law replaced and nullified the prior complaints. *McKinney v. Fitzgerald*, No. 18-12987, 2022 U.S. Dist. LEXIS 4278, at *14 (D.N.J. Jan. 10, 2022) ("An amended complaint, once accepted by the Court, replaces the original one."); *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint supersedes the original and renders

it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." (internal quotation marks and citation omitted)).

On November 27, Plaintiff moved for Entry of Default with the Clerk's Office. Dkt. 153. Plaintiff claimed he had served JAD with the Third Amended Complaint, which he posits was the "operative complaint," and that JAD Nutrition failed to respond to the Third Amended Complaint. Dkt. 153, p. 2. The Clerk's Office entered the Entry of Default on the same day. *See* Text Entry dated 11/27/24. However, by the time Plaintiff moved for an Entry of Default, he had already filed the Fourth Amended Complaint, which replaced the Third Amended Complaint and became the new "operative" Complaint.

As another court in this District explained, the Motion for Entry should have been denied as moot: "[T]the Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint." *Auto. Rentals Inc. v. Bama Commer. Leasing LLC*, No. 1:17-cv-3877, 2018 U.S. Dist. LEXIS 39554, at *2 (D.N.J. Mar. 9, 2018); *see id*. n. 2 ("[A]n amended pleading excused from service on a defaulting defendant by FRCP 5(a)(2) becomes the operative document on filing, not on service, and . . . once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied and a clerk's entry of default on that pleading is

mooted.") (internal quotation mark and citation omitted)). Therefore, the Motion for Entry of Default should have been denied as moot.

* * *

Because of the deficiencies outlined above, the untimely service of the Third Amended Complaint, the original Entry of Default should never have been entered in the first place and should therefore be vacated.

## CONCLUSION

Because good cause exists to set aside and vacate entry of the default against JAD and because the Entry of Default was improperly entered, this Court should grant this Motion and set aside the Entry of Default.

Dated: November 21, 2025

Respectfully submitted:

_____
Rachel Nudel, Esq. (RN 8552)
**HINSHAW & CULBERTSON LLP**
111 Wood Avene South, Ste. 210
Islelin, New Jersey 08830
Telephone: (908) 292-0018
Facsimile: (312) 704-3001
Email: rnudel@hinshawlaw.com

*Attorneys for Defendant JAD Nutrition, LLC d/b/a Xtreme Formulations*

21

To:
All counsel via ECF