# Exhibit C

No *Shepard's* Signal™
As of: November 19, 2025 10:09 PM Z

## *Bonilla v. Boardwalk 1000, LLC*

United States District Court for the District of New Jersey, Camden Vicinage

December 20, 2022, Filed

Civil Action No. 22-01314-KMW-EAP

### Reporter
2022 U.S. Dist. LEXIS 228476 *; 2022 WL 17823829

MERSADIES BONILLA, Plaintiff, v. BOARDWALK *1000*, *LLC* d/b/a HARD ROCK HOTEL & CASINO ATLANTIC CITY, Defendant.

## Core Terms

default, entry of default, vacating, bugs, bed, clerk's entry, good cause, deadline

**Counsel:** [*1] Mersadies Bonilla, Plaintiff, Pro se.

For Boardwalk *1000*, *LLC* d/b/a Hard Rock Hotel & Casino Atlantic City, Defendant: Russell L. Lichtenstein, Esquire, Cooper Levenson, PA, Atlantic City, NJ.

**Judges:** KAREN M. WILLIAMS, United States District Judge.

**Opinion by:** KAREN M. WILLIAMS

## Opinion

### OPINION AND ORDER

Williams, District Judge:

### I. INTRODUCTION

THIS MATTER comes before the Court on *pro se* Plaintiff's Motion for Default Judgment (ECF *No*. 9) and Defendant's Motion to Vacate the Entry of Default (ECF *No*. 14). For the reasons that follow, the Motion to Vacate the Entry of Default will be granted, and Plaintiff's Motion for Default Judgment will be denied.

### II. BACKGROUND

On March 10, 2022, Plaintiff, Mersadies Bonilla ("Plaintiff"), filed her Complaint alleging that on October

7, 2020, she was a guest at Hard Rock Hotel and Casino. *See* Compl., ECF *No*. 1, ¶ 7. While in her hotel room, Plaintiff was allegedly bitten by a Cimex bug, otherwise known as a "bed bug." *Id.* Plaintiff brings this lawsuit against Defendant in connection with the bed bug incident. *See, generally,* Compl.

Plaintiff served Defendant, Boardwalk *1000*, *LLC* ("Defendant"), on March 16, 2022, and Defendant had an April 6, 2022 deadline to file an answer (or otherwise [*2] respond) to the Complaint. *See* ECF *No*. 4. On March 23, 2022, Defendant's counsel entered an appearance and filed an application and proposed order for an extension of time to file an answer. *See* ECF Nos. 5, 6. Defendant's request was granted and its time to respond to the Complaint extended until April 20, 2022. *See* Clerk's Text Order, Mar. 24, 2022. On April 21, 2022, because Defendant failed to respond to the Complaint by the April 20, 2022 deadline, Plaintiff filed the Motion for Default Judgment now before the Court. On April 22, 2022, Plaintiff filed a request for an entry of default, and the Clerk's Office entered default against Defendant. *See* ECF *No*. 7. Defendant also filed its Answer to the Complaint on April 22, 2022. *See* ECF *No*. 8. Subsequently, on May 9, 2022, Defendant filed a Motion to Vacate the Entry of Default. *See* ECF *No*. 14. Currently, the parties are engaged in discovery.

### III. LEGAL STANDARD

To obtain default judgment, a plaintiff engages in a two-step process outlined in *Federal Rule of Civil Procedure 55*. First, plaintiff must seek a clerk's entry of default. *Fed. R. Civ. P. 55(a)*. After obtaining a clerk's entry of default, plaintiff may seek default judgment by the clerk or the court. *Fed. R. Civ. P. 55(b)(1)-(2)*.

*Rule 55* also provides the following [*3] standard for setting aside the entry of default: "[t]he court may set aside an entry of default for good cause . . .." *Fed. R. Civ. P. 55(c)*. Courts consider the following factors to

2022 U.S. Dist. LEXIS 228476, *3

determine if good cause exists to set aside the entry of default: (1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable.[1] *Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016)*(instructing courts to apply the aforementioned three-factor test in considering whether "good cause" exists to set aside the entry of default under *Rule 55(c)*; *United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)*(explaining that the aforementioned three-factor test should be applied when considering a motion to set aside a default under *Rule 55(c)* or a default judgment under Rule 60(b)(1)). Ultimately, the decision to set aside an entry of default is left to the discretion of the district court. *$55,518.05 in U.S. Currency, 728 F.2d at 194*. Notably, the Third Circuit disfavors entry of defaults and default judgments, making clear its preference for resolving cases on the merits. *Id. at 194-195*.

## IV. DISCUSSION

The Court will address the Motion seeking to vacate the Clerk's entry of default first.[2] In this regard, the Court finds that Defendant has articulated good cause to support vacating the Clerk's entry of **[*4]** default and deems the Answer filed as of April 22, 2022. In consideration of the first factor, Plaintiff will not be prejudiced by vacating the entry of default. "[P]rejudice

---

[1] While this Court will apply this three-factor test in determining whether to vacate the entry of default, it recognizes that courts in this District vary, with some applying a three-factor test and others a four-factor test. In this respect, courts have considered a fourth factor — the effectiveness of alternative sanctions. *A.S. v. Plainfield Bd. of Educ., No. 20-8495, 2021 U.S. Dist. LEXIS 97374, 2021 WL 2075854, at *2 (D.N.J. May 21, 2021)* (citing *Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 73 (3d Cir.1987)*). The *Emcasco* court was considering a motion to vacate default judgment. Moreover, as cited *supra*, the Third Circuit in *Doe v. Hesketh* cited to the application of the three-factor test in considering whether to vacate the entry of default. *828 F.3d 159, 175*. Even if the Court were to consider the fourth factor, for the reasons set forth in more detail below, the imposition of alternative sanctions is not appropriate here where the Court finds **no** prejudice or willful or contumacious conduct.

[2] When a plaintiff moves for default judgment and the defendant cross-moves to vacate an entry of default, courts in this District first evaluate the motion to vacate. *See A.S. v. Plainfield Bd. Of Educ., 2021 U.S. Dist. LEXIS 97374, 2021 WL 2075854, at *2* (collecting cases).

will be found only where there has been a 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Itche Corp. v. G.E.S. Bakery, Inc., No. 08-3103, 2008 U.S. Dist. LEXIS 73023, 2008 WL 4416457, at *2 (D.N.J. Sept. 24, 2008)*(quoting *Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982)*). Here, Defendant's belated Answer, filed two days after the deadline due to Defendant's attorney's affliction with COVID-19 and one day after Plaintiff's Motion for Default Judgment, cannot sustain a finding of prejudice. While Plaintiff argues that she has been prejudiced due to the loss of evidence — specifically, video footage of her entering and exiting Defendant's property, there are **no** facts before this Court establishing that any loss of evidence (if evidence has even been lost) can be reasonably attributed to the Answer filed two days after the requisite deadline. Additionally, the parties are litigating this case as they are currently engaged in discovery. This factor weighs in favor of vacating default.

Next, the Court considers whether Defendant has raised a meritorious defense. To set aside default, defendant must "set forth with **[*5]** some specificity the grounds for his defense" and the "court must then evaluate that defense to determine whether it is meritorious." *Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 982 (3d Cir. 1988)*. This claim arises out of an incident where Plaintiff alleges that she was exposed to bed bugs at Defendant's property. Defendant denies the allegations, claiming that they employ proper, state-of-the-art measures to address bed bugs in their hotel and will defend this action based on, for example, the origin of the bed bugs. Indeed, if Defendant can establish that Plaintiff was not exposed to bed bugs at its property, same could be a complete defense to the claims. Thus, this factor weighs in favor of vacating the entry of default.

The Court also declines to find culpable conduct by Defendant in its two-day delay in filing its Answer. "[T]he standard for culpable conduct is willfulness or bad faith of a non-responding defendant." *Hritz v. Woma Corp., 732 F.2d 1178, 1182 (3d Cir. 1984)* (internal quotation marks omitted). The standard requires "more than mere negligence be demonstrated." *Hritz, 732 F.2d at 1183*. Here, Defendant's attorney **certifies** that he filed the Answer two days beyond the deadline due to his affliction with COVID-19. While the Court is certainly not condoning the belated filing of pleadings, the facts presented **[*6]** here simply do not rise to willfulness or bad faith. Even if the Court were to find Defendant's

2022 U.S. Dist. LEXIS 228476, *6

belated filing negligent, a finding of culpable conducts requires more than negligence. *Hritz, 732 F.2d at 1183*. This factor weighs in favor of vacating the entry of default. Considering the balance of the factors and the strong presumption favoring deciding cases on the merits, good cause exists to grant Defendant's Motion seeking to vacate the entry of default. As such, Plaintiff's Motion for Default Judgment is denied as moot.

## V. CONCLUSION

For the reasons stated above, and for good cause shown,

**IT IS** this **20th** day of **December 2022**, hereby

**ORDERED** that Defendant's Motion (ECF **No**. 14) seeking to vacate the Clerk's entry of default is **GRANTED**. The Clerk of the Court's entry of default against Defendant is hereby **VACATED**. The Answer is deemed filed as of April 22, 2022; and it is further

**ORDERED** that Plaintiff's Motion for Default Judgment (ECF **No**. 9) is denied as moot.

/s/ Karen M. Williams

KAREN M. WILLIAMS

United States District Judge

_____

**End of Document**