# Exhibit E


Cited
As of: November 19, 2025 10:06 PM Z

## Chamblin Grp. Real Est. Ventures LLC v. Pina

United States District Court for the District of New Jersey

April 16, 2025, Decided; April 16, 2025, Filed

Civil Action No.: 23-22655

**Reporter**
2025 U.S. Dist. LEXIS 73139 *; 2025 LX 129884; 2025 WL 1135223

CHAMBLIN GROUP REAL ESTATE VENTURES LLC, et al., Plaintiffs, v. CESAR HUMBERTO PINA, et al., Defendants.

**Notice:** NOT FOR PUBLICATION

## Core Terms

special relationship, conspiracy, aiding and abetting, fraudulent transfer, amended complaint, negligence claim, underlying tort, noncustomer, impermissible, venture, motion to dismiss, fraudulent, quotation, factual allegations, customer, notice, guess, vague

**Counsel:** [*1] For CHAMBLIN GROUP REAL ESTATE VENTURES LLC, DERIK DEANGELO, REISPEC DEVELOPMENTS LLC, Luis A. Hernandez 1414 Willoughby Avenue Brooklyn, NY 11237, We Family LLC 1133 Vyse Avenue Bronx, NY 10459, Plaintiffs: ALEXANDER N. SCHACHTEL, LAW OFFICE OF ALEXANDER SCHACHTEL, LLC, HOBOKEN, NJ.

For CESAR HUMBERTO PINA, JENNIFER ITTURALDE PINA, LUIS PINA, Defendants: PHILIP L. GUARINO, LEAD ATTORNEY, Guarino & Co. Law Firm, LLC, Montclair, NJ.

For RAASHAUN CASEY, also known as, DJ ENVY, Defendant: DANIEL GERARD PETOIA MARCHESE, LEAD ATTORNEY, The Marchese Law Firm, LLC, NEWTON, NJ.

For WHAIRHOUSE HOLDINGS LLC, WHAIRHOUSE INVESTMENTS LLC, WHAIRHOUSE REAL ESTATE LLC, FLIP THE DAO LLC, doing business as, FLIP 2 DAO, LAND TRAP LORD LLC, doing business as, TRAP LAND LORD, FROM START 2 FLIPPING LLC, FROM START 2 FLIP CONSULTING LLC, TAYLOR PINA, FROM START 2 FLIP CONSULTING 2 LLC, CESAR AND DJ ENVY SEMINARS LLC, Paula Llanos 133 Westerveldt Avenue North Haledon, NJ 07508, From Start 2 Flip Chicago LLC 811 Totowa Road Totowa, NJ 07512, 11611 Saywell Ave LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 11831 Union Ave LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 13604 Earlwood Road LLC 101 Jasmine Court [*2] Franklin Lakes, NJ 07417, 13910 Woodworth LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 14116 Strathmore Ave LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 1715 Taylor Road LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 1842 Colonnade Road LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 3110 East 94th Street LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 3549 East 151st LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 6003 Thackeray LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 6615 Clark Ave LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 799 East 103rd Street LLC 101 Jasmine Court Franklin Lakes, NJ 07417, 8301 Korman Ave LLC 101 Jasmin Court Franklin Lakes, NJ 07417, Whairhouse Commercial Properties LLC 1 Bridge Plaza North Ste. 665 Fort Lee, NJ 07605, Flipping and Tipping Consulting LLC 1 Bridge Plaza North Ste. 665 Fort Lee, NJ 07605, Flipping Keys 2 LLC 1 Bridge Plaza North Ste. 665 Fort Lee, NJ 07605, Luchie Construction LLC 100 Alexander Way Edgewater, NJ 07020, Pina Management 411 19th Avenue Paterson, NJ 07504, Taylor Investment Group LLC 411 19th Avenue Paterson, NJ 07504, Taylor's Real Estate LLC 411 19th Avenue Paterson, NJ 07504, Defendants: PHILIP L. GUARINO, LEAD [*3] ATTORNEY, Guarino & Co. Law Firm, LLC, Montclair, NJ.

For BCB COMMUNITY BANK 595 Avenue C Bayonne, NJ 07002, Defendant: BRIAN A. BONTEMPO, LEAD ATTORNEY, JAMES P. NOLAN AND ASSOCIATES, WOODBRIDGE, NJ.

**Judges:** CLAIRE C. CECCHI, UNITED STATES DISTRICT JUDGE.

**Opinion by:** CLAIRE C. CECCHI

## Opinion

Holly Johnston

Case 1:19-cv-20278-ESK-EAP    Document 225-7    Filed 11/21/25    Page 3 of 9 PageID: 1107

Page 2 of 8
2025 U.S. Dist. LEXIS 73139, *3

**OPINION & ORDER**

**CECCHI, District Judge**.

Before the Court is the motion to dismiss (ECF No. 41) plaintiffs Chamblin Real Estate Ventures LLC, Reispec Developments LLC, We Family LLC, and Derik DeAngelo's (collectively, "Plaintiffs") fourth amended complaint (ECF No. 37) ("FAC") filed by all defendants but for Raashaun Casey, Whairhouse Limited Liability Company, and BCB Community Bank (collectively, "Moving Defendants")[1]. Also before the Court is the motion to dismiss (ECF No. 39) filed by defendant BCB Community Bank ("BCB Bank"). Plaintiffs opposed both motions, (ECF Nos. 46, 48) and Moving Defendants (ECF No. 49) and BCB Bank (ECF No. 47) replied in support. The Court decides this matter without oral argument pursuant to *Federal Rule of Civil Procedure 78(b)*. For the reasons discussed herein, the defendants' motions are **GRANTED**.

**I. BACKGROUND**

**A. Factual History**[2]

This matter arises out of an allegedly fraudulent real estate investment scheme perpetrated by [*4] the defendants. Plaintiffs allege that in 2018, defendants Cesar Pina, Jennifer Pina, Luis Pina, and Rashaaun Casey formed a partnership to acquire and invest in New Jersey real estate properties. FAC ¶ 41. Defendants Cesar Pina and Rashaaun Casey allegedly advertised this partnership on social media, radio, and by hosting real estate investment seminars in various states. Id. ¶¶ 45-60.

At these seminars, Rashaaun Casey "and other members of the Pina network" would allegedly solicit attendees to invest with them in "joint venture contracts." Id. ¶¶ 67-68, 71-72. Attendees that expressed interest would then allegedly be contacted after the seminars to further discuss these "joint venture" agreements. Id. ¶¶ 74-76. During these discussions, "[t]he Defendants" allegedly made numerous false statements and omissions regarding these "joint venture" agreements, including failing to disclose that the subject properties were already encumbered, and that any returns on the properties had already been pledged to other investors. Id. ¶¶ 83-91. The potential investors were then allegedly required to make a "capital contribution" to partner in the joint venture, which they were falsely told would [*5] be used for renovations on the subject properties. Id. ¶¶ 78-79, 82. According to the complaint, the investment funds raised from investors pursuant to the "joint venture" agreements "vastly exceeded" the market value of the subject properties. Id. ¶ 88.

Plaintiffs allege that in 2023, "a member of the Pina[] network" exposed these "joint venture" agreements to be a scam. Id. ¶ 120. According to Plaintiffs, "hundreds of individuals" subsequently posted on social media their own accounts of investing with the defendants and claimed that the group had not returned "any of their funds." Id. ¶ 121. Plaintiffs further allege facts regarding their own experiences being defrauded by various of the defendants. See id. ¶¶ 124-152 (Derik DeAngelo), ¶¶ 153-183 (Chamblin Real Estate Ventures), ¶¶ 184-213 (Reispec Developments LLC), ¶¶ 240-252 (We Family LLC). Finally, Plaintiffs make factual allegations

---

[1] Moving Defendants do not list all the defendants that are joined in their motion to dismiss, but instead state that their motion is on behalf of "all defendants but for Raashaun Casey a/k/a DJ Envy and Whairhouse Limited Liability Company a/k/a Whairhouse LLC." ECF No. 41. The Court understands that the motion is also not made on behalf of defendant BCB Bank, as BCB Bank both submitted its own motion to dismiss, see ECF No. 39, and does not appear to be listed in the case caption provided by Moving Defendants on their motion to dismiss, see ECF No. 41. The Court thus construes Moving Defendants' motion as made on behalf of the following parties, which include all of those defendants listed in the FAC less the aforementioned excluded parties: Cesar Humberto Pina, Jennifer Iturralde Pina, Luis Pina, From Start 2 Flipping LLC, From Start 2 Flip Consulting LLC, From Start 2 Flip Consulting 2 LLC, From Start 2 Flip Chicago LLC, Flipping and Tipping Consulting LLC, Flipping Keys 2 LLC, Luchie Construction LLC, Pina Management, Taylor Investment Group LLC, Taylor's Real Estate LLC, Land Trap Lord LLC d/b/a "Trap Landlord," Jasmine 101 LLC, Flip the Dao LLC d/b/a Flip 2 Dao, Taylor Pina, Paula Llanos Cesar and DJ Envy Seminars LLC, 11611 Saywell Ave LLC, 11831 Union Ave LLC, 13604 Earlwood Road LLC, 13910 Woodworth LLC, 14116 Strathmore Ave LLC, 1715 Taylor Road LLC, 1842 Colonnade Road LLC, 3110 East 94th Street LLC, 3549 East 151st LLC, 6003 Thackeray LLC, 6615 Clark Ave LLC, 799 East 103rd Street LLC, and 8301 Korman Ave LLC.

[2] For the purposes of the motion to dismiss, the Court accepts the factual allegations in the FAC as true and draws all inferences in the light most favorable to the Plaintiff. See *Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008)*.

regarding the actions or knowledge of certain defendants. See id. ¶¶ 253-265 (Jennifer Pina), ¶¶ 266-276 (Luis Pina), ¶¶ 277-293 (Rashaaun Casey).

B. Procedural Background

Plaintiffs filed an initial complaint on November 27, 2023, ECF No. 1, and an amended complaint three days later, ECF No. 5. Plaintiffs [*6] then filed a second amended complaint on December 8, 2023, ECF No. 6, and a third amended complaint on December 21, 2023, ECF No. 7. Moving Defendants filed a motion to dismiss the third amended complaint on January 26, 2024. ECF No. 15. Moving Defendants withdrew that motion as part of a consent order allowing Plaintiffs to further amend their complaint. ECF No. 36.

Plaintiffs filed the operative fourth amended complaint on August 2, 2024. ECF No. 37. The complaint asserts ten counts, each against certain of the defendants[3], for: (1) violation of the New Jersey Consumer Fraud Act (NJCFA); (2) fraud; (3) breach of contract; (4) negligent misrepresentation; (5) conspiracy to commit fraud, aiding and abetting fraud, conspiracy to commit negligent misrepresentation and conspiracy to violate the NJCFA; (6) civil RICO violation; (7) joint and several liability; (8) fraudulent transfer; (9) negligence; (10) and aiding and abetting fraud and conspiracy to commit fraud. FAC ¶¶ 294-426.

On August 21, 2024, BCB Bank filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 39. Moving Defendants then filed their own motion to dismiss pursuant to Rule 12(b)(6) on September 3, 2024. ECF No. [*7] 41.

II. STANDARD OF REVIEW

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party. Phillips, 515 F.3d at 234. Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). Iqbal, 556 U.S. at 678 (citations omitted).

III. DISCUSSION

A. Impermissible Group Pleading in Counts 1, 2, 3, 4, and 6

"Courts in this district routinely dismiss complaints when the complaints contain improper group pleading." JD Glob. Sales, Inc. v. Jem D Int'l Partners, LP, No. 21-19943, 2023 U.S. Dist. LEXIS 122893, 2023 WL 4558885, at *7 (D.N.J. July 17, 2023) (internal quotation omitted). Group pleading occurs when a plaintiff "refer[s] to Defendants collectively and without addressing each Defendants' alleged actions individually." Y.V. by Krasny v. N.J. Dep't of Child. and Fams., No. 21-18770, 2022 U.S. Dist. LEXIS 115412, 2022 WL 2347169, at *6 n.7 (D.N.J. June 29, 2022). Group pleading is improper when it makes the complaint "impermissibly vague . . . forcing both the defendants and the Court to guess who did what to whom when." Craft v. BMW of N. Am., LLC, No. 24-6826, 2024 U.S. Dist. LEXIS 232160, 2024 WL 5197080, at *3 (D.N.J. Dec. 23, 2024); see also Nelson v. Claussen, No. 23-1896, 2024 U.S. Dist. LEXIS 170028, 2024 WL 4249730, at *6 (D.N.J. Sept. 20, 2024) ("A complaint cannot indiscriminately attribute wrongdoing to a group of defendants, leaving [*8] them to guess as to who allegedly did what" (internal quotation omitted)). A complaint that relies on improper group pleading is subject to dismissal because it fails to satisfy the requirement of Federal Rule of Civil Procedure 8 that a complaint "place Defendants on notice of the claims against each of them." JD Glob. Sales, Inc., 2023 U.S. Dist. LEXIS 122893, 2023 WL 4558885, at *7; Forero v. APM Terminals, No. 18-13754, 2019 U.S. Dist. LEXIS 201438, 2019 WL 6168031, at *5 (D.N.J. Nov. 19, 2019) (dismissing count for group pleading where defendant "could not, from reading th[e] complaint, glean what it is that it supposedly did that would create liability").

Plaintiffs rely on impermissible group pleading in counts one, two, three, four, and six, because those counts refer to the actions of "Defendants" generally, and do not otherwise provide enough information to satisfy Rule 8. In the counts mentioned, Plaintiffs repeatedly make allegations regarding the actions of "Defendants"— which the complaint defines as comprising all

---

[3] As discussed below, the complaint fails to make clear which of the defendants are subject to certain counts.

Case 1:19-cv-20278-ESK-EAP    Document 225-7    Filed 11/21/25    Page 5 of 9 PageID: 1109

Page 4 of 8
2025 U.S. Dist. LEXIS 73139, *8

defendants—without specifying to which of the many defendants that they are referring. *See* FAC at 2, ¶¶ 294-337, 361-72. For example, Plaintiffs state that "Defendants . . . engaged in deceptive business practices," that "Defendants made knowing, factually false representations," and that "Defendants were operating a fraudulent scheme," among numerous other accusations levelled at [*9] "Defendants." *Id.* ¶¶ 296, 314, 363. These generalized allegations do not place the individual defendants in this action on notice of the claims against them, but instead impermissibly require those defendants "to guess as to who allegedly did what." Craft, 2024 U.S. Dist. LEXIS 232160, 2024 WL 5197080, at *3; *see* Foulke v. Twp. of Cherry Hill, No. 23-2543, 2024 U.S. Dist. LEXIS 133168, 2024 WL 3568841, at *8 (D.N.J. July 29, 2024) (finding complaint that "repeatedly refer[s] to 'Defendants' as a collective unit" fails to satisfy Rule 8); Ingris v. Borough of Caldwell, No. 14-855, 2015 U.S. Dist. LEXIS 74255, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) (finding plaintiff "engaged in impermissibly vague group pleading" where complaint "collectively refers to 'all defendants named in this count'"). Accordingly, these counts are dismissed.

Plaintiffs argue that several factual allegations made throughout the complaint against certain defendants are sufficient to satisfy Rule 8, but this argument is unavailing because those allegations do not remedy the impermissible vagueness of the asserted counts. Pointing to various factual allegations purportedly made against specified defendants in the complaint, Plaintiffs assert that these allegations provide "the basis for each separate Defendant's individual liability."[4] ECF No. 48 at 6. However, Plaintiffs do not connect these more specific allegations within the factual portion of their complaint to the asserted counts of the complaint—which [*10] instead refer generally to "Defendants"—and thus Plaintiffs fail to remedy the impermissible vagueness of those counts. *See* Falat v. Cnty. of Hunterdon, No. 12-6804, 2013 U.S. Dist. LEXIS 37398, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (dismissing claims for failure to comply with Rule 8 where "[t]o the extent that the Complaint does include specific allegations against particular Defendants, it largely fails to connect these factual allegations to the specific counts in the Complaint"). Rather, the pleading improperly leaves it for the Court and the defendants to determine which factual allegation within the fifty-one-page complaint supports which legal conclusion from the asserted counts. *See id.* ("[T]he Counts themselves leave it to the Court to guess which factual assertions in the 57-page Complaint are intended to support which legal claims. This, the Court refuses to do."); K.J. v. Greater Egg Harbor Reg'l High Sch. Dist. Bd. of Educ., No. 14-145, 2015 U.S. Dist. LEXIS 112960, 2015 WL 5039460, at *6 (D.N.J. Aug. 26, 2015) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another." (internal quotation omitted)).

The motion practice in this matter highlights the ambiguity resulting from Plaintiff's impermissible group pleading and the reason why it fails to satisfy Rule 8's requirement that a complaint provide notice to the defendants. In its motion [*11] to dismiss, defendant BCB Bank seeks dismissal of all claims as to it, including—according to the motion—counts one through eight. *See* ECF No. 39. In their opposition to the motion, however, Plaintiffs state that "[t]he first eight counts of the FAC *do not contain any claims against Defendant BCB*." ECF No. 46 at 4-5 (emphasis added). It is unclear how BCB Bank could be aware that Plaintiffs did not intend to assert the first eight counts against it, given that those counts largely describe the conduct of "Defendants," a group which is defined to include all defendants including BCB Bank. *See* FAC ¶¶ 294-393.[5] In short, Plaintiffs' impermissible group pleading requires the defendants "to guess as to who allegedly did what," and thus fails to provide adequate notice as required by Rule 8. Nelson, 2024 U.S. Dist. LEXIS 170028, 2024 WL 4249730, at *6.

---

[4] The Court notes that not all of the supposedly individualized factual allegations cited by Plaintiffs are in fact made against specified defendants. For instance, Plaintiffs write that the complaint "alleges [Cesar] Pina told Plaintiff Chamblin's principal Nigel Chamblin there were 'already' buyers 'in place' to buy the renovated properties," citing paragraph 172 of the complaint. ECF No. 48 at 8. However, paragraph 172 of the complaint does not mention Cesar Pina, or any other individual defendant, instead referring to "Defendants." FAC ¶ 172.

[5] Plaintiffs state that BCB Bank should have been on notice that only the ninth and tenth counts were asserted against it because those counts "name BCB in the heading portion." ECF No. 47 at 5. But the heading portion of count six indicates that it is asserted as to "all defendants with the exception of defendant Taylor Pina," which would thus appear to include BCB Bank, as well. FAC at 41. Accordingly, it does not appear that the defendants can rely on the Plaintiffs' headings to determine what counts are asserted against what parties.

Case 1:19-cv-20278-ESK-EAP   Document 225-7   Filed 11/21/25   Page 6 of 9 PageID: 1110

Page 5 of 8
2025 U.S. Dist. LEXIS 73139, *11

**B. Count 5 Conspiracy and Aiding and Abetting Claims Against Paula Llanos, Jennifer Pina, Luis Pina and All Other Business Entity Defendants[6] Except for BCB Bank**

Plaintiffs cannot state a claim against any of the Moving Defendants for either aiding and abetting or conspiracy with respect to fraud, negligent misrepresentation, or a violation of the NJCFA because the underlying claims have been dismissed. To state [*12] a claim under New Jersey law for either aiding and abetting or for conspiracy, a Plaintiff must allege the existence of an underlying tort. *Bell Container Corp. v. Palagonia Bakery Co. Inc., No. 19-6545, 2022 U.S. Dist. LEXIS 117615, 2022 WL 2439532, at *4 (D.N.J. July 5, 2022)* ("A claim for aiding and abetting fraud also requires proof of the underlying tort."); *Dill v. Yellin, 725 F. Supp. 3d 471, 484 (D.N.J. 2024)* ("Civil conspiracy claims under New Jersey law require the plaintiff to plead a viable underlying tort claim."). Plaintiffs' claims appear to be premised on the underlying torts allegedly committed by defendants and asserted in counts one, two, and four. *See* FAC ¶¶ 338-360. Because those claims have been dismissed for the reasons discussed above, the aiding and abetting and conspiracy claims cannot stand alone and are accordingly dismissed. *See Burgess v. Bennet, No. 20-7103, 2021 U.S. Dist. LEXIS 52042, 2021 WL 1050313, at *14 (D.N.J. Mar. 19, 2021)* ("Because I have found that Plaintiffs failed to adequately allege any of the underlying torts, I dismiss Plaintiffs' civil conspiracy and aiding the commission of a tort claims, as well.").

**C. Count 8 Fraudulent Transfer Claim Against Taylor Pina, Paula Llanos, and the Ohio Property LLCs**

To state a claim for fraudulent transfer under New Jersey law, a plaintiff must allege that "(1) the debtor [or person making the conveyance] has put some asset beyond the reach of creditors which would have been available to them at [*13] some point in time but for the conveyance; and (2) the debtor transferred property with an intent to defraud, delay, or hinder the creditor." *Pricaspian Dev. Corp. v. Martucci, 759 Fed. Appx. 131, 136 (3d Cir. 2019)* (alteration in original) (internal quotations omitted). Moreover, *Federal Rule of Civil Procedure 9(b)*—which applies to fraud claims including fraudulent transfer claims—requires that a plaintiff "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the precise misconduct with which it is charged." *Patel v. Patel, No. 21-1811, 2023 U.S. Dist. LEXIS 229707, 2023 WL 8929199, at *11 (D.N.J. Dec. 27, 2023)*; *Bankwell Bank v. Bray Ent., Inc., No. 20-49, 2021 U.S. Dist. LEXIS 91334, 2021 WL 1929155, at *2 (D.N.J. May 13, 2021)* (noting that "[a]s to the fraudulent transfer claims" "*Rule 9(b)* . . . sets a heightened requirement: the complaint must state with particularity the circumstances constituting fraud or mistake" (internal quotation omitted)). In other words, under this heightened standard, a plaintiff must plead "the who, what, when, where, and how" of the alleged fraudulent transfer to state a claim. *Shnayderman v. Cell-U-More, Inc., No. 18-5103, 2018 U.S. Dist. LEXIS 197593, 2018 WL 6069167, at *6 (D.N.J. Nov. 20, 2018)*; *In re Sportco Holdings, Inc., No. 20-50554, 2021 Bankr. LEXIS 2848, 2021 WL 4823513, at *4 (D. Del. Oct. 14, 2021)* ("*Rule 9(b)* requires plaintiffs to plead the 'who, what, where, when, how, and why' of a fraudulent transfer claim.").

Plaintiffs fail to plead a fraudulent transfer claim with the requisite particularity as to either Taylor Pina, Paula Llanos, or the Ohio Property LLCs[7]. Although Plaintiffs provide the "who" of their transfer claims—naming Taylor Pina, Paula [*14] Llanos, and the various defendants comprising the Ohio Property LLCs, along with Cesar Pina and Jennifer Pina—they fail to adequately provide the "what, when, where, and how." Namely, Plaintiffs broadly allege the existence of "fraudulent transfers . . . worth millions of dollars" that "began in or around late 2022 and have continued through the filing of this complaint." FAC ¶¶ 383-93. Providing a multi-year window within which the alleged transfers occurred, along with an estimate that they were collectively worth "millions," does not provide sufficient particularity as to the alleged transfers to satisfy *Rule 9(b)*. *See Traisman v. Khmelnitsky, No. 19-11045, 2020 U.S. Dist. LEXIS 95127, 2020 WL 2847751, at *7 (D.N.J. June 1, 2020)* (finding fraudulent transfer claim fails to satisfy *Rule 9(b)* where "the complaint's descriptions of [defendant's] alleged

---

[6] Plaintiffs do not appear to define the "Business Entity Defendants" against whom count five is asserted. However, for reasons discussed herein, the claims are dismissed regardless of what entities they are made against.

[7] Plaintiffs define "Ohio Property LLCs" to include: 11611 Saywell Ave LLC, 11831 Union Ave LLC, 13604 Earlwood Road LLC, 13910 Woodworth LLC, 14116 Strathmore Ave LLC, 1715 Taylor Road LLC, 1842 Colonnade Road LLC, 3110 East 94th Street LLC, 3549 East 151st LLC, 6003 Thackeray LLC, 6615 Clark Ave LLC, 799 East 103rd Street LLC, and 8301 Korman Ave LLC. FAC at 2.

transfers are vague, lack dates, amounts, methods, and other specifics"); Pricaspian, 759 Fed. Appx. at 135 (upholding dismissal of fraudulent transfer claim where plaintiffs plead "no details about when any of the fraudulent transactions occurred, where they occurred, or how much money was transferred during any of these transactions"). The fraudulent transfer claim is accordingly dismissed.

**D. Count 9 Negligence Claim Against BCB Bank**

To plead negligence under New Jersey law, a plaintiff must [*15] allege: "(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Doe on behalf of Doe v. Small, 654 F. Supp. 3d 376, 395 (D.N.J. 2023). As relevant here, for a plaintiff to establish that a bank of which she is not a customer owed her a duty of care, she must plead the existence of a "special relationship" between herself and the defendant bank. See Adkins v. Sogliuzzo, 625 Fed. Appx. 565, 569-70 (3d Cir. 2015) (affirming summary judgment for defendant bank on negligence claim where plaintiff "was not a customer" and failed to "establish the existence of a special relationship"); DeFazio v. Wells Fargo Bank Nat'l Assoc., No. 20-375, 2020 U.S. Dist. LEXIS 66848, 2020 WL 1888252, at *5 (D.N.J. Apr. 16, 2020) (dismissing negligence claim against defendant bank where plaintiff was "not a customer" and failed to allege a "'special relationship' . . . that might give rise to a duty of care"). This "special relationship" between a noncustomer and a bank may be "created by agreement, undertaking or contact." Lembo v. Marchese, 242 N.J. 477, 495, 231 A.3d 735 (2020) (internal quotation omitted); Cushman & Wakefield, Inc. v. Valley Nat'l Bancorp, No. 2-6099, 2007 U.S. Dist. LEXIS 27080, 2007 WL 1110911, at *9 (D.N.J. Apr. 11, 2007) (noting noncustomer plaintiff cannot maintain negligence action against defendant bank "unless the facts establish a special relationship between the parties created by agreement, undertaking or contact").

Plaintiffs fail to state a claim for negligence because Plaintiffs do not allege that they are customers of BCB Bank, nor do they allege the existence of a "special relationship" [*16] between themselves and BCB Bank. First, Plaintiffs do not appear to plead that they are customers of BCB Bank,[8] and indeed refer to themselves as "third party victims" of BCB Bank's actions. ECF No. 46 at 2. Second, Plaintiffs do not appear to plead facts establishing the existence of a special relationship between themselves and BCB Bank, such as an "agreement, undertaking or contact." Lembo, 242 N.J. at 495. Instead, the complaint highlights various relationships between BCB Bank and other defendants in this case. See, e.g., FAC ¶¶ 398-99 ("Defendants . . . used BCB as one of the central banking hubs to carry out their fraudulent Ponzi scheme. The Pinas . . . established over fifteen (15) separate banking accounts at BCB ...."). But BCB Bank's relationships with other defendants do not establish the existence of a "special relationship" between it and Plaintiffs—even if Plaintiffs were allegedly harmed by those relationships with other defendants. See Adkins, 625 Fed. Appx. at 569 (finding no special relationship where noncustomer plaintiff alleged that defendant bank "permitted [co-defendant] to make withdrawals" and to "redeem savings bonds . . . to her detriment"); Lembo, 242 N.J. at 496 ("That [co-defendants] had personal accounts at [defendant bank] [*17] where the forged checks were cashed and deposited did not establish a 'special relationship' between [defendant] bank and [noncustomer plaintiff].").

Plaintiffs counter that the "special relationship" requirement should be limited to negligence claims arising from fraudulent check cashing—the arena where the requirement originally arose—but the Court will follow others in this circuit who have applied the requirement to negligence claims more broadly. Plaintiffs argue that although the "special relationship" requirement has been "widely adopted," case law indicates that the requirement was "only intended to apply to claims arising from bad checks" and thus should not apply in the instant case. ECF No. 46 at 10. Instead, Plaintiffs assert this Court should follow the rule allegedly adopted in "New York, Florida, and other jurisdictions" that a duty of care towards noncustomers may be imposed on a bank "where egregious facts render it appropriate to do so." Id. at 11. However, the Court of Appeals for the Third Circuit—which this Court is bound to follow—has applied the "special relationship" requirement to a negligence claim arising from actions other than check cashing. See Adkins, 625 Fed. Appx. at 569-70 (requiring [*18] "special relationship" for noncustomer to state negligence claim against bank for allowing co-defendant "to make withdrawals . . . and to redeem savings bonds"); Barak v. Obioha, 74 Fed. Appx. 164, 164-166 (3d Cir. 2003) (noting noncustomer must establish "special relationship" with defendant bank to state negligence

---

[8] In the relevant section of the complaint, Plaintiffs appear to assert that BCB Bank owes a duty to Plaintiffs as "members of the public." See FAC ¶ 397.

claim for allowing "[f]unds deposited in the account" to be "withdrawn without [Plaintiff's] signature"). Other courts in this district have done the same. See DeFazio, 2020 U.S. Dist. LEXIS 66848, 2020 WL 1888252, at *1-2, *5 (dismissing noncustomer negligence claim against defendant bank for lack of "special relationship" where plaintiff's claim was premised on allegedly fraudulent wire transfers); Cushman & Wakefield, Inc., 2007 U.S. Dist. LEXIS 27080, 2007 WL 1110911, at *1, *9 (granting summary judgment for defendant bank on negligence claim due to lack of "special relationship" where noncustomer plaintiff's claim was premised on bank "allow[ing] [third-party defendant] and an accomplice to launder money"). The Court will follow this precedent and apply the "special relationship" requirement here, too. See also Cushman & Wakefield, Inc., 2007 U.S. Dist. LEXIS 27080, 2007 WL 1110911, at *9 (noting that although the "special relationship" requirement arose out of a case "deal[ing] with a factual scenario in the check collection area of banking, the analysis set forth therein applies equally to [defendant's] situation at hand"). Plaintiffs' negligence [*19] claim is accordingly dismissed.

**E. Count 10 Aiding and Abetting and Conspiracy Claims Against BCB Bank**

Plaintiffs cannot state a claim against BCB Bank for either aiding and abetting fraud or for conspiracy to commit fraud because the underlying fraud claims have been dismissed. As noted, to state a claim under New Jersey law for either aiding and abetting or for conspiracy, a Plaintiff must allege the existence of an underlying tort. Bell Container Corp. v. Palagonia Bakery Co. Inc., No. 19-6545, 2022 U.S. Dist. LEXIS 117615, 2022 WL 2439532, at *4 (D.N.J. July 5, 2022) ("A claim for aiding and abetting fraud also requires proof of the underlying tort."); Dill v. Yellin, 725 F. Supp. 3d 471, 484 (D.N.J. 2024) ("Civil conspiracy claims under New Jersey law require the plaintiff to plead a viable underlying tort claim."). Plaintiffs' claims appear to be premised on the underlying fraud claims made against defendants Cesar Pina, Jennifer Pina, and Luis Pina. See FAC ¶ 425 ("Notwithstanding BCB's actual knowledge of the Pinas' frauds, the bank enabled and aided and abetted the Pinas' scam by allowing the Pinas to clear out of all of their accounts and withdraw millions of dollars in misappropriated funds.").[9] Those claims have been dismissed, and Plaintiffs accordingly cannot maintain their aiding and abetting or conspiracy claims in the absence of an underlying tort. See United Cap. Funding Grp., LLC v. Wonder Grp., Inc., No. 21-3291, 2024 U.S. Dist. LEXIS 172140, 2024 WL 4275053, at *4, *6 (D.N.J. Sept. 23, 2024) (holding [*20] that because "the underlying conversion claim fails . . . the conspiracy claim fails in concert" and that "[b]ecause the underlying conversion and fraud claims are dismissed, the aiding and abetting claims also fail due to lack of a cognizable underlying tort").[10]

**IV. CONCLUSION**

For the reasons stated above, the motions to dismiss made by Moving Defendants and BCB Bank are granted.

**Accordingly, IT IS** on this 16th day of April, 2025,

**ORDERED** that the motion to dismiss (ECF No. 41) filed by Moving Defendants is **GRANTED**; and it is further

**ORDERED** that the motion to dismiss (ECF No. 39) filed by BCB Bank is **GRANTED**; and it is further

**ORDERED** that counts one, two, three, four, five, six, and eight are **DISMISSED** without prejudice as to Moving Defendants; and it is further

**ORDERED** that counts nine and ten are **DISMISSED** without prejudice as to BCB Bank; and it is further

**ORDERED** that to the extent Plaintiffs are able to cure the pleading deficiencies identified in the Court's Order, they shall have thirty (30) days from the date of this Order to file a fifth amended complaint. Insofar as Plaintiffs submit a fifth amended complaint, they shall also provide a form of the amended complaint that indicates [*21] in what respect it differs from the fourth amended complaint, bracketing or striking through materials to be deleted and underlining materials to be added. See L. Civ. R. 15(a)(2).

**SO ORDERED.**

/s/ Claire C. Cecchi

---

[9] Although Plaintiffs make one mention of defendant Raashaun Casey under the relevant count, the claims do not appear to be premised on underlying allegations made against Casey because the count otherwise only describes actions performed by BCB Bank and "the Pinas." See FAC ¶¶ 412-26.

[10] The Court notes that although this is Plaintiffs' fourth amended complaint, it is only the first motion to dismiss that has been presented to the Court.

2025 U.S. Dist. LEXIS 73139, *21

**CLAIRE C. CECCHI, U.S.D.J.**

**End of Document**