# Exhibit F



Neutral
As of: November 19, 2025 9:02 PM Z

# Doe v. Wyndham Hotels & Resorts, Inc.

United States District Court for the District of New Jersey

September 23, 2025, Decided; September 23, 2025, Filed

Civil Action No. 24-11511 (SDW) (JBC)

**Reporter**
2025 U.S. Dist. LEXIS 189494 *; 2025 LX 466656; 2025 WL 2712297

JANE DOE "S.A.T.," Plaintiff, v. WYNDHAM HOTELS & RESORTS, INC., RAMADA FRANCHISE SYSTEM, INC., GLOBAL HOSPITALITY, L.P., PRAMUKHRAJ IRVING LLC, Defendants.

**Notice:** NOT FOR PUBLICATION

**Subsequent History:** Motion denied by, in part, Dismissed by, in part *Doe S.A.T. v. Wyndham Hotels & Resorts, Inc., 2025 U.S. Dist. LEXIS 199173 (D.N.J., Oct. 8, 2025)*

## Core Terms

default, default judgment

**Counsel:** [*1] For JANE DOE "S.A.T.", Plaintiff: ERIC BIHLEAR, Locks Law Firm, New Jersey, Cherry Hill, NJ; RAMSEY S. AL-AZEM, PRO HAC VICE, COUNSEL NOT ADMITTED TO USDC - NJ BAR, CORPUS CHRISTI, TX; FRANCESCA ANN IACOVANGELO, LOCKS LAW FIRM, THE CURTIS CENTER, PHILADELPHIA, PA.

For WYNDHAM HOTELS & RESORTS, INC., RAMADA FRANCHISE SYSTEM, INC., Defendants: DAVID S. SAGER, LEAD ATTORNEY, DLA PIPER LLP (US), SHORT HILLS, NJ; MATTHEW JAMES ANGELO, DLA Piper US LLP, Philadelphia, PA.

For GLOBAL HOSPITALITY, L.P., Defendant: CHRISTOPHER JOHN TELLNER, GREGORY F. BROWN, LEAD ATTORNEYS, KAUFMAN DOLOWICH LLP, PHILADELPHIA, PA.

For PRAMUKHRAJ IRVING LLC, Defendant: JOHN T. COYNE, SANDRA DENISE LOVELL, LEAD ATTORNEYS, MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, MORRISTOWN, NJ.

**Judges:** SUSAN D. WIGENTON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** SUSAN D. WIGENTON

## Opinion

**WHEREAS OPINION & ORDER**

**THIS MATTER** having come before this Court upon Defendant Global Hospitality, L.P.'s ("Global Hospitality" or "Defendant") Motion to Set Aside Default Judgment entered against it on September 4, 2025, (D.E. 37 ("Motion")); and

**WHEREAS** *Federal Rule of Civil Procedure ("Rule") 55(c)* provides that "[t]he court may set aside an entry of default for good cause." In deciding a motion to vacate a default judgment, [*2] "a standard of 'liberality,' rather than 'strictness' should be applied in acting on a motion to set aside a default judgment, and that '[a]ny doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.'" *Medunic v. Lederer, 533 F.2d 891, 893-94 (3d Cir. 1976)* (alteration in original) (quoting *Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245-46 (3d Cir. 1951)*); and

**WHEREAS** in its response to Defendant's Motion Plaintiff acknowledges she made an inadvertent filing error and does not oppose Global Hospitality's Motion. (D.E. 38 at 2);

**WHEREAS** both parties request that the case proceed on the merits; therefore

Defendant's Motion to Set Aside Default Judgment is **GRANTED**.

**SO ORDERED**.

/s/ Susan D. Wigenton

Holly Johnston

SUSAN D. WIGENTON, U.S.D.J.

**End of Document**