# Exhibit G

No *Shepard's* Signal™
As of: November 19, 2025 9:12 PM Z

# *Elite Neurophysiology LLC v. Blue Cross Blue Shield*

United States District Court for the District of New Jersey

August 18, 2025, Decided; August 18, 2025, Filed

Civil Action No: 25-1735 (SDW) (LDW)

**Reporter**
2025 U.S. Dist. LEXIS 159400 *; 2025 LX 396087; 2025 WL 2388404

ELITE NEUROPHYSIOLOGY LLC, Plaintiff, v. BLUE CROSS BLUE SHIELD OF ILLINOIS, Defendant.

**Notice:** NOT FOR PUBLICATION

## Core Terms

personal jurisdiction, general jurisdiction, motion to dismiss, forum state, confirm, arbitrate

**Counsel:** [*1] For ELITE NEUROPHYSIOLOGY LLC, Plaintiff: EVAN JAMES GILMAN, GOTTLIEB & GREENSPAN, FAIR LAWN, NJ.

For BLUE CROSS BLUE SHIELD OF ILLINOIS, Defendant: DAVID G. MURPHY, LEAD ATTORNEY, REED SMITH LLP, PRINCETON, NJ.

**Judges:** SUSAN D. WIGENTON, UNITED STATES DISTRICT JUDGE.

**Opinion by:** SUSAN D. WIGENTON

## Opinion

**WIGENTON**, District Judge.

Before this Court is a motion filed by Defendant Blue Cross Blue Shield of Illinois's ("BCBSIL" or "Defendant") to dismiss Plaintiff Elite Neurophysiology LLC's ("Plaintiff") Complaint ((D.E. 1 (Compl.)) pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (the "Motion to Dismiss"), as well as a Cross-Motion to confirm certain arbitration awards. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, the Motion to Dismiss is **GRANTED** and the Cross- Motion is **DENIED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

This case arises from a reimbursement dispute under the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111, between Plaintiff, a medical provider located in New Jersey, and Defendant, a division of Health Care Service Corporation headquartered in Illinois. Defendant operates in Illinois and contracts with Illinois-based employer [*2] groups to provide health insurance.

On March 3, 2023, a surgeon employed by Plaintiff performed neurophysiological monitoring during a surgical procedure for a patient at a New Jersey facility. (Compl. ¶ 6.) The patient was enrolled in an employer health plan administered by Defendant in Illinois. (*Id.* ¶ 7.) This patient's employer is located in Illinois and does not have any offices in New Jersey. Following the procedure, Plaintiff submitted a claim to Defendant seeking over $14,000 in reimbursement. (*Id.* ¶¶ 11-12.) Defendant approved only $514.10 in total for reimbursement, prompting Plaintiff to initiate the NSA's dispute resolution process. (*Id.* ¶¶ 13-18.) Two independent dispute resolution ("IDR") proceedings followed, each initiated pursuant to the NSA's "baseball-style" arbitration framework, in which the certified IDR entity ("CIDRE") must select one party's final offer as the appropriate reimbursement amount. (*Id.* ¶¶ 19; 23.) On March 11, 2024, the arbitrators issued two awards in Plaintiff's favor, totaling $11,609.60. (*Id.*) BCBSIL did not seek to vacate the awards and has not paid the outstanding amounts. (*Id.* ¶¶ 21-27.)

On March 7, 2025, Plaintiff filed this action seeking [*3]

---

[1] Facts cited in this section are drawn from the Complaint and are presumed true for purposes of deciding this motion to dismiss.

to confirm the IDR awards under Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12. On April 16, 2025, BCBSIL moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), arguing that the Court lacks personal jurisdiction and that Plaintiff has failed to state a claim. On May 19, 2025, Plaintiff opposed the motion and cross-moved to confirm the awards, contending that Defendant is subject to personal jurisdiction in New Jersey and that confirmation is proper under both the FAA and the NSA.

## II. LEGAL STANDARD[2]

Defendant first moves to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Federal courts in New Jersey exercise personal jurisdiction to the extent permitted by New Jersey law. See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004). New Jersey's long-arm statute provides for the exercise of jurisdiction over non-residents "to the uttermost limits permitted by the United States Constitution." Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 102 N.J. 460, 508 A.2d 1127, 1131 (N.J. 1986) (quoting Avdel Corp. v. Mecure, 58 N.J. 264, 277 A.2d 207, 209 (N.J. 1971)); N.J. CT. R. 4:4-4. "Personal jurisdiction under the Due Process Clause depends upon 'the relationship among the defendant, the forum, and the litigation.'" IMO Indus. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (quoting Shaffer v. Heitner, 433 U.S. 186, 204, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977)). Courts in New Jersey "look to federal law for the interpretation of the limits" on personal jurisdiction. Id. (citing Mesalic v. Fiberfloat Corp., 897 F.2d 696, 698 n.5 (3d Cir. 1990)).

When reviewing a motion to dismiss under Rule 12(b)(2), courts "must accept all of the plaintiff's allegations as true and construe disputed [*4] facts in favor of the plaintiff." Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 142 n.1 (3d Cir. 1992). Once a jurisdictional defense is raised, the plaintiff bears the burden of demonstrating the facts necessary to establish personal jurisdiction and the plaintiff "must prove by affidavits or other competent evidence that jurisdiction is proper." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330, 51 V.I. 1219 (3d Cir. 2009)

(cleaned up) (internal quotations omitted). If the court does not hold an evidentiary hearing, the plaintiff need only present "a prima facie case for the exercise of personal jurisdiction by 'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)).

Under the Constitution, personal jurisdiction can be established either through general jurisdiction or specific jurisdiction. Bristol-Myers Squibb v. Superior Court of California, 582 U.S. 255, 262, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017). The Supreme Court has held that a court's general jurisdiction over a corporation exists only where the state is the defendant's home, that is, the state of its incorporation or the state of its principal place of business or, "in an exceptional case" where "its operations may be so substantial and of such a nature as to render the corporation at home in that State." Id., Daimler A.G. v. Bauman, 571 U.S. 117, 137-39 n.19, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014); see also BNSF Railway Co. v. Tyrrell, 581 U.S. 402, 413, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017). To support general jurisdiction, the defendant's "contacts [with the forum state] need [*5] not relate to the subject matter of the litigation," but must rise to "a 'very high threshold of business activity.'" Ameripay, LLC v. Ameripay Payroll, Ltd., 334 F. Supp. 2d 629, 633 (D.N.J. 2004) (quoting Compagnie des Bauxites de Guinea v. Ins. Co. of N. America, 651 F.2d 877, 891 n.2 (3d Cir. 1981)). Specific jurisdiction may be established over a defendant where the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (internal citations omitted). More particularly, specific jurisdiction requires that: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." WAG Acquisition, LLC v. Multi-Media, LLC, Civ. No. 14-2340, 2015 U.S. Dist. LEXIS 121028, 2015 WL 5310203, at *12 (D.N.J. Sept. 10, 2015) (citation omitted); Shuker v. Smith & Nephew, PLC, 885 F.3d 760, 780 (3d Cir. 2018) (stating "what is necessary [for specific jurisdiction] is a deliberate targeting of the forum") (citation omitted).

## III. DISCUSSION

---

[2] Because this Court does not reach the merits of the motion to dismiss for failure to state a claim, the Rule 12(b)(6) standard is omitted.

Because this Court may not address the substantive merits of the Motion to Dismiss if it does not have personal jurisdiction over the parties, we must first address the Rule 12(b)(2) portion. Under Rule 12(b)(2), once a defendant challenges personal jurisdiction, the burden shifts to the plaintiff to establish facts supporting jurisdiction through "sworn affidavits or other competent evidence." [*6] Scott v. Lackey, 587 F. App'x 712, 716 (3d Cir. 2014).

A. General Jurisdiction

Here, it is clear that there is no general jurisdiction over BCBSIL in the state of New Jersey. General jurisdiction exists only where the defendant is "essentially at home," typically in the state of incorporation or where it maintains its principal place of business. Daimler AG v. Bauman, 571 U.S. 117, 139, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014). The parties do not appear to dispute that BCBSIL is a division of Health Care Service Corporation, which is organized under Illinois law and headquartered in Chicago. Plaintiff provides no factual basis to conclude that BCBSIL's operations in New Jersey are so continuous and systematic as to render it "at home" in New Jersey. See Display Works, LLC v. Bartley, 182 F. Supp. 3d 166, 173 (D.N.J. 2016). Any contacts that BCBSIL does have with New Jersey, such as participation in certain insurance networks in the state, fall far short of the demanding threshold for general jurisdiction. General jurisdiction is not satisfied by occasional or even regular business dealings in the forum. Rather, it requires that the defendant's operations in the state be "so substantial and of such a nature as to render the corporation at home in that State." Daimler, 571 U.S. at 138-39. In practical terms, this means that if this Court were to decide that there is general jurisdiction over BCBSIL in New Jersey, [*7] it would have to be subject to suit in New Jersey not just for this claim, but for *any* claim, including those wholly unrelated to any of its New Jersey contacts. That is a high bar to clear, and one that Plaintiff has failed to meet.

B. Specific Jurisdiction

Plaintiff has also failed to establish specific jurisdiction over BCBSIL in this case. As discussed above, specific jurisdiction requires that a defendant "purposefully directed" its activities at the forum state and that the claims "arise out of or relate to" those contacts. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-73, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985); O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). Plaintiff bears the burden of establishing these elements and must show that Defendant's contacts with the forum were the result of intentional, forum-directed activity, and not merely the unilateral acts of third parties. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 417, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984) ("[U]nilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.")

Plaintiff argues that BCBSIL purposefully availed itself of New Jersey by processing claims and issuing payments to out-of-network providers in the state. But BCBSIL's connection to New Jersey in this case stems solely [*8] from the actions of a plan beneficiary who independently received medical treatment in New Jersey from an out-of-network provider. There are no allegations that BCBSIL selected the provider, negotiated or entered into any agreement with Plaintiff or the beneficiary, or directed the beneficiary's care to New Jersey. Moreover, the relationship here is even more attenuated than in cases where the insurer directly markets or issues plans to individuals in the forum state. The patient in this case was covered through a group health plan sponsored by an Illinois-based employer, meaning that BCBSIL's relationship is anchored entirely in Illinois, not New Jersey.

Plaintiff notes that BCBSIL issued payment directly to Plaintiff and has done so on multiple occasions. That argument conflates foreseeability with intent. The fact that BCBSIL may have known its beneficiaries could or might receive care in New Jersey does not amount to purposeful direction of activity toward the forum. As courts have recognized, "the foreseeability that is critical to the due process analysis is not the mere likelihood that a product will find its way into the forum state. Rather, it is that the defendant's conduct [*9] and connection with the forum are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). While it may have been foreseeable and perhaps even likely that a beneficiary of an Illinois health plan might receive services in New Jersey at some point in time, these are the sort of passive contacts that do not satisfy due process for exercising specific jurisdiction over an out-of-state defendant such as BCBSIL.

Plaintiff also points to BCBSIL's participation in the Blue

Card program, which facilitates claims processing among different Blue Cross Blue Shield licensees. That fact actually cuts against Plaintiff's position as the Blue Card system does not reflect any forum-specific intent by BCBSIL; it is a nationwide administrative mechanism that processes out-of-area claims for insureds who happen to receive care in a state where their plan does not operate. Courts have consistently held that participation in Blue Card or similar multistate processing networks is not sufficient to establish jurisdiction in each state where a claim is submitted. See, e.g., Abira Med. Labs., LLC v. Blue Cross Blue Shield of Ill., Civ. No. 24-955, 2024 U.S. Dist. LEXIS 176910, 2024 WL 4345411, at *4-5 (finding no specific jurisdiction in New Jersey over BCBSIL despite allegations that BCBSIL processed and paid certain [*10] claims and communicated with Plaintiff about those matters); Abira Med. Labs., LLC v. IntegraNet Physician Res., Inc., Civ. No. 23-3849, 2024 U.S. Dist. LEXIS 79053, 2024 WL 1905754, at *4-5 (no specific jurisdiction in New Jersey over Texas companies that allegedly paid twenty claims to Plaintiff in New Jersey).

Finally, this is simply not a case where BCBSIL entered into a contractual relationship with a New Jersey provider, targeted its services to the state, or profited from any conduct tied to the forum. Instead, the entire relationship was passive, administrative, centered from Illinois, and rooted in the out-of-forum insurer-beneficiary relationship. The record shows that BCBSIL acted entirely from Illinois, and any contact with New Jersey stems from the plan member's medical choices, not the insurer's jurisdictionally relevant conduct. Such contact is insufficient to establish specific personal jurisdiction, because Plaintiff has not demonstrated that BCBSIL "purposefully availed" itself of the privilege of conducting activities within New Jersey or that its claims "arise out of or relate to" such contacts. This conclusion is consistent with binding Supreme Court and Third Circuit precedent, as well as with the steady line of decisions from this District rejecting similar theories of jurisdiction over [*11] out-of-state insurers. Indeed, the result reached here aligns with a recent decision issued in this very District, involving the same defendant, the same counsel, and materially identical facts. See Prime Neuro Spine Inst. v. Blue Cross Blue Shield of Ill., Civ. No. 25-1823, 2025 U.S. Dist. LEXIS 141157, 2025 WL 2058201 (D.N.J. July 23, 2025) (collecting cases and dismissing for lack of personal jurisdiction where New Jersey provider sued BCBSIL to confirm NSA arbitration award). That court, like this one, found that BCBSIL's administration of an out-of-state employer health plan for a member who later sought care in New Jersey was insufficient to establish personal jurisdiction. 2025 U.S. Dist. LEXIS 141157, [WL] at *3. The reasoning in Prime Neuro Spine Inst. is persuasive and fully supports this Court's conclusion here.[3]

## C. Appropriate Remedy

Having concluded that this Court lacks personal jurisdiction over Defendant, the next question is the appropriate disposition of the case. As an initial matter, the Cross-Motion will be denied because this Court lacks jurisdiction over the parties. Next, a court that lacks personal jurisdiction ordinarily must dismiss the case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) ("Personal jurisdiction . . . is an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to an adjudication.") (cleaned up) (citation omitted). However, [*12] "a district court that lacks personal jurisdiction must at least consider a transfer." Danziger & De Llano, LLP v. Morgan Verkamp LLC, 948 F.3d 124, 132 (3d Cir. 2020).

Here, Plaintiff has requested in the alternative that the Court permit amendment of the complaint to supplement jurisdictional allegations or transfer the case to a proper venue. See Opposition Brief, D.E. 10-1, at 20. But amendment under these circumstances would be futile: Plaintiff has already submitted evidentiary material in opposition to Defendant's Rule 12(b)(2) motion, and the jurisdictional facts, which are largely undisputed, do not suggest that additional allegations would cure the deficiency. Nor has Plaintiff identified any meaningful facts suggesting that BCBSIL purposefully directed conduct at New Jersey.

This Court does have discretion to transfer the case under 28 U.S.C. § 1406(a) or § 1631 if it is in the interest of justice to do so. See Goldlawr, Inc. v.

---

[3] This Court notes that Plaintiff dedicates several pages in its opposition brief to argument that this Court has subject matter jurisdiction over the case despite Defendant not moving to dismiss on these grounds. Accordingly, this Court declines to address the arguments contained in pp. 18-20 of the opposition. See Brown v. AST Sports Sci., Inc., Civ. No. 02-1682, 2002 U.S. Dist. LEXIS 12294, 2002 WL 32345935, at *4 (E.D. Pa. June 28, 2002) ("The existence of subject matter jurisdiction and personal jurisdiction are two distinct threshold issues that must be established before a court reaches the merits of a case....")

*Heiman, 369 U.S. 463, 465-66, 82 S. Ct. 913, 8 L. Ed. 2d 39 (1962)*. Transfer is not mandatory. Rather, this Court has "broad discretion" not to transfer. *Jumara v. State Farm Ins. Co., 55 F.3d 873, 883 (3d Cir. 1995)*. Courts are within their discretion to decline to transfer where, as here, there is no indication that refiling would be barred by the statute of limitations or other procedural hurdles. See *Danziger & De Llano, LLP, 948 F.3d at 132-33*.

Because Plaintiff remains free to refile this action in a district where BCBSIL is subject to personal **[*13]** jurisdiction, this Court finds that dismissal without prejudice, rather than transfer, is the most appropriate remedy. This approach conserves judicial resources, avoids speculation as to the proper transferee court, and preserves Plaintiff's ability to reassert its claims in a proper forum if it so chooses.

Accordingly, the Complaint is dismissed without prejudice for lack of personal jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion is **GRANTED** and Plaintiff's Cross- Motion is **DENIED**. An appropriate order follows.

/s/ *Susan D. Wigenton* x

**SUSAN D. WIGENTON, U.S.D.J**.

## ORDER

**WIGENTON**, District Judge.

This matter, having come before this Court on Defendant Blue Cross Blue Shield of Illinois's ("Defendant") Motion to Dismiss (D.E. 8 ("Motion to Dismiss")) Plaintiff Elite Neurophysiology LLC's ("Plaintiff") Complaint (D.E. 1) pursuant to *Federal Rule of Civil Procedure 12(b)(2)* and *12(b)(6)*, as well as Plaintiff's Cross-Motion to Confirm the Arbitration Awards (D.E. 10), and this Court having considered the parties' submissions, for the reasons stated in this Court's Opinion dated August 18, 2025,

**IT IS** on this 18th day of August 2025,

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED**; and it is further

**ORDERED [*14]** that Plaintiff's Cross-Motion is **DENIED**; and it is further

**ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

/s/ *Susan D. Wigenton*

**SUSAN D. WIGENTON, U.S.D.J**.

---

End of Document