# Exhibit O

Cited
As of: November 19, 2025 9:10 PM Z

# Miles v. City of Newark

United States District Court for the District of New Jersey

September 14, 2016, Decided; September 14, 2016, Filed

Civil No: 15-1032 (KSH) (CLW)

**Reporter**
2016 U.S. Dist. LEXIS 125324 *

RAJAHN MILES, Plaintiff, v. CITY OF NEWARK, et al, Defendants.

**Notice:** NOT FOR PUBLICATION

## Core Terms

good cause, summons, personal jurisdiction, Notice, motion to dismiss, district court, reasons

**Counsel:** [*1] For RAJAHN MILES, Plaintiff: BROOKE M. BARNETT, LEAD ATTORNEY, NEWARK, NJ; JARED JOSEPH MAZZEI, LEAD ATTORNEY, BROOKE M. BARNETT & ASSOCIATES, P.C., NEWARK, NJ.

For CITY OF NEWARK, Defendant: WILSON DAVID ANTOINE, LEAD ATTORNEY, City of Newark-Corporation Counsel's Office, Law Department, Civil Litigation, NEWARK, NJ.

**Judges:** Katharine S. Hayden, United States District Judge.

**Opinion by:** Katharine S. Hayden

## Opinion

### I. INTRODUCTION

This case is currently before the Court on a motion (D.E. 9) filed by defendant City of Newark to dismiss the complaint (D.E. 1 ("Compl.")) brought by plaintiff Rajahn Miles. The complaint alleges that around 2 p.m. on February 6, 2013, officers from the City of Newark went to Miles's residence where they were met at the front door by Miles's barking dog. (Compl. ¶¶ 14-16.) Over protests from a neighbor who had come out to see what was happening, one of the officers shot the dog and, without a warrant, the police entered and searched Miles's house. (Compl. ¶¶ 17-20, 22.) When Miles came home, the same officers told him that someone had broken into his residence and was responsible for damage there. (Compl. ¶ 24.) According to the complaint, "Plaintiff's dog was transported to the hospital [*2] and ultimately lived; however Plaintiff was unable to afford the resulting medical bills and was never able to reclaim his dog." (Compl. ¶ 25.)

### II. PROCEDURAL BACKGROUND

On February 6, 2015, exactly two years after the incident, Miles, represented by counsel, brought this case against the City of Newark, unnamed police officers, unnamed public entities, and unnamed employees, managers, and agents of the City of Newark. He brought three counts for violations of his constitutional rights under 42 U.S.C. § 1983: (1) unlawful search of residence; (2) deprivation of property without due process; and (3) failure to implement proper policies, practices, and procedures. (Compl. ¶¶ 26-40.)

Three days after the complaint was filed, on Monday, February 9, 2015, the Clerk of the Court issued a summons to be served along with a copy of the complaint on the defendants. (D.E. 2.) More than 150 days passed without any movement on the case, and on July 27, 2015, the Court issued a Notice of Call for Dismissal "for failure to effect service of the summons and complaint within 120 days of the filing of the complaint." (D.E. 3 (citing to Rule 4(m)).) The notice further stated that "[i]f proof of service is not filed before the return [*3] date, counsel is required to provide sufficient reason through writing for good cause why this action should not be dismissed." (D.E. 3.) Miles did not provide the Court with proof of service upon the City of Newark or any of the unnamed defendants, nor did he submit any explanation for why the action should not be dismissed. Instead, on August 4, 2015, he requested a "fresh summons." (D.E. 4.)

2016 U.S. Dist. LEXIS 125324, *3

A second summons was issued that same day. (D.E. 5.) Again Miles failed to timely serve the City of Newark. More than 120 days passed, and on December 15, 2015, the Court issued another Notice of Call for Dismissal. (D.E. 6.) The following day, more than 10 months after Miles filed his complaint, he served the City of Newark. (D.E. 7.) Miles never provided the Court with proof of timely service nor did he provide "sufficient reason through writing" for his failure to timely serve. (D.E. 3, 6.)

In its first responsive pleading, the City of Newark filed this motion to dismiss (D.E. 9) pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(5) for insufficiency of service of process, and 12(b)(6) for failure to state a claim upon which relief can be granted. Miles filed opposition and the City of Newark [*4] filed a reply brief. (D.E. 13, 15.) The Court makes its decision on the papers.

### III. STANDARD

In order for a district court to exercise personal jurisdiction over a defendant, in serving a summons all procedural requirements mandated by Federal Rule of Civil Procedure 4 must be followed. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Khorozian v. McCullough, 186 F.R.D. 325, 327 (D.N.J. 1999)* citing Omni Capital Int'l v. Rudolf Wolff and Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). As relevant here, Rule 4(m) provides that a plaintiff must serve his summons and complaint within 120 days of filing. After that, the summons expires and is no longer capable of conferring personal jurisdiction. *See Khorozian, 186 F.R.D. at 329*; see also Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 569 (3d Cir. 1996) ("The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case.").

"[I]f a defendant is not served within 120 days after the complaint is filed, the court—on a motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).[1] Where the plaintiff fails to complete service within the prescribed period of time, but "the plaintiff shows [*5] good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

A party may move to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) during its first responsive pleading. Fed. R. Civ. P. 12(h)(1); see McCurdy v. Am Bd. Of Plastic Surgery, 157 F.3d 191, 194 (3d Cir. 1998) ("If a defendant seeks dismissal on the plaintiff's complaint pursuant to Rule 12(b)(5) on the ground that service of process was insufficient or ineffective, it must include that defense either in its answer or together with any other Rule 12 defenses raised in a pre-trial answer motion.")

### IV. LEGAL ANALYSIS

Here, the City of Newark has timely filed its Rule 12(b)(5) defense in its first responsive pleading, where it argues that Miles's complaint should be dismissed because he failed to confer personal jurisdiction upon the City of Newark. Its argument is two-fold: first, the summons was invalid because it was served outside the period prescribed by Rule 4(m); and second, Miles has not shown good cause for his untimely service and no discretionary extension of time is otherwise warranted. [*6]

It is clear from the procedural history of this case that through the Notice of Call for Dismissal, the Court twice demanded proof of service or an explanation for Miles's failure to serve. Miles never responded as directed, and when he finally served the "fresh" or second summons after the second Notice of Call for Dismissal was issued, that second summons had long since expired. Therefore, as it currently stands, the summons fails to confer personal jurisdiction upon the City of Newark.

The question becomes whether there is reason to extend the time Miles may serve the City of Newark. The Third Circuit has developed a two-pronged test for determining whether to extend time of service.

> First, the district court should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case

---

[1] In an attempt to reduce delays at the beginning of litigation, effective December 1, 2015, the presumptive time to serve a defendant decreased from 120 days to 90 days. *Id.* The Court applies Rule 4(m) as in effect at the time of filing.

without prejudice or extend time for service.

Crutchley v. Sun Dog Marina, Inc., 2011 U.S. Dist. LEXIS 139836, 2011 WL 6071807 at *4 (D.N.J. Dec. 5, 2011) (Rodriguez, J.) (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995)).

In assessing the mandatory "good cause" prong, the Court examines the plaintiff's reasons for failing to comply with the time limit. A [*7] showing of good cause "requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified by the rule." Mathies v. Silver, 450 F. App'x 219, 222 (3d Cir. 2011) (per curiam) (citing MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995)). In determining if good cause exists, a court considers (1) reasonableness of plaintiff's effort to effectuate timely service; (2) prejudice to defendant resulting from untimely service; and (3) plaintiff's previous attempts at an enlargement of time. MCI Telecomm. Corp., 71 F.3d at 1096.

As indicated above, Miles never offered an explanation for failing to serve in a timely manner until this motion was made and he filed opposition to this motion. Now he argues that good cause exists because "the counsel for the plaintiff was advised by his paralegal that the complaint went out for service." D.E. 13 at 4. However, "reliance upon a third party or on a process server is an insufficient basis to constitute good cause for failure to timely serve, and is also an insufficient basis for granting an extension of time to effect service." Crutchley, 2011 U.S. Dist. LEXIS 139836, 2011 WL 6071807 at *6 (citing Petrucelli, 46 F.3d at 1307). Miles also argues that there is no prejudice to the defendant because the plaintiff "is unable to determine the officers' names until the discovery period . . . [and] [*8] [t]he plaintiff's witness is available to testify as well." This conclusory explanation fails; crediting it renders procedural rules meaningless. Miles has failed to demonstrate sufficient diligence or a reasonable basis for noncompliance with Rule 4(m) and the Court finds that no mandatory extension for good cause is required or appropriate.

Moving to the next step of the analysis, the Court must determine whether to exercise discretion and may consider several factors, including: whether the statute of limitations forecloses re-filing of the complaint; the conduct of the defendant, in particular whether the defendant attempted to evade service; the conduct of the plaintiff, specifically whether the plaintiff is represented by counsel; and other equitable reasons for granting relief. Mathies, 450 F.App'x at 223; see also Crutchley, 2011 U.S. Dist. LEXIS 139836, 2011 WL 6071807 at *4 (outlining all factors that have been considered by New Jersey district courts).

Here Miles rests on a single factor -- the statute of limitations has run on his claims. That is not a game-changer, however; it is well recognized that "the expiration of the statute of limitations does not require the court to extend the time for service, as the court has discretion to dismiss the case even if the refiling [*9] of the action is barred." MCI Telecommunications Corp., 71 F.3d at 1098 (citing Petrucelli, 46 F.3d at 1305). Moreover, where the complaint was filed at the end of the limitations period, the Court may view the running of the statute of limitations "in a light less favorable to the plaintiff." Crutchley, 2011 U.S. Dist. LEXIS 139836, 2011 WL 6071807 at *6 (quoting McCurdy, 157 F.3d at 196) (internal quotations omitted). Here the complaint was filed on the last possible day, and was not served until more than 10 months passed. Additionally, the Court has not been advised that the City of Newark attempted to evade service. Also, Miles is not a *pro se* plaintiff. It is evident that exercising discretion would mock the rules and the guidance given to district courts in weighing procedural missteps. Indeed, calling this scenario a "misstep" is being kind.

In light of the Court's procedural dismissal it need not address the City of Newark's motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6). Notwithstanding, the Court notes that Miles's opposition on this point does not persuade the Court that there are reasons to preserve the lawsuit on merits grounds. In full, the argument states:

> The plaintiff made an effort to secure Incident Reports from the night in question; however, has yet to receive any further communication from the Newark Police [*10] Department regarding the same. This office made numerous inquiries with the police department as well as the city which resulted in no information. After months of attempting to obtain the information, counsel for plaintiff felt it was simply better to obtain the documents during the discovery period. Despite the defendant's assertion, plaintiff's witness is available to testify. There was no damage prior to the plaintiff leaving that day; nor was anything stolen from his residence.

The Court does not see Miles's reasoning for why the lawsuit should not be dismissed, and how his inability to obtain discovery affects Miles's ability to state a claim.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss is **granted**. The case is **dismissed**[2] and the Clerk of the Court is directed to close the case.[3] An appropriate order will follow.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

Date: September [*11] 14, 2016

## ORDER

**Katharine S. Hayden, U.S.D.J.**

**THIS MATTER** having come before the Court on a motion (D.E. 9) filed by defendant City of Newark to dismiss the complaint (D.E. 1) brought by plaintiff Rajahn Miles; the Court having considered the submissions of the parties; and for the reasons set forth in the opinion filed herewith,

**IT IS** on this 14th day of September, 2016, hereby

**ORDERED** that City of Newark's motion to dismiss is **granted**; and it is further

**ORDERED** that Miles's complaint (D.E. 1) is **dismissed** and the Clerk of the Court is directed to close this case. As noted in the Court's opinion, this dismissal as to Newark is with prejudice and as to any other defendant, the case is procedurally ready to be closed.

/s/ Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.

**End of Document**

---

[2] While this case is technically dismissed without prejudice, the statute of limitations has run on all three pleaded counts, so this dismissal is essentially one with prejudice.

[3] None of the unnamed defendants referenced in this case has been served and so these defendants are also dismissed.