# Exhibit Q

No *Shepard's* Signal™
As of: November 19, 2025 9:07 PM Z

# Thurston L. Offs. LLC v. Rue

United States District Court for the District of New Jersey, Camden Vicinage

September 9, 2025, Decided; September 9, 2025, Filed

Civil No. 24-11533 (ESK/MJS)

**Reporter**
2025 U.S. Dist. LEXIS 175416 *; 2025 LX 381589; 2025 WL 2603452

THURSTON LAW OFFICES LLC, Plaintiff, v. JOHN D. RUE, Defendant.

## Core Terms

default, amended complaint, entry of default, vacate

**Counsel:** [*1] For THURSTON LAW OFFICES LLC, Plaintiff: ROBERT CRAIG THURSTON, THURSTON LAW OFFICES LLC, MARLTON, NJ.

For JOHN D. RUE, Defendant: JEREMY JOHN ZACHARIAS, LEAD ATTORNEY, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C., MOUNT LAUREL, NJ; JOHN L. SLIMM, LEAD ATTORNEY, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, PC, Mount Laurel, NJ.

**Judges:** MATTHEW J. SKAHILL, United States Magistrate Judge.

**Opinion by:** MATTHEW J. SKAHILL

## Opinion

**OPINION AND ORDER**

This matter comes before the Court on the motion by defendant John D. Rue ("Defendant") to vacate the entry of default and extend the time to answer the amended complaint. ECF No. 16. Plaintiff Thurston Law Offices, LLC ("Plaintiff") opposes the motion. ECF No. 17. Pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the following reasons, Defendant's motion is **GRANTED**.

**I. Procedural History**

Plaintiff commenced this action by filing a complaint on December 31, 2024, seeking over $950,000 in compensatory damages for alleged intentional interference with Plaintiff's business and $1,500,000 in punitive damages to prevent further interference. ECF No. 1 at 16 ¶56. Plaintiff also requests injunctive relief to enjoin Defendant from further interference. Id. [*2] On January 24, 2025, Defendant successfully filed an application pursuant to Local Civil Rule 6.1(b) for a 14-day extension to respond to the complaint. ECF No. 9. On February 5, 2025, Defendant filed a motion seeking additional time to respond to the complaint (specifically, until 45 days after the Court resolved a motion [ECF No. 588] pending in C.P. v. N.J. Dep't of Educ., Civ. No. 19-12807 (D.N.J. filed Oct. 24, 2024)). That motion was resolved on May 29, 2025. Id. at ECF No. 609.

On February 12, 2025, Plaintiff filed an amended complaint. ECF No. 11. On February 27, 2025, Plaintiff sought and obtained an entry of default against Defendant under Federal Rule of Civil Procedure 55(a). ECF No. 12. That same day, Defendant unsuccessfully filed an application pursuant to Local Civil Rule 6.1(b) for an extension of the deadline to respond to the amended complaint. ECF No. 13. Defendant subsequently filed the present motion to set aside the entry of default pursuant to Federal Rule of Civil Procedure 55(c) and to extend the time to respond to the amended complaint. ECF No. 16.

**II. Discussion**

Federal Rule of Civil Procedure 55 requires the clerk of court to enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend" against the action. Fed. R. Civ. P. 55(a). However, the Court may vacate the entry of default for "good cause." Fed. R. Civ. P. 55(c). In determining whether good cause warrants setting aside an entry of default, courts examine "(1) whether the

plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016) (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).[1]

"The decision to vacate the entry of default [*3] is within the discretion of the court." Engie Power & Gas LLC v. Adorama N.J., Civ. No. 24-6480, 2024 U.S. Dist. LEXIS 208746, 2024 WL 4818772, at *1 (D.N.J. Nov. 18, 2024). However, the Third Circuit has made clear that "[it] prefer[s] that cases be adjudicated on the merits." Catanzaro v. Fischer, 570 F.App'x 162, 165 (3d Cir. 2014) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("noting that '[the Third Circuit has] repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable'"). Thus "doubtful cases [must] be resolved in favor of the party moving to set aside the default judgment 'so that the cases may be decided on their merits.'" $ 55,518.05 in U.S. Currency, 728 F.2d at 194-95 (quotations omitted); Engie Power & Gas LLC, 2024 U.S. Dist. LEXIS 208746, 2024 WL 4818772, at *1; Kelly v. Vigilint Expeditionary Sols., Inc., Civ. No. 24-503, 2024 U.S. Dist. LEXIS 196103, 2024 WL 4607436, at *2 (D.N.J. Oct. 29, 2024). Here, the relevant factors weigh in favor of setting aside the entry of default.

First, while Plaintiff raises concerns about potential prejudice—including delays in discovery and initial disclosures, as well as reduced possibility of recovery as related cases are resolved against Defendant, ECF No. 17 at 4-5, these factors do not outweigh the strong policy favoring decisions on the merits. Indeed, "[d]elay is rarely sufficiently prejudicial to prevent vacating default." Kelly, 2024 U.S. Dist. LEXIS 196103, 2024 WL 4607436, at *2 (quoting Brink v. Bormann, Civ. No. 23-497, 2024 U.S. Dist. LEXIS 111395, 2024 WL 3159433, at *3 (D.N.J. June 25, 2024)). Moreover, while "loss of available evidence, increased potential for fraud or collusion, substantial reliance upon the [default] judgment,' or 'some other occurrence that tends to impair the [party's] ability to pursue its claims'" may [*4] support a finding of prejudice,[2] Plaintiff has not sufficiently made any such showing. Rather, Plaintiff's suggestions of prejudice, at this early stage of the litigation, are only speculative. Accordingly, this factor weighs in favor of vacating default.

Second, the Court finds that, for purposes of setting aside default under Rule 55(c), Defendant states a plausibly meritorious defense. Here, Defendant's motion [ECF No. 16], states his intent to file a response to the amended complaint. The accompanying declaration in Defendant's reply brief [ECF No. 19-1] contains specific rebuttals and defenses to Plaintiff's claims.[3] The reply brief also contains a draft answer [ECF No. 19-2], which asserts 29 affirmative defenses. The Court stresses that it does not need to decide the strength of Defendant's defenses at this stage; having found the defenses are not "facially unmeritorious." Kelly, 2024 U.S. Dist. LEXIS 196103, 2024 WL 4607436, at *5. Moreover, "[i]n cases seeking to vacate only the entry of default, as opposed to the default judgment, 'courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exits.'" DirecTV, LLC v. Alvarez, Civ. No. 15-6827, 2017 U.S. Dist. LEXIS 159133, 2017 WL 4284526, *3 (D.N.J. Sept. 27, 2017) (quoting Mike Rosen & Assocs., P.C. v. Omega Builders, Ltd., 940 F.Supp. 115, 121 (E.D. Pa. 1996)). Considering the Third Circuit's preferences for resolving [*5] cases on their merits rather than by default and for resolving doubts in favor of the defaulting party, the Court finds that Defendant has met the minimal showing required for a meritorious defense at this early stage of the litigation.

Third, the Court finds that Defendant's failure to respond to Plaintiff's complaint was neither the result of bad faith nor any other culpable conduct by the Defendant. Culpable conduct is more than mere negligence; it is "willful, intentional, reckless or bad faith behavior." Malibu Media, LLC v. Waller, Civ. No. 15-3002, 2016

---

[1] Motions to vacate a default are held to a lesser standard and granted more readily than motions to vacate a default judgment. See HEI Invs., LLC v. Black Diamond Cap. Appreciation Fund, LP, Civ. No. 15-746, 2016 U.S. Dist. LEXIS 32589, 2016 WL 952338, at *2 (D.N.J. Mar. 14, 2016).

[2] Id. (quoting Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Engie Power & Gas LLC, 2024 U.S. Dist. LEXIS 208746, 2024 WL 4818772, at *2.

[3] The Court declines Plaintiff's invitation [ECF No. 20] to strike Defendant's reply brief [ECF No. 19], which Plaintiff deems a "sur-reply" due to Defendant's earlier letter [ECF No. 18]. The Court does not find that Defendant's letter [ECF No. 18] constituted a reply brief nor does the Court find it to be an "improper" communication, as suggested. Thus, the Court treats the reply brief [ECF No. 19] as properly filed and considers it as such.

U.S. Dist. LEXIS 5265, 2016 WL 184422, at *4 (D.N.J. Jan. 15, 2016); see also Hritz v. Woma Corp., 732 F.2d 1178, 1183 (3d Cir. 1984). That is not the case here. Counsel for Defendant, who was actively engaged in the litigation, certifies that he did not respond to the amended complaint due to the pending motion for enlargement of time [ECF No. 10] filed in response to the original complaint. ECF No. 16-2 at ¶8. While a response was due in fourteen days to the amended complaint (or alternatively a renewed motion to enlarge the time to respond to the amended complaint), as provided for by Fed. R. Civ. P. 15(a)(3), this delay is hardly willful, intentional, reckless, or in bad faith. On the contrary, Defendant attempted unsuccessfully to file an application pursuant to L. Civ R. 6.1(b) for an extension of the deadline to respond to the amended **[*6]** complaint on the same day Plaintiff sought and obtained an entry of default against Defendant under Rule 55(a). ECF Nos. 12, 13. Moreover, on March 4, 2025, counsel exchanged a series of emails, in which Plaintiff would not consent to Defendant filing his answer because Defendant would not entirely forgo the opportunity to challenge the amended complaint by motion. ECF No. 17-1. There is nothing in the record to suggest that Defendant's failure to respond was the result of bad faith or other willful, intentional, reckless conduct and this factor weighs in favor of vacating default.

### III. Conclusion

For the reasons above, the Court, in its discretion, finds that Defendant has demonstrated good cause to set aside the entry of default under Fed. R. Civ. P. 55(c). Defendant shall have 10 days to file an answer to the amended complaint. Accordingly,

**IT IS**, therefore, on this **9th** day of **September 2025**,

**ORDERED** that the motion [ECF No. 16] to set aside default and extend time to answer the amended complaint is **GRANTED**; and it is further

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 55(c), the Clerk's entry of default against Defendant shall be set aside; and it is further

**ORDERED** that Defendant shall file its answer to the amended complaint within 10 **[*7]** days of this Order or else be subject to reinstatement of default without further notice; and it is further

**ORDERED** that the Clerk's Office shall administratively terminate Defendant's motion for enlargement of time to respond to the original complaint [ECF No. 10] as that complaint is no longer operative and the Defendant shall respond to the amended complaint consistent with this Order.

/s/ Matthew J. Skahill

MATTHEW J. SKAHILL

United States Magistrate Judge

---

**End of Document**