UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON COPELAND<br>　　　　　　　　　　　Plaintiff,<br>vs.<br>POLIQUIN GROUP, a business entity, form unknown, POLIQUIN PERFORMANCE CENTER 2 LLC, CAROLEEN KANDEL A/K/A CAROLEEN KANEL A/K/A CAROLEEN JONES, an individual, JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC, WE DO PRIVATE LABEL LLC, MICHIGAN ELITE CONDITIONING FOR ATHLETES LLC A/K/A MECA, JOHN DOES 1-30, ABC CORPORATIONS 1-30 and XYZ PARTNERSHIPS 1-30, unidentified individuals, corporations and partnerships (fictitious designations);<br>　　　　　　　　　　　Defendant(s). | Civ. No. : 1:19-cv-20278-ESK-EAP<br><br>**DECLARATION OF EMILY K. DECLERCQ, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED APPEARANCES** |

**DECLARATION OF EMILY K. DECLERCQ, ESQ. IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE UNAUTHORIZED APPEARANCES**

I, Emily K. Declercq, hereby declare under penalty of perjury:

I, Emily K. Declercq, declare as follows:

1. I am counsel for Plaintiff and make this declaration based on personal knowledge arising from my representation and review of the docket.

2. JAD Nutrition, LLC was served through the Minnesota Secretary of State on May 18, 2023. JAD never responded and default was entered. No attorney has ever produced any

1

communication with JAD or any authorization from JAD permitting an appearance in this action.

3. During the October 31, 2025 conference, the Court questioned defense counsel regarding whom she represented. Counsel stated she was "not coverage counsel," but also that she had been "retained by the carrier." Counsel did not disclose that she had never spoken to anyone at JAD.

4. On November 18, 2025, in ECF No. 218, defense counsel confirmed: "We have never spoken to anyone at JAD." Despite this, counsel continues to file papers on JAD's behalf.

5. On November 20, 2025, I received a declination letter from a different law firm by email from Meagher + Geer, who has not entered an appearance. The letter was not filed on ECF, was not addressed to the Court, and was not certified as served. It was later referenced in ECF No. 223 but still not submitted to the Court. A true copy is attached as Exhibit A.

6. At no point has any counsel purportedly representing JAD submitted evidence of authority.

7. Counsel's unauthorized appearances have prejudiced Plaintiff by delaying adjudication of Plaintiff's fully-briefed Motion for Default Judgment and forcing unnecessary motion practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 25, 2025

*/s/ Emily K. Declercq*
Emily K. Declercq, Esq.
Counsel for Plaintiff

2