# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON COPELAND,<br><br>　　　　　Plaintiff(s),<br><br>　　v.<br><br>POLIQUIN GROUP, a business entity, form unknown, POLIQUIN PERFORMANCE CENTER 2 LLC, CAROLEEN KANDEL A/K/A CAROLEEN KANEL A/K/A CAROLEEN JONES, an individual, JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC, WE DO PRIVATE LABEL LLC, MICHIGAN ELITE CONDITIONING FOR ATHLETES LLC A/K/A MECA, JOHN DOES 1-30, ABC CORPORATIONS 1-30 and XYZ PARTNERSHIPS 1-30, unidentified individuals, corporations and partnerships (fictitious designations),<br><br>　　　　　Defendants. | Civil No. 1:19-cv-20278-ESK-EAP |

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**



111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel: 908-374-0336
rnudel@hinshawlaw.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS .....................................................................................1

LEGAL STANDARD ............................................................................................5

    I.    WITHDRAWAL OF THE INSTANT REPRESENTATION IS WARRANTED BECAUSE COUNSEL HAS BEEN UNABLE TO LOCATE A CLIENT CONTACT DESPITE DILIGENT EFFORTS AND PROCEEDING WITHOUT A CLIENT CONTACT WOULD MAKE CONTINUED REPRESENTATION UNTENABLE. ..................................................5

        A.    Withdrawal can be accomplished without material adverse effect on the interest of the client or prejudice to other litigants. ..........................................................................................8

        B.    Withdrawal will not cause harm to the administration of justice. ............................................................................................10

        C.    Withdrawal will not delay the resolution of this case ...............10

        D.    Denial of the instant motion will result in an undue hardship. .................................................................................11

CONCLUSION ....................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Delso v. Trustees for Ret. Plan for Hourly Employees of Merck & Co., Inc.*,
  C.A. No. 04-3009 (AET), 2007 U.S. Dist. LEXIS 16643 (D.N.J. March 6, 2007)................... 5

*Employers Reinsurance Corp. v. Sarris*,
  *746 F. Supp. 560, 1990 U.S. Dist. LEXIS 11829* ....................................................................... 9

*Haines v. Liggett Group,*
  814 F. Supp. 414, 423 (D.N.J. 1993) ....................................................................................... 11

*Ramada Worldwide Inc. v. NPR Hospitality Inc.*,
  C.A. No. 06-4966 (WHW), 2008 U.S. Dist. LEXIS 3261 (D.N.J. Jan. 16, 2008) ..................................................................................................................................... 7

*Rusinow v. Kamara*,
  920 F. Supp. 69 (D.N.J. 1996) ................................................................................................... 5

**Statutes**

Civ. R. 78.1(a) ................................................................................................................................. 4

Civ. R. 102.1 ................................................................................................................................... 5

RPC 1.16(b) ..................................................................................................................................... 5

RPC 1.16(b)(1) ................................................................................................................................. 5

RPC 1.16(b)(5) ................................................................................................................................. 5

RPC 1.16(b)(6) ................................................................................................................................. 6

RPC 1.16 (b)(7) ................................................................................................................................ 6

# INTRODUCTION

Good cause exists to grant the instant motion for withdrawal as counsel because, despite various efforts, we have been unable to reach a client representative which precludes their ability to cooperate and assist in the defense of this action, as well as our ability to defend them. This makes continued representation of JAD in this action impossible as we will be unable to defend plaintiff's substantive claims or to participate in discovery or continued litigation. Moreover, there is no known insurance coverage for this inactive LLC.

As more fully set forth below, withdrawal of the instant representation would simply return the parties to *status quo* and therefore, no prejudice would ensue. On the contrary, denial of the instant motion would result in an untenable representation and will result in hardship to counsel.

# STATEMENT OF FACTS

On October 11, 2019, Plaintiff Brandon Copeland (hereinafter "Copeland" or "Plaintiff") filed his Complaint against Poliquin Group and Poliquin Performance Center 2, LLC in New Jersey state court. Dkt. 1-1. JAD was not named as a defendant. *See* Dkt. 1-1. Poliquin removed the case to this Court. Dkt 1. On April 21, 2021, Plaintiff filed his First Amended Complaint, adding Caroleen Jones as a defendant. Dkt. 34. JAD Nutrition was still not named as a defendant. On April 13,

2022, Plaintiff filed his Second Amended Complaint, adding JAD Nutrition as a defendant. Dkt. 59. Plaintiff did not serve JAD Nutrition with the Second Amended Complaint. On September 1, 2022, Plaintiff filed his Third Amended Complaint. Dkt. 83. Six months later, Plaintiff first requested that summons for the Third Amended Complaint be issued for JAD. Dkt. 95. Plaintiff claims he served JAD with the Third Amended Complaint through service on the Minnesota Secretary of State on May 18, 2023. Dkt. 99. This service occurred nine and half months after Plaintiff filed his Third Amended Complaint. Plaintiff attached a Service of Process Acknowledgement from the Minnesota Secretary State, which does not definitively establish that JAD received a copy of the Summons and Third Amended Complaint. *See* Dkt. 99. On June 12, 2024, Plaintiff filed his Fourth Amended Complaint, which replaced and nullified his prior Complaints. *See* Dkt. 130.

On November 27, 2024, Plaintiff moved for a Clerk's Entry of Default against JAD based on the failure to respond to the Third Amended Complaint. Dkt. 153. Plaintiff claimed he served JAD Nutrition with the Third Amended Complaint, which he described as the "operative complaint," and that JAD Nutrition failed to respond. Dkt. 153. The Clerk's Office entered the Entry of Default on November 27, 2024. *See* Text Order Entry dated 11/27/24.

On October 8, 2025, Plaintiff filed a motion for default judgment against JAD Nutrition. This motion was originally set for November 3, 2025.

2

On October 21, 2025 the undersigned was requested by Evanston Insurance Company ("EIC") to represent the interests of JAD. This request for representation was precipitated by an urgent need to address the motion for default judgment against JAD that was pending at that time. On October 22, 2025, the undersigned filed a Notice of Appearance on behalf of JAD. Dkt. 205. On October 23, 2025, the undersigned filed an application requesting the adjournment of Plaintiff's motion for a default judgment against JAD. Dkt. 206. The court granted the application and Plaintiff's motion for default judgment against JAD was adjourned to December 15, 2025. Dkt. 210.

The undersigned undertook efforts to locate a representative for JAD through telephone calls, correspondence, various internet searches and contact with a prior landlord.

On November 14, 2025, the undersigned was informed by EIC that they would be issuing a denial of coverage to JAD and that they would be providing the basis for that denial to plaintiff's counsel.

November 20, 2025, the undersigned received a copy of the letter sent to plaintiff's counsel by Meagher & Geer, coverage counsel in this matter for EIC advising that there is no insurance coverage available for JAD under the April 10, 2017 Policy.

On November 21, 2025, acting in the best interests of JAD, the undersigned

3

filed a motion to vacate the default judgment against JAD (Dkt. No. 225,) which was the last day pursuant to L. Civ. R. 78.1(a) to file this motion.

On November 24, 2025, the Court *sua sponte* administratively terminated plaintiff's motion for a default judgment against JAD (Dkt. 226.)

On November 25, 2025, plaintiff's counsel filed a motion to strike the appearance of counsel for JAD (Dkt. 227) and an application requesting a stay of JAD's motion (Dkt. 228.) On November 26, 2025, the undersigned filed a responsive letter to plaintiff's application and advised the court and all counsel that we would be moving to withdraw as counsel (Dkt. 229.) On December 2, 2025, counsel for plaintiff and JAD appeared for a Court Conference at which time the Court issued an Order adjourning JAD's motion to vacate the default to January 5, 2026. The Court also directed the undersigned to file any motions to withdraw as counsel by December 12, 2025. Finally, the court administratively terminated plaintiff's motion to strike pending the resolution of this motion to withdraw as counsel (Dkt. 234.)

4

## LEGAL STANDARD

**I. WITHDRAWAL OF THE INSTANT REPRESENTATION IS WARRANTED BECAUSE COUNSEL HAS BEEN UNABLE TO LOCATE A CLIENT CONTACT DESPITE DILIGENT EFFORTS AND PROCEEDING WITHOUT A CLIENT CONTACT WOULD MAKE CONTINUED REPRESENTATION UNTENABLE.**

Pursuant to L. Civ. R. 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court. *Rusinow v. Kamara*, 920 F. Supp. 69, 71 (D.N.J. 1996). In deciding whether to permit an attorney to withdraw, the Court should consider: 1) the reasons why withdrawal is sought, 2) the prejudice withdrawal may cause to other litigants, 3) the harm withdrawal might cause to the administration of justice, and 4) the degree to which withdrawal will delay the resolution of the case. Ultimately, whether to permit withdrawal is within the Court's discretion. *Id.* at 71.

In cases such as this, the District courts refer to the New Jersey Rules of Professional Conduct ("RPC"). *Delso v. Trustees for Ret. Plan for Hourly Employees of Merck & Co., Inc.*, C.A. No. 04-3009 (AET), 2007 U.S. Dist. LEXIS 16643 (D.N.J. March 6, 2007).

Pursuant to RPC 1.16(b) a lawyer may withdraw from representing a client if under the following circumstances:

- RPC 1.16(b)(1) "withdrawal can be accomplished without material adverse effect on the interest of the client"

- RPC 1.16(b)(5) if "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled."

- RPC 1.16(b)(6) if the representation "has been rendered unreasonably difficult by the client" or "the representation will result in an unreasonable financial burden."

- RPC 1.16 (b)(7) for "other good cause."

Here, all of the above bases outlined in the RPC would apply to the instant withdrawal application. As set forth in the accompanying Declaration and prior correspondence, all of these bases are applicable and predicated on the fact that we have not been able to make contact with anyone from JAD despite various attempts, which included checking corporate records, numerous telephone calls, internet searches and correspondence.

Efforts to contact a representative of the client included several telephone calls to their last known telephone number, with that number no longer belonging to JAD but to General Homecare, an entirely unrelated entity. *See* Nudel Decl. par. 13.

Further searches included a corporate records search with the Minnesota Secretary of State, as well as multiple internet searches for any information regarding the entity or its principals. *Id* at pars. 12, 14, 16, 17 & 18.

Additional attempts to locate a client contact included telephone calls made and correspondence also sent to the last-known landlord who did not have any information for JAD. *Id.* at par. 15. Additional correspondence was also sent to an individual potential client representative based on information obtained through public internet searches. None of these attempts yielded any responses. *Id.* at 16-18.

In this matter, while despite efforts, we were unable to make contact with a client representative, the pending motion to vacate the default against them raised procedural and jurisdictional issues which warrant the vacating of the default against JAD and client contact was not absolutely necessary to raise these issues. Continued defense and/or representation of JAD, however, necessarily requires both client contact and cooperation without which any further defense would be impossible.

Good cause to withdraw a counsel exists where a lawyer is unable to contact their clients and the clients fail to fulfill the obligation to cooperate and assist in their defense; *See Ramada Worldwide Inc. v. NPR Hospitality Inc.,* C.A. No. 06-4966 (WHW), 2008 U.S. Dist. LEXIS 3261, at *2 (D.N.J. Jan. 16, 2008). Here, we cannot continue with this representation without a client contact or representative, without

7

which we are unable to ascertain any information that would be necessary to defend the substantive claims and allegations asserted by plaintiff.

Moreover, without a witness or client contact with institutional knowledge necessary to address and defend plaintiff's claims, we will not be able to participate in discovery, provide any written discovery responses or produce a witness for deposition or trial.

**A.     Withdrawal can be accomplished without material adverse effect on the interest of the client or prejudice to other litigants.**

Here, there would be no prejudice to any party if this motion is granted. Regarding JAD, they would return to *status quo* upon the granting of this motion to withdraw as counsel and would, at worst, revert to the same position that they were in before the undersigned was assigned and appeared as counsel.

At best, if the court grants JAD's pending motion to vacate the default, JAD will be in a better position than they were in prior to the commencement of the subject representation.

Similarly, there is no prejudice to plaintiff as he too, would either revert to the *status quo* position or be required to address the procedural and jurisdictional issues with the subject default.

8

Under either scenario, denial of the instant motion to withdraw as counsel would not provide any benefit to either party here, but would only result in a hardship to counsel.

Moreover, while this action has been active since 2019, plaintiff's case against JAD is in the very early stages as there has been no activity in the litigation against JAD aside from the filings and motion practice with respect to the default against them. Therefore, there are no issues here with respect to the case schedule as it pertains to JAD, such as a lengthy representation by counsel or impending trial that should preclude withdrawal. *See, Employers Reinsurance Corp. v. Sarris, 746 F. Supp. 560, 1990 U.S. Dist. LEXIS 11829* (imminence of trial and absence of substitute counsel were key factors in denying counsel's leave to withdraw.)

While there is no proposed substitute counsel here, which is why the instant motion is necessary, because the parties would revert to *status quo* upon the granting of the instant motion to withdraw as counsel, if JAD remains a party to this case, is ever identified, located and becomes aware of this action, they would be free to retain counsel. As there has been no discovery in which JAD participated, impending trial or any significant activity with respect to JAD's role in this action aside from the pending motion practice, this withdrawal will not result in prejudice or adversely affect any party.

9

For the reasons set forth above, withdrawal can be accomplished without material adverse effect on the interest of the client or prejudice of other litigants.

**B.	Withdrawal will not cause harm to the administration of justice.**

As stated above, withdrawal will not cause harm to the administration of justice. On the contrary, denial of the instant motion is likely to result in such harm because, as stated above, without a cooperative client contact, the undersigned counsel will be unable to defend this case.

**C.	Withdrawal will not delay the resolution of this case.**

As set forth above, withdrawal will simply revert the parties to their *status quo* before the undersigned's appearance. Any argument that this withdrawal would delay the resolution of this case is simply without merit. Coupled together with JAD's pending motion to vacate the default against them, if the court grants this motion, plaintiff may need to address procedural and/or jurisdictional issues. If, that motion is denied, the parties would revert to *status quo* and plaintiff would continue their attempts to obtain a judgment over a non-active LLC. without any known insurance coverage for the subject loss, and withdrawal would have no impact on this.

**D.      Denial of the instant motion will result in an undue hardship.**

While "[f]ederal law does not expressly permit withdrawal by an attorney on the ground of financial hardship," 814 F. Supp. at 423, R.P.C. 1.16(b)(6) expressly provides that a lawyer may withdraw if "the representation will result in an unreasonable financial burden on the lawyer. . . [.]" *See Haines v. Liggett Group*, Inc., 814 F. Supp. 414, 423 (D.N.J. 1993).

Here, because there is no insurance coverage of any kind for JAD with EIC, denial of the instant motion and requirement to continue with this representation may result in an additional hardship to the firm and counsel.

## CONCLUSION

Good cause exists to grant the instant motion for withdrawal as counsel is unable to proceed with this representation without a client contact and cooperation, which has not been obtained here despite a good faith effort. Moreover, there is no known insurance coverage for this inactive LLC.

As more fully set forth above, withdrawal of the instant representation would

11

simply return the parties to *status quo* and therefore, no prejudice or hardship would ensue to any party.

Dated: December 12, 2025

Respectfully submitted:

_____
Rachel Nudel, Esq. (RN 8552)
April Villaverde, Esq. (AV 1679)
**HINSHAW & CULBERTSON LLP**
111 Wood Avene South, Ste. 210
Iselin, New Jersey 08830
Telephone: (908) 292-0018
Facsimile: (312) 704-3001
Email: rnudel@hinshawlaw.com

*Attorneys for Defendant JAD Nutrition, LLC d/b/a Xtreme Formulations*

12