# Exhibit I


Positive
As of: December 11, 2025 8:58 PM Z

# *Ramada Worldwide, Inc. v. NPR Hospitality, Inc.*

United States District Court for the District of New Jersey

January 16, 2008, Decided; January 16, 2008, Filed

Civil Action No. 06-4966 (WHW)

**Reporter**
2008 U.S. Dist. LEXIS 3261 *; 2008 WL 163641

RAMADA WORLDWIDE INC., formerly known as RAMADA FRANCHISE SYSTEMS, INC., a Delaware Corporation, Plaintiff, v. NPR HOSPITALITY INC., a Texas Corporation, KANTI PATEL, an individual, RANJANBALA PATEL, an individual, and GIRISH PATEL, an individual, Defendants.

**Notice:** NOT FOR PUBLICATION

**Prior History:** *Ramada Worldwide, Inc. v. Sayo, Inc., 2007 U.S. Dist. LEXIS 96010 (D.N.J., July 10, 2007)*

## Core Terms

license agreement, Marks, default judgment, counterclaim, recurring, liquidated damages, damages, entry of default, attorney's fees, terminated, notice, motion for default, motion to withdraw, district court, requests, motion to strike, default

**Counsel:** [*1] For RAMADA WORLDWIDE INC., a Delaware Corporation, formerly known as RAMADA FRANCHISE SYSTEMS, INC., Plaintiff: DAVID S. SAGER, LEAD ATTORNEY, DAY PITNEY, LLP, MORRISTOWN, NJ; DENNIS R. LAFIURA, LEAD ATTORNEY, DAY PITNEY, LLP, MORRISTIOWN, NJ.

For RAMADA WORLDWIDE INC., a Delaware Corporation, Counter Defendant: DAVID S. SAGER, LEAD ATTORNEY, DAY PITNEY, LLP, MORRISTOWN, NJ.

**Judges:** William H. Walls, United States Senior District Judge.

**Opinion by:** William H. Walls

## Opinion

***Walls, Senior District Judge***

Plaintiff Ramada Worldwide, Inc. ("Ramada") moves to strike the answer and counterclaim of Defendants NPR Hospitality Inc. ("NPR"), Kanti Patel, and Girish Patel (collectively the "Defendants") and for final judgment by default pursuant to *Federal Rules of Civil Procedure 55(b)(2)*. Ramada also requests that this Court dismiss the Complaint as to defendant Ranjanbala Patel without prejudice. Defendants have not opposed the motion. This motion is decided without oral argument pursuant to *Federal Rules Civil Procedure 78*. Ramada's motion to strike and for default judgment is granted. The Complaint as to defendant Ranjanbala Patel is dismissed without prejudice.

### BACKGROUND

Ramada, a Delaware corporation with its principal [*2] place of business in Parsippany, New Jersey, is a franchisor of lodging facilities. (Dkt. Entry No. 1, Complaint P 1 (filed on Oct. 17, 2006) ("Compl.").) Defendant NPR is a Texas corporation with its principal place of business in San Antonio Texas. (*Id.* at P 2.) Defendants Kanti Patel, Ranjanbala Patel and Girish Patel are citizens of the State of Texas. (*Id.* at PP 3-5.)

This matter arises out of a license agreement dated April 7, 2001 between Ramada and NPR (the "License Agreement") for the operation of a sixty-room quest lodging facility located at 3939 East Houston Street, San Antonio, Texas (the "Facility"). (Compl. P 9.) NPR was obligated to operate the Facility as a Ramada guest lodging facility for 15 years, during which time NPR was permitted to use the Ramada marks in association with its operation of the Facility as part of Ramada's franchise system. (Affidavit of K. Noel Hedges P 6 (Dkt. Entry No. 15, filed Oct. 19, 2007) ("Hedges Aff.").)

According to the License Agreement, NPR was required to make certain periodic payments to Ramada for royalties, service assessments, taxes, interest,

reservation system assessments and other fees (collectively, "recurring fees"). (*Id.* at P 7.) **[*3]** Under section 11.2 of the License Agreement, Ramada could terminate the agreement, with notice to NPR, if NPR (a) discontinued operating the Facility as a Ramada guest lodging establishment or (b) lost possession or the right to possession of the Facility. (*Id.* at P 11.) If the parties terminated the License Agreement under section 12.1, NPR was to pay liquidated damages to Ramada in accordance with a formula specified in the License Agreement. According to section 17.4 of the License Agreement, NPR agreed that if the parties were to litigate, the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this License Agreement or collect amounts owed under this License Agreement." (*Id.* at P 12.)

About April 7, 2001, defendants Kanti Patel, Ranjanbala Patel and Girish Patel provided Ramada with a Guaranty of NPR's obligations under the License Agreement (the "Guaranty"). Under the Guaranty, Kanti Patel and Girish Patel agreed that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee **[*4]** under the [License] Agreement." (*Id.* at P 14.) Also, Kanti Patel and Girish Patel agreed that the non-prevailing party in a litigation would pay the costs, including reasonable attorneys' fees, incurred by the prevailing party to enforce its rights or remedies under the Guaranty or the License Agreement. (*Id.* at P 15.)

About May 27, 2004, NPR sold the Facility to a third party without the consent of Ramada and in violation of the License Agreement. (Compl. P 21.) Ramada acknowledged the termination of the License Agreement and advised NPR that it owes Ramada the sum of $ 120,000 as liquidated damages for premature termination and all outstanding recurring fees through the date of termination. (*Id.* at P 22.)

Ramada filed its Complaint on October 17, 2006. On March 8, 2007, Gerald Marks, attorney for Defendants, filed on behalf of them, an answer and counterclaim. (Affidavit of Gerald A. Marks, Esq. P 3 (Dkt. Entry No. 9, filed March 8, 2007) ("Marks Aff.").) On May 23, 2007, Marks filed his motion to withdraw as counsel. (Marks' Motion to Withdraw as Counsel (Dkt. Entry No. 11, filed May 23, 2007).) Marks represented that he has not been able to contact Defendants since February 2007 **[*5]** and that Defendants have failed "to fulfill [their] obligations to cooperate and assist in [their] defense . . . after reasonable warning by counsel requesting cooperation." (Marks Aff. P 14.) Magistrate Judge Mark Falk found there was good cause to grant Marks's motion to withdraw as counsel because of the breakdown in Marks's attorney-client relationship with Defendants. (Letter Order on Motion to Withdraw as Counsel (Dkt. Entry No. 12, issued June 28, 2007).) The magistrate judge ordered the individual defendants to obtain new counsel or appear pro se and the corporate defendant to obtain new counsel by July 27, 2007. *Id.* The defendants were advised that failure to comply with that order would result in the magistrate judge's recommending to strike their answer and the entry of default. *Id.*

Since the magistrate judge's June 28, 2007 Order, none of the defendants has obtained new counsel nor have individual defendants Kanti Patel and Girish Patel appeared pro se. On August 15, 2007, Ramada filed its request for an entry of default. On October 19, 2007, Ramada filed its motion to strike Defendants' answer and counterclaim and for default judgment. On October 25, 2007, the Clerk of **[*6]** the Court entered Default against NPR, Kanti Patel, and Girish Patel. The record indicates that Ramada served Defendants with notice of its motion.

### STANDARD OF REVIEW

*Federal Rule of Civil Procedure 55(b)(2)* governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. *Fed. R. Civ. P. 55(b)(2)*; *Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc., Civ. A. No. 99-755, 1999 U.S. Dist. LEXIS 7024, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999)*. Before a default judgment may be entered by the court, the moving party must have obtained an entry of default pursuant to *Rule 55(a)*. See *Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993)*; 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at 13 (3d ed.1998).

A party seeking default judgment is not entitled to such relief as a matter of right, however, even where the defendant was served with process, and where the default has been noted pursuant to *Rule 55(a)*. See, e.g., *Cableco, 1999 U.S. Dist. LEXIS 7024, 1999 WL 269903, at *3* (citing *Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995))*. Rather, a court is "required to exercise sound **[*7]** judicial discretion in deciding whether to . . . enter default judgment." *Id.*

Default judgment is generally disfavored because it prevents resolution of a plaintiff's claims on the merits. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

Thus, a district court must apply a six-part test to determine the propriety of entering a default judgment. Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir.1984). The Poulis factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

**DISCUSSION**

The record indicates that Ramada had requested an entry of default on two occasions: (1) January 9, 2007, when Defendants [*8] were represented by Marks, and (2) on August 18, 2007, after Marks had withdrawn as counsel for Defendants. Ramada filed this motion for default judgment on October 19, 2007. Although notice of the motion for default judgment is not required in order to enter a default judgment under Rule 55(b)(2), the record indicates that Defendants were served with notice of Ramada's requests for an entry of default and its motion for default judgment. The Court is satisfied that Defendants have had ample notice of this action and this motion for default judgment and have chosen not to respond.

**A. Motion to Strike Defendants' Answer and Counterclaim**

First, the Court strikes Defendants' answer and counterclaim for failure to comply with the Court's June 28, 2007 Order, requiring Defendants to obtain counsel, or, for individual defendants, to appear pro se. The Federal Rules of Civil Procedure authorize a district court to sanction a party that fails to comply with a court order. See Fed. R. Civ. P. 16(f) and 37(b)(2). District courts have the inherent authority to control the conduct of those who appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). If a party fails to obey a court [*9] order, a district court may apply sanctions such as "[s]triking out pleadings or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C). As the Third Circuit has expressly noted, sanctionable conduct includes the "failure to comply with [an] unambiguous order[ ] to obtain substitute counsel." Hoxworth v. Blinder, Robinson & Co. Inc., 980 F.2d 912, 919 (3d Cir. 1992).

Defendants' former counsel, Marks, represented that he had attempted to contact Defendants regarding this action before Marks moved to withdraw himself from this case. Defendants neither responded to him nor to this Court regarding Marks's motion to withdraw as counsel. Defendants did not comply with this Court's order, which required them to obtain counsel after the withdrawal of Marks. Defendants also failed to respond to this motion for default judgment despite Ramada's having effectuated service of process upon them. The Court finds that Defendants are responsible for their consistent failure to respond to their attorney, their adversary and to this Court.

Ramada has been prejudiced by Defendants' failure to comply with this Court's order and their failure to appear and proceed with this case. Ramada has been and is unable [*10] to engage in discovery or otherwise pursue its claims due to Defendants' failure to actively participate in the litigation of this case. The record reveals a history of noncompliance because Defendants have failed to respond to their counsel, to their counsel's motion to withdraw, to the magistrate judge's order requiring them to obtain new counsel, and finally to Ramada's motion for default judgment.

The record shows that Defendants have failed to respond despite having received ample notice. In the absence of any explanation by Defendants, the Court considers their noncompliance as wilful. The Court does not have sufficient evidence on the record to assess any merits of Defendants' answer and counterclaim. Nevertheless, a balancing of the Poulis factors weighs in favor of striking Defendants' answer and counterclaim. For all of Defendants' failures to proceed with this action, the Court finds that striking Defendants' answer and counterclaim as the only effective sanction. Ramada's motion to strike Defendants' answer and counterclaim is granted.

**B. Motion for Default Judgment**

### 1. Liability

After having stricken Defendants' answer and counterclaim, and with Defendants failing to respond [*11] to this motion notwithstanding adequate notice of it, the Court treats the allegations in the Complaint as admitted by Defendants. "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983).) When NPR sold the Facility to a third party, Ramada deemed NPR as having prematurely terminated the License Agreement. Because NPR prematurely terminated the License Agreement, Ramada is entitled to liquidated damages under section 12.1, recurring fees under section 7, and reasonable attorneys' fees under section 17.4 of the License Agreement. Under the Guaranty, Kanti Patel and Girish Patel are liable to Ramada for the unpaid or unperformed obligation of NPR under the License Agreement, including reasonable attorneys' fees. Accordingly, the Court finds that Defendants are liable to Ramada under the License Agreement and the Guaranty.

### 2. Damages

The only allegations in a plaintiff's complaint not treated as true upon the [*12] entry of a default judgment are those pertaining to the amount of damages. *Comdyne I, 908 F.2d at 1149*. Under *Rule 55(b)(2)*, a district court "may conduct such hearings or order such references as it deems necessary and proper" in order "to determine the amount of damages." There are certain limited situations, however, where a district court can enter a final judgment without requiring further evidence of damages. *KPS Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003)*.

First, if the damages are for a "sum certain or for a sum which can by computation be made certain," a further evidentiary inquiry is not necessary. *Fed. R. Civ. P. 55(b)(1)*; *KPS Assocs., 318 F.3d at 19*; *Comdyne I, 908 F.2d at 1149*. A claim for damages is not a "sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS Assocs., 318 F.3d at 19*. "Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Id. at 19-20* (internal quotations omitted).

Second, claims for liquidated damages also do not require further evidentiary [*13] inquiry. *Id. at 20* (citing 46 Am. Jur. 2d Judgments § 313). Typically, liquidated damages are those either agreed upon by the parties in a contract, or fixed by operation of law. *Id.*

Here, Ramada seeks a combination of liquidated and unliquidated damages. Ramada seeks (a) $ 193,028.12 for liquidated damages (principal plus prejudgment interest calculated through November 12, 2007); (b) $ 18,123.67 for recurring fees (principal plus prejudgment interest through November 12, 2007); (c) $ 3880.80 for additional prejudgment interest for the period between November 12, 2007 and the date of the Court's order, calculated at the per diem rate of $ 64.68 per day; and (d) $ 11,530.61 for attorneys' fees and costs.

Ramada has estimated the amount of recurring fees by using the Facility's gross room revenues submitted by Defendants. Under the License Agreement, as part of the recurring fees obligation, Defendants were required to pay Ramada a RINA Services Assessment Fee of 4.5% of Defendants' gross revenue. Section 7 of the License Agreement applies interest on past-due recurring fees at a rate of 1.5% per motion or 18% per year "accruing from the due date until the amount is paid."

After reviewing [*14] the License Agreement and the affidavits of K. Noel Hedges and Jeffrey S. Mandel, the Court is satisfied that Ramada's requests for liquidated damages and recurring fees are for sums certain. The liquidated damages are an agreed upon amount, while the recurring fees can by computed by formulas specified in the License Agreement. Accordingly, these requests are granted. *See, e.g., Ramada Worldwide Inc. v. Sayo, Inc., 2007 U.S. Dist. LEXIS 96010, 05-5506 (SDW) (D.N.J. July 10, 2007)* (granting summary judgment and awarding liquidated damages in the principal amount of $ 133,400.00 with prejudgment interest, recurring fees to be determined after Ramada provided the court with financial records to calculate the recurring fees, and attorneys' fees to be determined after Ramada provides the court with billing records).

Although the Court finds that Ramada is entitled to reasonable attorneys' fees and costs under the License Agreement and the Guaranty, Ramada has not provided the Court with records to support its request of $ 11,530.61. Pursuant to *L. Civ. R. 54.2*, the Court requests that Ramada submit an application for the

Court's review, detailing how attorneys' fees and costs were calculated, within twenty-one (21) [*15] days of the date of this Opinion.

## CONCLUSION

Ramada's motion to strike Defendants' answer and counterclaim and for default judgment is granted. As per Ramada's request, the Complaint as to defendant Ranjanbala Patel is dismissed without prejudice.

January 16, 2008

**s/ William H. Walls**

United States Senior District Judge

**End of Document**

Positive
As of: December 11, 2025 8:58 PM Z

# Ramada Worldwide, Inc. v. NPR Hospitality, Inc.

United States District Court for the District of New Jersey

January 16, 2008, Decided; January 16, 2008, Filed

Civil Action No. 06-4966 (WHW)

**Reporter**
2008 U.S. Dist. LEXIS 3261 *; 2008 WL 163641

RAMADA WORLDWIDE INC., formerly known as RAMADA FRANCHISE SYSTEMS, INC., a Delaware Corporation, Plaintiff, v. NPR HOSPITALITY INC., a Texas Corporation, KANTI PATEL, an individual, RANJANBALA PATEL, an individual, and GIRISH PATEL, an individual, Defendants.

**Notice:** NOT FOR PUBLICATION

**Prior History:** *Ramada Worldwide, Inc. v. Sayo, Inc., 2007 U.S. Dist. LEXIS 96010 (D.N.J., July 10, 2007)*

## Core Terms

license agreement, Marks, default judgment, counterclaim, recurring, liquidated damages, damages, entry of default, attorney's fees, terminated, notice, motion for default, motion to withdraw, district court, requests, motion to strike, default

**Counsel:** [*1] For RAMADA WORLDWIDE INC., a Delaware Corporation, formerly known as RAMADA FRANCHISE SYSTEMS, INC., Plaintiff: DAVID S. SAGER, LEAD ATTORNEY, DAY PITNEY, LLP, MORRISTOWN, NJ; DENNIS R. LAFIURA, LEAD ATTORNEY, DAY PITNEY, LLP, MORRISTIOWN, NJ.

For RAMADA WORLDWIDE INC., a Delaware Corporation, Counter Defendant: DAVID S. SAGER, LEAD ATTORNEY, DAY PITNEY, LLP, MORRISTOWN, NJ.

**Judges:** William H. Walls, United States Senior District Judge.

**Opinion by:** William H. Walls

## Opinion

**Walls, Senior District Judge**

Plaintiff Ramada Worldwide, Inc. ("Ramada") moves to strike the answer and counterclaim of Defendants NPR Hospitality Inc. ("NPR"), Kanti Patel, and Girish Patel (collectively the "Defendants") and for final judgment by default pursuant to *Federal Rules of Civil Procedure 55(b)(2)*. Ramada also requests that this Court dismiss the Complaint as to defendant Ranjanbala Patel without prejudice. Defendants have not opposed the motion. This motion is decided without oral argument pursuant to *Federal Rules Civil Procedure 78*. Ramada's motion to strike and for default judgment is granted. The Complaint as to defendant Ranjanbala Patel is dismissed without prejudice.

### BACKGROUND

Ramada, a Delaware corporation with its principal [*2] place of business in Parsippany, New Jersey, is a franchisor of lodging facilities. (Dkt. Entry No. 1, Complaint P 1 (filed on Oct. 17, 2006) ("Compl.").) Defendant NPR is a Texas corporation with its principal place of business in San Antonio Texas. (*Id.* at P 2.) Defendants Kanti Patel, Ranjanbala Patel and Girish Patel are citizens of the State of Texas. (*Id.* at PP 3-5.)

This matter arises out of a license agreement dated April 7, 2001 between Ramada and NPR (the "License Agreement") for the operation of a sixty-room quest lodging facility located at 3939 East Houston Street, San Antonio, Texas (the "Facility"). (Compl. P 9.) NPR was obligated to operate the Facility as a Ramada guest lodging facility for 15 years, during which time NPR was permitted to use the Ramada marks in association with its operation of the Facility as part of Ramada's franchise system. (Affidavit of K. Noel Hedges P 6 (Dkt. Entry No. 15, filed Oct. 19, 2007) ("Hedges Aff.").)

According to the License Agreement, NPR was required to make certain periodic payments to Ramada for royalties, service assessments, taxes, interest,

reservation system assessments and other fees (collectively, "recurring fees"). (*Id.* at P 7.) **[*3]** Under section 11.2 of the License Agreement, Ramada could terminate the agreement, with notice to NPR, if NPR (a) discontinued operating the Facility as a Ramada guest lodging establishment or (b) lost possession or the right to possession of the Facility. (*Id.* at P 11.) If the parties terminated the License Agreement under section 12.1, NPR was to pay liquidated damages to Ramada in accordance with a formula specified in the License Agreement. According to section 17.4 of the License Agreement, NPR agreed that if the parties were to litigate, the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this License Agreement or collect amounts owed under this License Agreement." (*Id.* at P 12.)

About April 7, 2001, defendants Kanti Patel, Ranjanbala Patel and Girish Patel provided Ramada with a Guaranty of NPR's obligations under the License Agreement (the "Guaranty"). Under the Guaranty, Kanti Patel and Girish Patel agreed that upon a default under the License Agreement, they would "immediately make each payment and perform or cause Licensee to perform, each unpaid or unperformed obligation of Licensee **[*4]** under the [License] Agreement." (*Id.* at P 14.) Also, Kanti Patel and Girish Patel agreed that the non-prevailing party in a litigation would pay the costs, including reasonable attorneys' fees, incurred by the prevailing party to enforce its rights or remedies under the Guaranty or the License Agreement. (*Id.* at P 15.)

About May 27, 2004, NPR sold the Facility to a third party without the consent of Ramada and in violation of the License Agreement. (Compl. P 21.) Ramada acknowledged the termination of the License Agreement and advised NPR that it owes Ramada the sum of $ 120,000 as liquidated damages for premature termination and all outstanding recurring fees through the date of termination. (*Id.* at P 22.)

Ramada filed its Complaint on October 17, 2006. On March 8, 2007, Gerald Marks, attorney for Defendants, filed on behalf of them, an answer and counterclaim. (Affidavit of Gerald A. Marks, Esq. P 3 (Dkt. Entry No. 9, filed March 8, 2007) ("Marks Aff.").) On May 23, 2007, Marks filed his motion to withdraw as counsel. (Marks' Motion to Withdraw as Counsel (Dkt. Entry No. 11, filed May 23, 2007).) Marks represented that he has not been able to contact Defendants since February 2007 **[*5]** and that Defendants have failed "to fulfill [their] obligations to cooperate and assist in [their] defense . . . after reasonable warning by counsel requesting cooperation." (Marks Aff. P 14.) Magistrate Judge Mark Falk found there was good cause to grant Marks's motion to withdraw as counsel because of the breakdown in Marks's attorney-client relationship with Defendants. (Letter Order on Motion to Withdraw as Counsel (Dkt. Entry No. 12, issued June 28, 2007).) The magistrate judge ordered the individual defendants to obtain new counsel or appear pro se and the corporate defendant to obtain new counsel by July 27, 2007. *Id.* The defendants were advised that failure to comply with that order would result in the magistrate judge's recommending to strike their answer and the entry of default. *Id.*

Since the magistrate judge's June 28, 2007 Order, none of the defendants has obtained new counsel nor have individual defendants Kanti Patel and Girish Patel appeared pro se. On August 15, 2007, Ramada filed its request for an entry of default. On October 19, 2007, Ramada filed its motion to strike Defendants' answer and counterclaim and for default judgment. On October 25, 2007, the Clerk of **[*6]** the Court entered Default against NPR, Kanti Patel, and Girish Patel. The record indicates that Ramada served Defendants with notice of its motion.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b)(2) governs the Court's entry of default judgment. The party against whom default judgment is requested must have been properly served with process. Fed. R. Civ. P. 55(b)(2); Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco, Inc., Civ. A. No. 99-755, 1999 U.S. Dist. LEXIS 7024, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999). Before a default judgment may be entered by the court, the moving party must have obtained an entry of default pursuant to Rule 55(a). See Lansford-Coaldale Joint Water Auth. v. Tonolli Corp., 4 F.3d 1209, 1226 (3d Cir. 1993); 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at 13 (3d ed.1998).

A party seeking default judgment is not entitled to such relief as a matter of right, however, even where the defendant was served with process, and where the default has been noted pursuant to Rule 55(a). See, e.g., Cableco, 1999 U.S. Dist. LEXIS 7024, 1999 WL 269903, at *3 (citing Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995)). Rather, a court is "required to exercise sound **[*7]** judicial discretion in deciding whether to . . . enter default judgment." *Id.*

Default judgment is generally disfavored because it prevents resolution of a plaintiff's claims on the merits. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984).

Thus, a district court must apply a six-part test to determine the propriety of entering a default judgment. Poulis v. State Farm & Casualty Co., 747 F.2d 863 (3d Cir.1984). The Poulis factors are (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) the history of noncompliance; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Id. at 868. No single Poulis factor is determinative and dismissal may be appropriate even if some of the factors are not met. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

## DISCUSSION

The record indicates that Ramada had requested an entry of default on two occasions: (1) January 9, 2007, when Defendants [*8] were represented by Marks, and (2) on August 18, 2007, after Marks had withdrawn as counsel for Defendants. Ramada filed this motion for default judgment on October 19, 2007. Although notice of the motion for default judgment is not required in order to enter a default judgment under Rule 55(b)(2), the record indicates that Defendants were served with notice of Ramada's requests for an entry of default and its motion for default judgment. The Court is satisfied that Defendants have had ample notice of this action and this motion for default judgment and have chosen not to respond.

### A. Motion to Strike Defendants' Answer and Counterclaim

First, the Court strikes Defendants' answer and counterclaim for failure to comply with the Court's June 28, 2007 Order, requiring Defendants to obtain counsel, or, for individual defendants, to appear pro se. The Federal Rules of Civil Procedure authorize a district court to sanction a party that fails to comply with a court order. See Fed. R. Civ. P. 16(f) and 37(b)(2). District courts have the inherent authority to control the conduct of those who appear before it. See Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). If a party fails to obey a court [*9] order, a district court may apply sanctions such as "[s]triking out pleadings or any part thereof . . . ." Fed. R. Civ. P. 37(b)(2)(C). As the Third Circuit has expressly noted, sanctionable conduct includes the "failure to comply with [an] unambiguous order[ ] to obtain substitute counsel." Hoxworth v. Blinder, Robinson & Co. Inc., 980 F.2d 912, 919 (3d Cir. 1992).

Defendants' former counsel, Marks, represented that he had attempted to contact Defendants regarding this action before Marks moved to withdraw himself from this case. Defendants neither responded to him nor to this Court regarding Marks's motion to withdraw as counsel. Defendants did not comply with this Court's order, which required them to obtain counsel after the withdrawal of Marks. Defendants also failed to respond to this motion for default judgment despite Ramada's having effectuated service of process upon them. The Court finds that Defendants are responsible for their consistent failure to respond to their attorney, their adversary and to this Court.

Ramada has been prejudiced by Defendants' failure to comply with this Court's order and their failure to appear and proceed with this case. Ramada has been and is unable [*10] to engage in discovery or otherwise pursue its claims due to Defendants' failure to actively participate in the litigation of this case. The record reveals a history of noncompliance because Defendants have failed to respond to their counsel, to their counsel's motion to withdraw, to the magistrate judge's order requiring them to obtain new counsel, and finally to Ramada's motion for default judgment.

The record shows that Defendants have failed to respond despite having received ample notice. In the absence of any explanation by Defendants, the Court considers their noncompliance as wilful. The Court does not have sufficient evidence on the record to assess any merits of Defendants' answer and counterclaim. Nevertheless, a balancing of the Poulis factors weighs in favor of striking Defendants' answer and counterclaim. For all of Defendants' failures to proceed with this action, the Court finds that striking Defendants' answer and counterclaim as the only effective sanction. Ramada's motion to strike Defendants' answer and counterclaim is granted.

### B. Motion for Default Judgment

### 1. Liability

After having stricken Defendants' answer and counterclaim, and with Defendants failing to respond [*11] to this motion notwithstanding adequate notice of it, the Court treats the allegations in the Complaint as admitted by Defendants. "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 2688 at 444 (2d ed. 1983).) When NPR sold the Facility to a third party, Ramada deemed NPR as having prematurely terminated the License Agreement. Because NPR prematurely terminated the License Agreement, Ramada is entitled to liquidated damages under section 12.1, recurring fees under section 7, and reasonable attorneys' fees under section 17.4 of the License Agreement. Under the Guaranty, Kanti Patel and Girish Patel are liable to Ramada for the unpaid or unperformed obligation of NPR under the License Agreement, including reasonable attorneys' fees. Accordingly, the Court finds that Defendants are liable to Ramada under the License Agreement and the Guaranty.

### 2. Damages

The only allegations in a plaintiff's complaint not treated as true upon the [*12] entry of a default judgment are those pertaining to the amount of damages. Comdyne I, 908 F.2d at 1149. Under Rule 55(b)(2), a district court "may conduct such hearings or order such references as it deems necessary and proper" in order "to determine the amount of damages." There are certain limited situations, however, where a district court can enter a final judgment without requiring further evidence of damages. KPS Assocs., Inc. v. Designs By FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).

First, if the damages are for a "sum certain or for a sum which can by computation be made certain," a further evidentiary inquiry is not necessary. Fed. R. Civ. P. 55(b)(1); KPS Assocs., 318 F.3d at 19; Comdyne I, 908 F.2d at 1149. A claim for damages is not a "sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." KPS Assocs., 318 F.3d at 19. "Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." Id. at 19-20 (internal quotations omitted).

Second, claims for liquidated damages also do not require further evidentiary [*13] inquiry. Id. at 20 (citing 46 Am. Jur. 2d Judgments § 313). Typically, liquidated damages are those either agreed upon by the parties in a contract, or fixed by operation of law. Id.

Here, Ramada seeks a combination of liquidated and unliquidated damages. Ramada seeks (a) $ 193,028.12 for liquidated damages (principal plus prejudgment interest calculated through November 12, 2007); (b) $ 18,123.67 for recurring fees (principal plus prejudgment interest through November 12, 2007); (c) $ 3880.80 for additional prejudgment interest for the period between November 12, 2007 and the date of the Court's order, calculated at the per diem rate of $ 64.68 per day; and (d) $ 11,530.61 for attorneys' fees and costs.

Ramada has estimated the amount of recurring fees by using the Facility's gross room revenues submitted by Defendants. Under the License Agreement, as part of the recurring fees obligation, Defendants were required to pay Ramada a RINA Services Assessment Fee of 4.5% of Defendants' gross revenue. Section 7 of the License Agreement applies interest on past-due recurring fees at a rate of 1.5% per motion or 18% per year "accruing from the due date until the amount is paid."

After reviewing [*14] the License Agreement and the affidavits of K. Noel Hedges and Jeffrey S. Mandel, the Court is satisfied that Ramada's requests for liquidated damages and recurring fees are for sums certain. The liquidated damages are an agreed upon amount, while the recurring fees can by computed by formulas specified in the License Agreement. Accordingly, these requests are granted. See, e.g., Ramada Worldwide Inc. v. Sayo, Inc., 2007 U.S. Dist. LEXIS 96010, 05-5506 (SDW) (D.N.J. July 10, 2007) (granting summary judgment and awarding liquidated damages in the principal amount of $ 133,400.00 with prejudgment interest, recurring fees to be determined after Ramada provided the court with financial records to calculate the recurring fees, and attorneys' fees to be determined after Ramada provides the court with billing records).

Although the Court finds that Ramada is entitled to reasonable attorneys' fees and costs under the License Agreement and the Guaranty, Ramada has not provided the Court with records to support its request of $ 11,530.61. Pursuant to L. Civ. R. 54.2, the Court requests that Ramada submit an application for the

2008 U.S. Dist. LEXIS 3261, *14

Court's review, detailing how attorneys' fees and costs were calculated, within twenty-one (21) [*15] days of the date of this Opinion.

## CONCLUSION

Ramada's motion to strike Defendants' answer and counterclaim and for default judgment is granted. As per Ramada's request, the Complaint as to defendant Ranjanbala Patel is dismissed without prejudice.

January 16, 2008

s/ **William H. Walls**

United States Senior District Judge

**End of Document**