**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
P: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID#: 100782017

**OF COUNSEL**
BLACKMON & BLACKMON, PLLC
907 W Peace St.
Canton, MS 39046
P: 601-859-1567 F: 601-859-2311
Edward Blackmon, Jr., Esquire, MS Attorney ID#: 3354
Barbara M. Blackmon, Esquire, MS Attorney ID#: 3346
Bradford J. Blackmon, Esquire, MS Attorney ID#: 104848

| | |
|---|---|
| BRANDON COPELAND<br><br>                                 Plaintiff,<br><br>vs.<br><br>JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown<br><br>                              Defendant(s). | Civ. No.: 1:19-cv-20278-ESK-EAP<br><br>**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO VACATE ENTRY OF DEFAULT PURPORTEDLY FILED ON BEHALF OF DEFENDANT JAD NUTRITION, LLC** |

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................. 1

**STATEMENT OF RELEVANT BACKGROUND** ................................................................. 3

**LEGAL STANDARD** ................................................................................................................ 4

    I.    **THE MOTION IS PROCEDURALLY COMPROMISED AND UNSUPPORTED BY ANY SWORN DECLARATION FROM AN AUTHORIZED JAD REPRESENTATIVE** ............................................................ 4

    II.    **THE ENTRY OF DEFAULT WAS NOT "ENTERED IN ERROR"** .................. 6

        a.  Rule 4(m) Does Not Retroactively Void Service or Convert Default into Clerk Error ............................................................................................................... 6
        b.  The "Nullified Complaint" Argument Is Factually Wrong and Legally Overstated ................................................................................................................................. 7
        c.  Vacatur Is Not an Appropriate Remedy Under Any Procedural Theory ............... 9
        d.  Defendant's Caselaw on the "Nullity" Theory Does Not Warrant Vacatur........... 9

    III.    **DEFENDANT HAS NOT SHOWN GOOD CAUSE UNDER RULE 55(c)**........ 10

        a.  Plaintiff Will Be Prejudiced if Default Is Vacated ............................................... 10
        b.  Defendant Has Not Presented a Meritorious Defense Supported by Competent Evidence..................................................................................................................11
        c.  The Default Was the Result of Defendant's Culpable Conduct ...........................12
        d.  The Alleged Amount of Damages Does Not Supply Good Cause ...................... 12

    IV.    **DEFENDANT HAD ACTUAL KNOWLEDGE AND CHOSE NOT TO PARTICIPATE**................................................................................................…14

    V.    **PLAINTIFF'S TIMING IN SEEKING DEFAULT WAS PROPER AND LEGALLY IRRELEVANT**................................................................................. 14

**CONCLUSION** ........................................................................................................................ 15

**PRELIMINARY STATEMENT**

Defendant JAD Nutrition, LLC ("JAD") moves to vacate the Clerk's Entry of Default entered on November 27, 2024. The motion should be stricken as unauthorized and void *ab initio*, or, in the alternative, denied in its entirety.

Plaintiff's position is that the motion fails at the threshold because it was filed, by counsel's own admission, without authority and therefore cannot invoke the Court's equitable discretion. It also fails procedurally because Defendant seeks relief under Rule 55(c) without submitting any sworn declaration from an authorized representative addressing notice, culpability, or the factual basis for a defense. Even if the Court were to overlook those defects, the motion collapses on the merits: default was properly entered, the claims against JAD never changed, Defendant cannot show good cause or a meritorious defense, and the record (including sworn testimony and documentary evidence submitted with Plaintiff's Motion for Default Judgment) shows knowing nonparticipation by JAD. In short, there is no defendant properly before the Court and no basis, legal or equitable, to disturb the default. Accordingly, the motion should be stricken as unauthorized and void *ab initio*, or, in the alternative, denied in its entirety.

The application purporting to be filed on behalf of JAD Nutrition, LLC, is procedurally compromised because it was filed by insurer-appointed counsel who has now affirmatively represented to the Court that she lacks authority to act for JAD, has never communicated with any representative of the entity, and is moving to withdraw on that basis. JAD is a limited liability company that cannot proceed *pro se* in federal court. A defaulting LLC cannot obtain equitable relief from default through filings advanced in an acknowledged authority vacuum. Plaintiff has separately moved to strike defense counsel's appearance and filings as unauthorized and void *ab initio*, which should dispositively bar the instant motion.

1

Plaintiff does not, however, seek to avoid merits review if the Court requires full briefing of the issues raised in the Motion.[1] On the merits, Defendant[2] fails to carry its burden under Rule 55(c). The Entry of Default was not entered "in error." Defendant does not establish good cause. Most notably, Defendant's motion is missing what Rule 55(c) requires in practice: a competent sworn declaration from an authorized JAD decision-maker establishing the facts necessary to show non-culpability and a real, fact-based defense.

Defendant's "nullified complaint" argument also collapses for an independent, dispositive reason: the later amended complaint did not change the claims against JAD. The amendment merely added MECA after later-obtained testimony revealed facts necessitating its addition. JAD's obligations to respond did not disappear, and default did not become "moot," because nothing changed as to JAD when the Plaintiff amended to add defendant MECA.

Finally, Plaintiff has already submitted sworn testimony and documentary evidence demonstrating that JAD was aware of this case and chose not to participate. JAD's default was the product of prolonged nonparticipation, not excusable neglect.

Vacatur would continue to prejudice Plaintiff. Defendant has not offered a meritorious defense supported by sworn testimony from JAD, nor has it rebutted the existing record regarding service, amended pleadings, or Plaintiff's timing in seeking default. Defendant's attempt to recast those failures as excusable neglect is unsupported by evidence and contradicted by the procedural history of this case.

---

[1] Plaintiff's discussion of the merits is not a waiver of, and does not concede, the threshold defects raised in Plaintiff's Motion to Strike Defense Counsel's Appearance and Filings as Unauthorized. Plaintiff maintains that the authorization defect is dispositive.

[2] Any reference in this opposition to "Defendant," to actions purportedly taken by Defendant, or to filings made "on behalf of" Defendant is made solely for ease of reference and does not concede that the filing was authorized, that Defendant properly appeared, or that Defendant has participated in this action. Plaintiff expressly maintains that the authorization defect is dispositive and that no properly appearing defendant is before the Court.

2

For the foregoing reasons, the motion to vacate should be stricken or denied.

## STATEMENT OF RELEVANT BACKGROUND

This action has been actively litigated for years. It involved extensive motion practice, multiple amended pleadings, the addition and dismissal of defendants, and reassignment between judges. JAD Nutrition, LLC is now the sole remaining defendant.

JAD was properly served with the operative complaint through statutorily authorized means. Despite service, JAD failed to appear, answer, or otherwise defend. Following prolonged nonparticipation, the Clerk entered default against JAD on November 27, 2024.

Plaintiff thereafter moved for default judgment.[3] In support of that motion, Plaintiff submitted sworn certifications, testimony, and contemporaneous email communications demonstrating that JAD had actual knowledge of this lawsuit and nevertheless chose not to participate. Defendant did not oppose that motion at the time, did not contest the evidence submitted, and did not provide any sworn statement from a corporate representative denying knowledge or explaining its nonappearance.

Only after default judgment proceedings were underway did insurer-appointed counsel appear. Counsel has since represented that she has never communicated with any JAD representative, that coverage was denied, and that she cannot ethically continue representation without a client contact. Counsel has moved to withdraw. Plaintiff has moved to strike counsel's appearance and filings as unauthorized.

## LEGAL STANDARD

---

[3] Plaintiff incorporates by reference the pleadings, briefs, certifications, declarations, exhibits, and record submissions previously filed in this matter to the extent relevant to the issues raised in Defendant's motion. This includes, without limitation, Plaintiff's Motion for Default Judgment (ECF 220) and supporting papers (including the sworn testimony, certifications, and email evidence submitted therewith), as well as Memorandum of Law in Support of Plaintiff's Motion to Strike Unauthorized Appearances (ECF 227), and any supporting materials filed with those motions. Plaintiff incorporates these filings both to avoid unnecessary duplication and because they directly rebut Defendant's factual and legal premises.

3

Rule 55(c) permits a court to set aside an entry of default only upon a showing of good cause, and the burden rests squarely with the party seeking relief. Because relief from default is discretionary and equitable, not automatic, the movant must first demonstrate that the motion is properly before the Court, including that it was filed with authority and supported by competent evidence.

A court need not reach the Rule 55(c) factors where the motion is procedurally defective or unsupported by a sworn declaration from an authorized representative establishing notice, non-culpability, and a factual basis for relief. Only where those threshold requirements are satisfied, do courts consider prejudice to the plaintiff, whether the defendant has a meritorious defense, and whether the default resulted from culpable conduct.

## ARGUMENT

**I.  THRESHOLD POSTURE: THE MOTION IS PROCEDURALLY COMPROMISED AND UNSUPPORTED BY ANY SWORN DECLARATION FROM AN AUTHORIZED JAD REPRESENTATIVE**

Before reaching the merits, Plaintiff submits that the motion is not properly before the Court because it was filed without authority and lacks the sworn evidentiary showing required to invoke Rule 55(c). Defendant asks for an equitable, discretionary remedy (relief from default) yet provides no sworn declaration from any authorized officer, member, employee, or agent of JAD. There is no competent statement addressing the core Rule 55(c) questions: why JAD did not appear, whether JAD had notice, whether JAD acted willfully or recklessly, what efforts (if any) JAD made to respond, who at JAD is responsible, and what facts form the basis of any purported defense.

Courts routinely deny Rule 55(c) motions where the movant fails to submit a sworn declaration from an authorized decision-maker. Even courts that are lenient under Rule 55(c) still

4

require a sworn declaration from the party, not just counsel argument. Counsel here has attempted to submit her own declaration in place of the defaulted party. There is no authority stating that unauthorized counsel can submit a party declaration, even where counsel asserts that she is "acting in the best interests of JAD" on her own approximation. See ECF 235-1 at 3.

Courts in this Circuit routinely deny Rule 55(c) motions where the moving party fails to submit a sworn declaration from an authorized representative establishing notice, non-culpability, and a factual basis for relief. While Rule 55(c) is applied leniently, that leniency presupposes a factual proffer from the defaulting party itself. See **Budget Blinds, Inc. v. White**, 536 F.3d 244, 256 (3d Cir. 2008) (placing the burden squarely on the defendant to demonstrate good cause); **Feliciano v. Reliant Tooling Co.**, 691 F.2d 653, 656 (3d Cir. 1982) (relief from default requires a showing grounded in facts, not mere argument).

Here, Defendant offers no sworn declaration from any officer, member, or authorized agent of JAD addressing why it failed to appear, whether it had notice, or what facts support any purported defense. The absence of such evidence is dispositive. Counsel's declaration, which expressly disclaims any communication with or personal knowledge of JAD, cannot substitute for testimony from the party seeking equitable relief.

That omission is not a minor technicality. It is a failure to carry the movant's burden. A motion to vacate default is not meant to be a law-review exercise; it requires a factual proffer from the party seeking relief. Without an authorized declarant, Defendant cannot meaningfully establish non-culpability or any meritorious defense grounded in facts, especially where the movant cannot identify a client representative willing to speak under oath. The procedural compromise is compounded by defense counsel's representations that she lacks client contact and authority and is seeking withdrawal.

5

The authority defect raised in Plaintiff's Motion to Strike and incorporated here independently requires denial of the Motion to Vacate. Even if that threshold defect were set aside, the Motion to Vacate is still fatally defective because it is unsupported by any sworn declaration from an authorized JAD representative, an omission that alone warrants denial.

## II.     THE ENTRY OF DEFAULT WAS NOT "ENTERED IN ERROR"

Defendant argues the Entry of Default was "issued in error" for two reasons: alleged Rule 4(m) service issues and the "nullified complaint" theory. Both arguments fail.

### A. Rule 4(m) Does Not Retroactively Void Service or Convert Default into "Clerk Error"

Defendant invokes Rule 4(m) as though it is a self-executing invalidation of service. It is not. Rule 4(m) authorizes the Court, at its discretion, to dismiss without prejudice or order service within a specified time if service is not timely. It does not automatically erase service once accomplished. It does not retroactively void jurisdiction. It does not relieve a defendant of the obligation to appear once served.

Plaintiff served JAD through the Minnesota Secretary of State, a statutorily authorized method for serving an out-of-state LLC. Defendant did not appear to challenge service, did not move to quash, and did not timely raise any service defense. A defendant cannot ignore a case and later claim default was "entered in error" because it now wishes service had been handled differently. To the extent Defendant claims uncertainty about actual receipt, that is not the test when service is completed through a statutory service mechanism. If JAD did not internally receive papers sent through the state's statutorily authorized channel, the blame lies with JAD's own corporate recordkeeping and internal procedures, not with improper service—although sworn testimony submitted in Plaintiff's ECF 202 confirms actual knowledge of suit by JAD.

6

### B. Defendant's "Nullified Complaint" Argument Is Factually Wrong Here and Legally Overstated Even on Its Own Terms

Defendant's "nullified complaint" argument is the centerpiece of the brief's "entered in error" theory. Defendant argues that because a Fourth Amended Complaint was filed, Plaintiff's motion for entry of default, referencing the Third Amended Complaint, was improper or "moot."

That argument fails for two independent reasons. First, it is factually wrong as applied here. The later amended complaint did not change the claims against JAD. The amendment added MECA as a defendant after testimony revealed information necessitating MECA's addition. The allegations and claims directed at JAD were not materially changed. In other words, JAD's obligation to respond did not evaporate because another defendant was added later. JAD remained in default posture because it did not plead or otherwise defend.

Second, even if one accepts the general proposition that an amended complaint supersedes a prior pleading, Defendant's cited cases do not stand for the extreme remedy Defendant demands. Defendant's authorities explain supersession as a pleading rule (see below). They do not create a doctrine that a defaulting defendant can erase default through later amendments, particularly where the amendment does not change claims against the defaulting party.

Defendant cites language such as: "An amended complaint, once accepted by the Court, replaces the original one." Defendant also cites: "the amended complaint supersedes the original." Those are pleading concepts; they do not mean that a defendant's failure to defend disappears. They do not mean default becomes void. They certainly do not mean a plaintiff's Rule 55(a) request becomes legally impossible simply because the caption later includes an additional defendant.

Defendant also relies on a district court decision for the statement that the Clerk's entry of default on the original complaint was "rendered moot since the amended complaint superseded the

7

original complaint." But that language does not fit this case's posture and does not compel vacatur here for at least three reasons.

First, the amendment here did not change the claims against JAD. The later complaint added MECA; it did not alter what JAD was alleged to have done. The "mootness" logic in other cases typically addresses a situation where the operative claims against the defaulted party materially change such that the defendant must be given a new opportunity to respond to new allegations. That is not what occurred here.

Importantly, a superseding pleading does not automatically vacate default. Even if the operative pleading is later amended, the proper approach is typically to determine whether the amendment asserts new claims against the defaulted defendant that require service and a renewed opportunity to answer. Where the amendment does not change claims against the defaulted defendant, default remains appropriate because the defendant still "failed to plead or otherwise defend." In this case, Defendant appears to admit that there was no material difference and does not attempt a comparison despite citing caselaw that depends on that approach.

Third, Defendant's own cited footnote cuts against its requested remedy. Defendant points to the concept that an amended pleading may become operative "on filing, not on service," and suggests that default and default judgment motions "made on a prior pleading should be denied." But the logic of that principle is to align procedure with the operative pleading, not to erase the defendant's years-long failure to participate. The remedy for alignment is not "vacate default and reward the absent defendant." The remedy is, at most, administrative alignment and, if truly necessary, service of an amended pleading and a prompt, controlled schedule for response.

To that effect, if Defendant truly believes additional service is required solely to remove any procedural argument, Plaintiff is willing to serve the last-filed complaint on the Minnesota

8

Secretary of State as well. That is a simple administrative step and does not justify vacating default in a way that rewards nonparticipation and invites further delay. Plaintiff's willingness to do so underscores the lack of any real prejudice to Defendant and the lack of any equitable basis for the relief Defendant seeks.

### C.  Vacatur is Unwarranted Under any Procedural Theory

To the extent the Court considers any procedural housekeeping appropriate, vacatur is neither required nor equitable. If the Court believes any procedural alignment is necessary because the operative complaint is later-filed, Plaintiff is willing to serve the later-filed complaint on the Minnesota Secretary of State to eliminate any claimed confusion. But that administrative step does not justify vacating default entirely. The equitable remedy should not reward Defendant's long absence. Any relief, if granted at all, should be narrowly tailored and conditioned on substitute counsel entering an authorized appearance and a prompt responsive pleading.

### D. Defendant's Caselaw on the "Nullity" Theory Does Not Warrant Vacatur Here

Defendant's nullity argument relies on short quotations about supersession. Those quotations do not establish that default was invalid or that good cause exists. When Defendant quotes "replaces" and "supersedes," Defendant is quoting a pleading rule, not a default-vacatur rule. A pleading rule addresses what document governs the allegations. A default rule addresses whether a defendant failed to defend. Those are not interchangeable.

Even in the cases Defendant cites, the point is typically that the operative pleading controls going forward. It is not that a defaulting defendant is retroactively absolved of failing to appear. Defendant's argument effectively asks this Court to create a rule that any time a plaintiff amends a complaint, (for any reason, including adding a new defendant) every previously-entered default against any defendant becomes vulnerable or "moot." That would invert Rule 55's purpose and

9

incentivize defendants to remain absent in hopes that later amendments give them a procedural reset. That is not equitable, and it is not required by Defendant's authorities.

## III. DEFENDANT HAS NOT SHOWN "GOOD CAUSE" UNDER RULE 55(c)

### A. Plaintiff Will Be Prejudiced if Default Is Vacated

Defendant's suggestion that vacatur would cause no prejudice rests on a mischaracterization of the procedural history. This case has been pending for years. Plaintiff has litigated it through substantial motion practice and amendments driven by developing testimony and evidence. Plaintiff expended significant time and resources pursuing default judgment only after JAD's prolonged absence, and now extensive delays and motion practice caused by JAD's purported counsel. Vacating default now would impose further delay and cost and would reward nonparticipation.

Defendant's assertion that vacatur would cause no prejudice ignores the procedural posture of this case. Prejudice includes not only loss of evidence, but also the risk of indefinite delay where vacatur does not meaningfully advance the case toward adjudication. See *N.J. Chinese Cmty. Ctr. v. McAleer*, 2022 U.S. Dist. LEXIS 145256, at *13 (D.N.J. Aug. 15, 2022). Vacating default where no authorized defendant has appeared, and where counsel seeks to withdraw due to lack of client contact, would place this matter in procedural limbo rather than move it toward resolution.[4]

Prejudice is amplified here because the application submitted on behalf of Defendant has not demonstrated that vacatur will lead to merits litigation. There is no authorized representative.

---

[4] Defense counsel's own Motion to Withdraw (ECF 235-1) confirms that vacatur would not meaningfully advance this litigation. Counsel represents that, if withdrawal is granted, JAD would "at worst, revert to the same position that they were in before the undersigned was assigned and appeared as counsel," and that Plaintiff would likewise "either revert to the status quo position or be required to address the procedural and jurisdictional issues with the subject default." (ECF No. 235-1 at 11).

That concession underscores Plaintiff's prejudice: vacating default would not place an authorized defendant before the Court or move the case toward adjudication on the merits. It would instead return the case to a posture of non-participation by JAD, prolonging delay and compounding the procedural limbo Plaintiff has already endured.

10

There is no sworn commitment to appear and defend. Counsel seeks to withdraw because she cannot locate a client. Granting vacatur on this record risks turning the case into an endless procedural loop rather than advancing it toward merits resolution.

### B. Defendant Has Not Presented Any Meritorious Defense Supported by Competent Evidence

Defendant lists "meritorious defenses" such as improper service, lack of personal jurisdiction, and failure to state a claim. These are labels, not a defense proffer. Rule 55(c) requires facts: specific factual assertions which, if proven, would constitute a complete defense. Defendant has not offered a sworn declaration from any JAD representative. Defendant does not attach business records. Defendant does not identify any concrete factual basis that would defeat liability. The motion therefore fails the meritorious-defense factor.

The problem is particularly glaring where Defendant seeks to frame the default as a technical issue but still refuses to provide the only thing that could justify relief: a competent sworn statement from the defendant explaining its absence and setting out a genuine defense.

Defendant relies on the proposition that, at this stage, defenses need only be "facially meritorious." But even under that standard, courts require a factual proffer from the defendant, not abstract legal theories advanced by counsel. See **Thurston L. Offices LLC v. Rue**, 2025 U.S. Dist. LEXIS 175416, at *4 (D.N.J. Sept. 9, 2025) (defenses must be supported by facts that, if proven, would constitute a complete defense).

Each of the cases cited by Defendant involved sworn factual submissions from the defaulting party. Here, by contrast, Defendant offers no declaration from any JAD representative and no business records, affidavits, or testimony supporting its asserted defenses. The Court therefore has no evidentiary basis to evaluate whether any defense is real, as opposed to hypothetical. The Court should further disregard any assertion by counsel that its actions are justified because counsel is

11

"acting in the best interests of JAD" when counsel has no contact or relationship with JAD. See ECF 235-1 at 3.

### C. The Default Was the Result of Defendant's Culpable Conduct

Defendant asserts there is no evidence of willfulness. The record reflects the opposite: prolonged nonparticipation without explanation, both before and after entry of default.

The Third Circuit defines culpable conduct to include willful or reckless disregard for judicial proceedings, including prolonged failure to respond without explanation. ***Hritz v. Woma Corp.***, 732 F.2d 1178, 1182–83 (3d Cir. 1984). Where a defendant offers no sworn explanation for its absence, courts routinely find culpability.

JAD has never appeared through an authorized representative and has never denied, under oath, actual notice of this litigation. Even now, insurer-appointed counsel represents that she has been unable to locate or communicate with any JAD decision-maker. This is not excusable neglect; it is continued nonparticipation.

Moreover, Plaintiff has already submitted sworn testimony and documentary evidence demonstrating that JAD was aware of this action and affirmatively chose not to participate. Defendant has not rebutted that showing with any sworn testimony and remains absent from the litigation, underscoring that the default resulted from culpable conduct rather than inadvertence.

### D. The Alleged Amount of Damages Does Not Supply Good Cause

Defendant repeatedly emphasizes that Plaintiff seeks damages "in excess of $5 million," as though the magnitude of the relief requested itself supplies a basis to vacate default. It does not. There is no rule, under Rule 55(c) or otherwise, that conditions entry or vacatur of default on the size of a plaintiff's damages claim. Courts routinely enter default and default judgment in cases

involving substantial monetary relief where the defendant has failed to appear or defend. The relevant inquiry under Rule 55(c) is good cause, not the dollar amount at issue.

Defendant's reliance on cases cautioning against resolving large claims by default is misplaced. Those cases presuppose a defendant prepared to litigate on the merits. See *Livingston Powdered Metal, Inc. v. NLRB*, 669 F.2d 133, 136–37 (3d Cir. 1982). Rule 55(c) does not permit a defendant to ignore litigation and then invoke the magnitude of exposure as a basis for equitable relief.

Defendant's argument is particularly misplaced here because the damages figure it highlights is not new, inflated, or opportunistic. The approximate $5 million figure is the same damages calculation Plaintiff has relied upon throughout the litigation and in support of the Motion for Default Judgment. That calculation has never changed and is derived from the same statutory framework and evidentiary record previously presented to the Court. Defendant cannot credibly claim surprise or prejudice from a damages figure that has been consistent for the duration of the case.

To the extent Defendant implies that the size of the damages sought makes vacatur more appropriate, that suggestion inverts the equitable analysis. If anything, substantial potential exposure underscores the importance of timely participation. A defendant cannot ignore litigation and then invoke the seriousness of the consequences as a reason to undo default. Rule 55(c) does not exist to provide relief from the consequences of a deliberate decision not to appear simply because the stakes are high.

Accordingly, Defendant's reliance on the amount sought provides no support for vacatur and should be given no weight.

IV. **DEFENDANT HAD ACTUAL KNOWLEDGE AND CHOSE NOT TO PARTICIPATE; PLAINTIFF INCORPORATES THE DEFAULT JUDGMENT RECORD BY REFERENCE**

Defendant suggests that service through the Minnesota Secretary of State "does not definitively establish that JAD received" papers, and Defendant also suggests the default was not willful. Plaintiff's Default Judgment Motion already addressed these points.

Plaintiff submitted sworn testimony and documentary evidence, including emails and sworn testimony, showing that JAD was aware of the litigation and chose not to participate. Plaintiff incorporates those submissions by reference. Defendant has not rebutted them with any sworn declaration from JAD. This existing record supports culpability and undercuts any claim of excusable neglect.

V. **PLAINTIFF'S TIMING IN SEEKING DEFAULT WAS PROPER AND LEGALLY IRRELAVENT**

Defendant suggests that Plaintiff should have sought entry of default earlier. No rule or authority imposes such a requirement. Plaintiff actively litigated this case through extensive motion practice, evolving testimony, amendments necessitated by newly discovered facts, and multiple transfers between judges, and addressed case posture and next steps with the Court on the record throughout that process. Plaintiff's decision not to seek default immediately was legally permissible, caused no prejudice to Defendant, and in fact afforded Defendant additional time to appear and participate. Defendant cites no authority to the contrary, and the procedural history reflects sustained, good-faith litigation rather than delay or gamesmanship.

## CONCLUSION

The motion fails at the threshold because it was filed, by counsel's own admission, without authority and therefore cannot invoke the Court's equitable discretion. It also fails procedurally

14

because Defendant seeks relief under Rule 55(c) without submitting any sworn declaration from an authorized representative addressing notice, culpability, or the factual basis for a defense. Even if the Court were to overlook those defects, the motion collapses on the merits: default was properly entered, the claims against JAD never changed, Defendant cannot show good cause or a meritorious defense, and the record, including sworn testimony and documentary evidence, shows knowing nonparticipation by JAD. In short, there is no defendant properly before the Court and no basis, legal or equitable, to disturb the default. Accordingly, the motion should be stricken as unauthorized and void ab initio, or, in the alternative, denied in its entirety.

    Respectfully submitted,

                DECLERCQ LAW FIRM PLLC
                BLACKMON & BLACKMON PLLC
                */s/ Emily K. Declercq*
                Emily K. Declercq, Esq.
                300 Carnegie Center Drive, Suite 150
                Princeton, NJ 08540 (609) 873-3148
                emily@declercqlawfirm.com
                *Attorneys for Plaintiff*

Dated: December 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I electronically filed the foregoing *PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO VACATE ENTRY OF DEFAULT PURPORTEDLY FILED ON BEHALF OF DEFENDANT JAD NUTRITION, LLC* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Emily K. Declercq*

Emily K. Declercq
Dated: December 22, 2025