**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
P: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID#: 100782017

**OF COUNSEL**

BLACKMON & BLACKMON, PLLC
907 W Peace St.
Canton, MS 39046
P: 601-859-1567 F: 601-859-2311
Edward Blackmon, Jr., Esquire, MS Attorney ID#: 3354
Barbara M. Blackmon, Esquire, MS Attorney ID#: 3346
Bradford J. Blackmon, Esquire, MS Attorney ID#: 104848

| | |
|---|---|
| BRANDON COPELAND<br><br>                             Plaintiff,<br><br>     vs.<br><br>JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown<br><br>                             Defendant(s). | Civ. No.: 1:19-cv-20278-ESK-EAP<br><br>**PLAINTIFF'S LIMITED REPLY REGARDING MOTION TO WITHDRAW** |

Plaintiff does not oppose defense counsel's motion to withdraw if the Court determines withdrawal is warranted. Plaintiff does, however, respectfully disagree with counsel's assertion that withdrawal would return the parties to the "status quo."[1] Plaintiff submits this limited reply solely to address the practical implications of Defendant's motion to withdraw as they bear on prejudice and case posture.

At the outset, Plaintiff submits the following principle governs the posture of the pending motions: *counsel cannot simultaneously disclaim authority to act for a party and leave filings*

---

[1] Counsel asserts in the withdrawal motion that withdrawal would "simply return the parties to status quo," and Plaintiff would either "revert to the status quo position or be required to address procedural and jurisdictional issues with the subject default." (ECF No. 235-1 at 11).

1

*made in that posture operative before the Court.* Where counsel seeks withdrawal on the express ground that she never had authority, never communicated with the client, and cannot ethically continue representation, the filings advanced under that same authority vacuum are necessarily improper, specifically the Motion to Vacate Entry of Default and related filings were made without authority and cannot remain operative.

Vacating default where no authorized defendant has appeared, and where counsel affirmatively represents that no defense can proceed without client contact, would not move this case toward adjudication on the merits. It would instead prolong delay and leave the case in procedural limbo. An LLC may not proceed pro se in federal court, and equitable relief under Rule 55(c) requires a party properly before the Court, supported by competent sworn evidence from an authorized representative. Withdrawal cannot retroactively cure the absence of authority, nor can it validate filings made without a client capable of invoking the Court's equitable discretion.

Accordingly, while Plaintiff does not oppose withdrawal, Plaintiff respectfully submits that the Motion to Vacate Entry of Default and any other filings submitted on behalf of JAD Nutrition, LLC should be *stricken as unauthorized*, or in the alternative denied, as there is no defendant properly before the Court capable of seeking relief.

Respectfully submitted,

DECLERCQ LAW FIRM PLLC
BLACKMON & BLACKMON PLLC
*/s/ Emily K. Declercq*
Emily K. Declercq, Esq.
300 Carnegie Center Drive, Suite 150
Princeton, NJ 08540 (609) 873-3148

2

emily@declercqlawfirm.com
*Attorneys for Plaintiff*

Dated: December 22, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2025, I electronically filed the foregoing **PLAINTIFF'S LIMITED REPLY REGARDING MOTION TO WITHDRAW** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Emily K. Declercq*

Emily K. Declercq
Dated: December 22, 2025