# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON COPELAND,<br><br>　　　　　　Plaintiff(s),<br><br>　v.<br><br>POLIQUIN GROUP, a business entity, form unknown, POLIQUIN PERFORMANCE CENTER 2 LLC, CAROLEEN KANDEL A/K/A CAROLEEN KANEL A/K/A CAROLEEN JONES, an individual, JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC, WE DO PRIVATE LABEL LLC, MICHIGAN ELITE CONDITIONING FOR ATHLETES LLC A/K/A MECA, JOHN DOES 1-30, ABC CORPORATIONS 1-30 and XYZ PARTNERSHIPS 1-30, unidentified individuals, corporations and partnerships (fictitious designations),<br><br>　　　　　　Defendants. | Civil No. 1:19-cv-20278-ESK-EAP |

## REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT ON BEHALF OF DEFENDANT JAD NUTRITION, LLC

### MOTION DAY: JANUARY 5, 2026



111 Wood Avenue South, Suite 210
Iselin, New Jersey 08830
Tel: 908-374-0336
rnudel@hinshawlaw.com

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................... ii

LAW AND ARGUMENT ........................................................................................1

    I.    This motion is authorized and proper before this Court.. .............................1

    II.    Plaintiff misstates the pleading standard required to set aside a Clerk's Entry of Default under Rule 55(c). ............................................................2

    III.    Because service was deficient and the Motion for Entry of Default was premised on a nullified Complaint, the Entry of Default was in error. ........3

    IV.    JAD has met the good cause standard required at this procedural posture. .6

        A.    Plaintiff will not be prejudiced by vacatur of the Clerk's Entry of Default. ...................................................................................................7

        B.    JAD sufficiently plead several meritorious defenses. ..........................8

        C.    There is no evidence that the Entry of Default was caused by JAD's culpable conduct..............................................................................10

        D.    The magnitude of the money damages sought against JAD supports setting aside the Clerk's Entry of Default. .........................................12

CONCLUSION.....................................................................................................13

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Auto. Rentals Inc. v. Bama Commer. Leasing LLC*
    No. 1:17-cv-3877, 2018 U.S. Dist. LEXIS 39554, at *2 (D.N.J.
    Mar. 9, 2018)..................................................................................................5

*Barbee v. Amira Nature Foods, Ltd.*,
    No. 21-12894, 2024 U.S. Dist. LEXIS 29199 (D.N.J. Feb. 14, 2024).................8

*Buchanan Ingersoll & Rooney PC v. Belmonte*,
    No. 24-cv-859, 2024 U.S. Dist. LEXIS 131871 (D.N.J. July 24, 2024)..............8

*Budget Blinds, Inc. v. White*,
    536 F.3d 244 (3d Cir. 2008) ...............................................................................6

*Comcast Cable Communs. v. Dorris*,
    No. 04-3587, 2005 U.S. Dist. LEXIS 23156 (D.N.J. Feb. 8, 2005).....................8

*Days Inns Worldwide, Inc. v. Jinisha Inc.*,
    No. 14-6794, 2015 U.S. Dist. LEXIS 96513 (D.N.J. July 24, 2015) ...................7

*Doe v. Wyndham Hotels & Resorts, Inc.*,
    No. 24-11511, 2025 U.S. Dist. LEXIS 189494 (D.N.J. Sep. 23, 2025)...............6

*Gannon & Scott, Inc. v. TVT Bus. Funding, LLC*,
    No. 23-20968, 2025 U.S. Dist. LEXIS 8494 (D.N.J. Jan. 16, 2025) ...................7

*Gant v. Advanced Elec., Inc.*,
    No. 16-1954, 2017 U.S. Dist. LEXIS 135590 (D.N.J. Aug. 23, 2017).............11

*GCN IV, LLC v. Salerno*,
    No. 20-5811, 2020 U.S. Dist. LEXIS 197457 (D.N.J. Oct. 23, 2020).................8

*Gould v. O'Neal*,
    No. 17-100, 2017 U.S. Dist. LEXIS 112170 (D.N.J. July 19, 2017) .................12

*HealthMax Med. Tech. Ltd. v. All Am. Health LLC*,
    No. 23-3296, 2024 U.S. Dist. LEXIS 139099..................................................8

*Hritz v. Woma Corp.*,
   732 F.2d 1178 (3d Cir. 1984) ...........................................................................................10

*Leeder v. Feinstein*,
   No. 18-12384, 2019 U.S. Dist. LEXIS 228214 (D.N.J. Dec. 11, 2019) ............12

*Livingston Powdered Metal, Inc*,
   669 F.2d at 136-137 ...................................................................................................12

*McKinney v. Fitzgerald*,
   No. 18-12987, 2022 U.S. Dist. LEXIS 4278 (D.N.J. Jan. 10, 2022) ....................5

*Miles v. City of Newark*,
   No. 15-1032, 2016 U.S. Dist. LEXIS 125324 (D.N.J. Sep. 14, 2016).................4

*NJ Chinese Community Center v. McAleer*
   No. 21-08320, 2022 U.S. Dist. LEXIS 145256, at *14 (D.N.J. Aug. 15, 2022)..7

*Snellink v. Universal Travel Grp., Inc.*,
   No. 11-2164, 2015 U.S. Dist. LEXIS 194280 (D.N.J. Nov. 4, 2015)................12

*Thurston L. Offices LLC v. Rue*,
   No. 24-11533, 2025 U.S. Dist. LEXIS 175416 (D.N.J. Sep. 9, 2025).........3, 8, 9

*Tozer v. Charles A. Krause Milling Co.*,
   189 F.2d 242 (3d Cir. 1951) .........................................................................................12

*United States v. $55,518.05 in U.S. Currency*,
   728 F.2d 192 (3d Cir. 1984) ..................................................................................6, 8, 13

*W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*,
   712 F.3d 165 (3d Cir. 2013) ..........................................................................................5

**Statutes**

Federal Rules of Civil Procedure Rule 4(m) ..................................................3, 4, 6,

Rule 12(b)(5)..........................................................................................................4

Rule 55(c)..............................................................................................................2

This Court should grant Defendant JAD Nutrition, LLC's (hereinafter "JAD") Motion to Set Aside the Clerk's Entry of Default. While heavy on argument and rhetoric, Plaintiff's opposition lacks case law or other support for its position. JAD's Motion to Set Aside is procedurally proper, and JAD has met the lenient good cause standard necessary at this stage to aside the Clerk's Entry of Default.

## LAW AND ARGUMENT

JAD, through its previous insurer Evanston Insurance Company (EIC), appointed counsel to defend JAD while it investigated coverage and properly moved to set aside the Clerk's Entry of Default under the required pleading standard. The Entry of Default was deficient not only because Plaintiff served JAD late but also because Plaintiff premised his Motion for Entry of Default on a nullified complaint. Regardless of whether the Entry was originally defective, JAD met the good cause standard to have the Entry of Default set aside.

**I.   This motion is authorized and proper before this Court.**

Upon learning of the instant litigation and pending motion for default judgment against JAD, EIC retained defense counsel for JAD in in order to protect JAD's interests by addressing the pending motion for default judgment while it conducted an insurance coverage investigation. *See* Dkt. 235, 235-1 (motion to withdraw as counsel and memorandum in support); *see also* Dkt. 227-3 (EIC Coverage Determination Letter).

1

Therefore, plaintiff's arguments that this motion is "procedurally compromised" and/or "unauthorized" (*See* Dkt. 236, p. 1 of Brief) is without merit.

Plaintiff mischaracterizes counsel's separate pending motion to withdraw as one rooted in a lack of authority to act on JAD's behalf. Undersigned counsel's pending motion to withdraw is not based on "lack of authority", but on EIC and counsel's inability, despite best efforts, to reach a JAD representative, whose knowledge and access to information would be necessary to continue to defend JAD in this litigation, and because of a lack of coverage under the policy. *See* Dkt. 235-1, p. 1.

Because counsel was duly retained by EIC to defend JAD, the motion to set aside the Clerk's Entry of Default was both authorized and proper.

II. **Plaintiff misstates the pleading standard required to set aside a Clerk's Entry of Default under Rule 55(c).**

Plaintiff's argument that JAD's Motion to Set Aside is procedurally defective because JAD did not attach a sworn statement from a JAD representative to their Motion lacks any merit. Neither Rule 55(c) of the Federal Rules of Civil Procedure nor the case law of this District or the U.S. Court of Appeals for the Third Circuit mandates this. And Plaintiff provides no support for its position that it does.

As becomes a theme in Plaintiff's opposition memorandum, Plaintiff makes sweeping statements, such as "[c]ourts in this Circuit routinely deny Rule 55(c)

2

motions where the moving party fails to submit a sworn declaration from an authorized representative establishing notice, non-culpability, and a factual basis for relief," Dkt. 236, p. 4, without providing a single citation in support of his assertion.

Instead, Plaintiff provides two citations, one that purportedly shows that Defendants have the burden to demonstrate good cause and one that the Defendant must plead facts that, if true, would provide a defense to Plaintiff's claims. Neither case requires a defendant to provide an affidavit in support of a motion to set aside an entry of default. To the contrary, the standard is lenient and only requires a defendant to present defenses that are not "facially unmeritorious." *Thurston L. Offices LLC v. Rue*, No. 24-11533, 2025 U.S. Dist. LEXIS 175416, at *4 (D.N.J. Sep. 9, 2025). As is apparent from JAD's motion and brief in support, *see* Dkt. 225, 225-1, and as set forth below, JAD has met this standard.

**III.   Because service was deficient and the Motion for Entry of Default was premised on a nullified Complaint, the Entry of Default was in error.**

Plaintiff argues, across four pages in his brief, that the Clerk's Entry of Default was proper and should not be vacated. In those four pages, Plaintiff does not cite a single case in support of his proposition. That failure alone should be sufficient to disregard Plaintiff's arguments, which also mischaracterize JAD's position.

First, JAD explained that Plaintiff failed to timely serve JAD with the Third Amended Complaint, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

3

Dkt. 225-1, pp. 12-14, 18-19.[1] Rule 4(m) requires a plaintiff to serve a defendant within 90 days of filing their Complaint. The Rule also permits a plaintiff to seek more time to serve a defendant, which Plaintiff failed to do. Fed. R. Civ. Pro. 4(m). Plaintiff served JAD, through the Secretary of State, nine and a half months after filing the Third Amended Complaint. *See* Dkt. 83, 99. Plaintiff seems to argue that once a defendant is served, it becomes irrelevant that the plaintiff violated Rule 4(m). Dkt. 236, p. 8. But Plaintiff provides no case law to support his position, which would render the Rule superfluous.

In contrast to Plaintiff's lack of case law support, Defendant cited in-district case law, which held that because service was not accomplished within the 90-day period, service was improper and this Court lacked jurisdiction over the defendant. *See Miles v. City of Newark*, No. 15-1032, 2016 U.S. Dist. LEXIS 125324, at *3 (D.N.J. Sep. 14, 2016) (granting Rule 12(b)(5) motion where plaintiff served defendant ten months after filing his complaint and did not demonstrate good cause).

Second, as JAD explained, Plaintiff's Motion for Entry of Default was deficient because the Motion relied on the service of a nullified complaint. Dkt. 225-1, pp. 24-27. Plaintiff filed his Fourth Amended Complaint on June 12, 2024, and did not serve JAD with this Complaint. In November 2024, Plaintiff moved for Entry of Default with the Clerk's Office, explaining that he served JAD with the Third

---

[1] When JAD cites to pleadings in this docket, the pin cites refer to the ECF pagination.

Amended Complaint, which he posited was the "operative complaint," and that JAD Nutrition failed to respond to the Third Amended Complaint. Dkt. 153, p. 2.

As a matter of law, when Plaintiff filed his Fourth Amended Complaint, it replaced and nullified the prior complaint. *McKinney v. Fitzgerald*, No. 18-12987, 2022 U.S. Dist. LEXIS 4278, at *14 (D.N.J. Jan. 10, 2022) ("An amended complaint, once accepted by the Court, replaces the original one."); *see also W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013) ("[T]he amended complaint supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." (internal quotation marks and citation omitted)). Plaintiff disagrees with the Third Circuit and the District of New Jersey that an amended complaint supersedes the previous version, Dkt. 236, pp. 8-9, but provides no case law to support his assertion, *see id*.

Plaintiff then disagrees with the *Auto. Rentals Inc. v. Bama Commer. Leasing LLC* decision by a court in this District, which addressed the same situation as the one present here and determined that "the Clerk's entry of default on the original complaint was rendered moot since the amended complaint superseded the original complaint." No. 1:17-cv-3877, 2018 U.S. Dist. LEXIS 39554, at *2 (D.N.J. Mar. 9, 2018). But again, Plaintiff provides no case law to counter this case. Instead, Plaintiff argues that the proper approach is to assess whether the amended complaint asserts

5

new claims, vaguely referring to "caselaw that depends on that approach," without citing to that claimed case law.

Because Plaintiff has provided no case law to support his position that service of the Third Amended Complaint was sufficient under Rule 4(m) of the Federal Rules nor that the Clerk's Entry of Default should not have been denied as moot because it relied on a nullified complaint, Plaintiff's arguments lack merit.

### IV. JAD has met the good cause standard required at this procedural posture.

Because JAD has met the good cause standard, this Court should set aside the Clerk's Entry of Default. In considering whether to set aside the Entry of Default, federal courts consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 256 (3d Cir. 2008) (citation omitted). These factors are governed by "a standard of liberality, rather than strictness." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 24-11511, 2025 U.S. Dist. LEXIS 189494, at *2 (D.N.J. Sep. 23, 2025) (internal quotation marks and citation omitted). Moreover, "doubtful cases [should] be resolved in favor of the party moving to set aside the default." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984).

6

A.    <u>Plaintiff will not be prejudiced by vacatur of the Clerk's Entry of Default.</u>

The only prejudice Plaintiff claims he would suffer because of vacatur is a delay, which he claims would not "meaningfully advance the case towards adjudication." Dkt 236, p. 12. This is not a recognized basis for prejudice under the good cause factors. Plaintiff cites to the *NJ Chinese Community Center v. McAleer* case to support this proposition, but that case in fact says the opposite: "[D]elay in satisfying a claim, alone, rarely establishes sufficient prejudice." No. 21-08320, 2022 U.S. Dist. LEXIS 145256, at *14 (D.N.J. Aug. 15, 2022).

Moreover, Plaintiff's position that addressing JAD's meritorious defenses—improper service, lack of personal jurisdiction, and sufficiency of the claim—does not advance the case or would cause Plaintiff prejudice is untrue. Before a court can enter a default judgment, it must (1) confirm it "has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Days Inns Worldwide, Inc. v. Jinisha Inc.*, No. 14-6794, 2015 U.S. Dist. LEXIS 96513, at *3 (D.N.J. July 24, 2015). All these elements, for which plaintiff bears the burden,[2] must be addressed regardless of this Court's decision on vacatur.

---

[2] The plaintiff bears the burden in establishing all these elements. *See Gannon & Scott, Inc. v. TVT Bus. Funding, LLC*, No. 23-20968, 2025 U.S. Dist. LEXIS 8494, at *4 (D.N.J. Jan. 16,

7

Because the only purported prejudice claimed by Plaintiff is potential delay in satisfaction, and the issues raised by JAD must be resolved prior to entry of a default judgment, this factor weighs in favor of setting aside the Entry of Default.

B.    JAD sufficiently plead several meritorious defenses.

One of the factors the Court considers in assessing whether the good cause has been met is whether the Defendant can plead meritorious defenses in response to the plaintiff's complaint. In this context, the defenses must be plausible, or as several courts in this District have described it, "not facially unmeritorious." *See, e.g., Thurston L. Offices LLC*, 2025 U.S. Dist. LEXIS 175416, at *4. Even so, courts within this District are reluctant to deny a motion to set aside a clerk's entry of default, even if a defendant has not asserted plausible defenses. *GCN IV, LLC v. Salerno*, No. 20-5811, 2020 U.S. Dist. LEXIS 197457, at *7-8 (D.N.J. Oct. 23, 2020). This makes sense as the Third Circuit has repeatedly cautioned its dislike for default judgments. *See, e.g., $55,518.05 in U.S. Currency*, 728 F.2d at 195.

---

2025) (subject matter jurisdiction); *Buchanan Ingersoll & Rooney PC v. Belmonte*, No. 24-cv-859, 2024 U.S. Dist. LEXIS 131871, at *8 (D.N.J. July 24, 2024) (personal jurisdiction); *Barbee v. Amira Nature Foods, Ltd.*, No. 21-12894, 2024 U.S. Dist. LEXIS 29199, at *4 (D.N.J. Feb. 14, 2024) (service); *Comcast Cable Communs. v. Dorris*, No. 04-3587, 2005 U.S. Dist. LEXIS 23156, at *1 (D.N.J. Feb. 8, 2005) (sufficiency of the claim); *HealthMax Med. Tech. Ltd. v. All Am. Health LLC*, No. 23-3296, 2024 U.S. Dist. LEXIS 139099, at *30 (D.N.J. Aug. 6, 2024 (damages).

Somehow out of this jurisprudential backdrop, Plaintiff equates the requirement that a defendant pleads "not facially unmeritorious defenses" with a requirement that Defendant provide competent summary judgment evidence in support of these defenses, which no court has required. Plaintiff cites *no case law* in support of the proposition, except to claim that the District Court in *Thurston* decision held that "defenses must be supported by facts that, if proven, would constitute a complete defense," which, of course, still wouldn't be interpreted as requiring sworn evidence. But the *Thurston* decision cannot be squared with supporting that proposition because the Court in *Thurston* explained that defenses must be plausible, or "not facially unmeritorious" and that the defendant must meet that "minimal showing." *Id.* at *4-5. The Court also repeated, in that same discussion, that "courts in this circuit seem unwilling to deny the motion to set aside entry of default solely on the basis that no meritorious defense exits." *Id.* at *4.

JAD has alleged several facially meritorious defenses, which would provide a complete defense to Plaintiff's causes of actions. For example, JAD laid out the entirely deficient nature of Plaintiff's pleading against JAD, despite Plaintiff's complaint being on its fifth iteration. Dkt. 225-1, pp. 17-20. Plaintiff's pleading deficiency alone, which does not require any sworn testimony or other evidence, dooms the Complaint and therefore any subsequent motion for default judgment. The same standard applies to JAD's defense that it was never timely served with the

9

Third Amended Complaint. Dkt. 225-1, pp. 12-14. That lack of timely service is evident from the docket. Neither defense requires any additional fact-finding or evidence. As for the jurisdictional challenge, Defendant plead facts regarding JAD's citizenship and the deficiency of Plaintiff's pleading, which shows that Plaintiff could not survive a motion to dismiss for lack of personal jurisdiction as Plaintiff bears the burden of proving jurisdiction. Dkt. 225-1, pp. 14-17.

JAD has demonstrated that it has several plausible, "not facially unmeritorious" defenses, and therefore, this factor too weighs in favor of setting aside the Entry of Default.

C.    There is no evidence that the Entry of Default was caused by JAD's culpable conduct.

Plaintiff has not identified any evidence that the Entry of Default was caused by JAD's culpable conduct, which in this Circuit means "willfulness or bad faith." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1182 (3d Cir. 1984). Contrary to Plaintiff's assertion that "prolonged failure to respond without explanation" may constitute culpable behavior, Dkt. 236, p. 14, the Third Circuit in *Hritz v. Woma Corporation* explained that "[r]eckless disregard for repeated communications from plaintiffs and the court, *combined* with the failure to investigate the source of a serious injury, can satisfy the culpable conduct standard." *Id.* at 1183 (emphasis added).

10

Here, there is no evidence that JAD ever received notice that it was a party in this litigation, let alone that it "recklessly disregard[ed] repeated communications from the plaintiff and the court." *See Id.* While Plaintiff served JAD with the Third Amended Complaint through the Minnesota Secretary of State, there is no evidence that JAD in fact received it and therefore service, in this case, cannot be imputed with knowledge. Dkt. 225-1, pp. 21-22. Moreover, the "evidence" that Plaintiff points to that JAD "knew" of the lawsuit predated Plaintiff's naming JAD as a defendant in the Complaint by several years. Plaintiff refers to a 2019 email from a co-defendant which Plaintiff claims "indicates that JAD may have been aware of this suit." Dkt. 202-1, pp. 2, 8. Plaintiff did not name JAD Nutrition as a defendant in this action until he filed his Second Amended Complaint in 2022, three years *after* the claimed email that supposedly "indicates" that JAD "may have been aware" of this lawsuit. An awareness of a lawsuit three years before a defendant is named a party does not represent willful or bad faith conduct.

Because there is no evidence of "willful, intentional, reckless, or bad faith behavior" and the failure to respond by itself does not meet that standard, *see Gant v. Advanced Elec., Inc.*, No. 16-1954, 2017 U.S. Dist. LEXIS 135590, at *12 (D.N.J. Aug. 23, 2017), this factor weighs in favor of setting aside the entry of default.

11

D. **The magnitude of the money damages sought against JAD supports setting aside the Clerk's Entry of Default.**

The magnitude of the proposed judgment weighs against the entry of a default. This statement is not merely JAD's contention, but the Third Circuit's position. *See Livingston Powdered Metal, Inc*, 669 F.2d at 136-137 ("[M]atters involving large sums of money should not be determined by default judgment if it can reasonably be avoided."); *see also Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (same). Courts within this District have routinely and repeatedly quoted the well-established maxim that courts should avoid, if reasonably possible, entering default judgments for large sums of money. *See, e.g.*, *Leeder v. Feinstein*, No. 18-12384, 2019 U.S. Dist. LEXIS 228214, at *5 (D.N.J. Dec. 11, 2019); *Gould v. O'Neal*, No. 17-100, 2017 U.S. Dist. LEXIS 112170, at *3 (D.N.J. July 19, 2017); *Snellink v. Universal Travel Grp., Inc.*, No. 11-2164, 2015 U.S. Dist. LEXIS 194280, at *10 (D.N.J. Nov. 4, 2015).

Plaintiff's position to the contrary, in which he argues that the "substantial potential exposure" in fact weighs in favor of a default judgment, *see* Dkt. 236, p. 15, is contrary to this well-established case law. And once again, this argument is entirely unsupported by any case law or other authority. Plaintiff provides *no* support for this assertion nor for his contention that "[c]ourts routinely enter default and default judgments in cases involving substantial money relief where the defendant

12

has failed to appear or defend." Dkt. 236 at pp. 14-15. If it were so routine, one would expect Plaintiff's assertion to be followed by a string citation. Once again, it is not.

Because $5,000,000 in alleged damages is undoubtedly a large sum of money, this consideration weighs in favor of setting aside the Clerk's Office Entry of Default.

## CONCLUSION

Because good cause exists to set aside and vacate entry of the default against JAD and because the Entry of Default was improperly entered, this Court should grant this Motion and set aside the Entry of Default. Moreover, if this Court has any doubt as to whether the good cause standard has been met, "doubtful cases [should] be resolved in favor of the party moving to set aside the default." *$55,518.05 in U.S. Currency*, 728 F.2d at 195.

Dated: December 29, 2025

                                                Respectfully submitted

                                                _____
                                                Rachel Nudel, Esq. (RN 8552)
                                                **HINSHAW & CULBERTSON LLP**
                                                111 Wood Avene South, Ste. 210
                                                Iselin, New Jersey 08830
                                                Telephone: (908) 292-0018
                                                Facsimile: (312) 704-3001
                                                Email: rnudel@hinshawlaw.com

*Attorneys for Defendant JAD Nutrition, LLC d/b/a Xtreme Formulations*

To:
All counsel via ECF