# EXHIBIT B



**User Name:** Rachel Nudel
**Date and Time:** Monday, December 29, 2025 12:43 PM EST
**Job Number:** 271595752

## Document (1)

1. *Buchanan Ingersoll & Rooney PC v. Belmonte*
   **Client/Matter:** 1093582
   **Search Terms:** buchannan inersoll & rooney pc v. belmonte
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2025 LexisNexis

Rachel Nudel

Neutral

As of: December 29, 2025 5:43 PM Z

# Buchanan Ingersoll & Rooney PC v. Belmonte

United States District Court for the District of New Jersey

July 24, 2024, Decided; July 25, 2024, Filed

No. 24cv859 (EP) (JRA)

**Reporter**
2024 U.S. Dist. LEXIS 131871 *; 2024 LX 119073; 2024 WL 3534151

BUCHANAN INGERSOLL & ROONEY PC, Plaintiff, v. BRANDON BELMONTE, JUDITH BELMONTE and ZORKA JOVANOVIC, Defendants.

**Notice:** NOT FOR PUBLICATION

**Subsequent History:** Motion granted by, in part, Motion denied by, in part Ingersoll v. Belmonte, 2024 U.S. Dist. LEXIS 234438, 2024 WL 5245474 (Nov. 14, 2024)

Motion granted by, in part, Motion denied by, in part, Without prejudice Ingersoll v. Belmonte, 2025 U.S. Dist. LEXIS 156914 (D.N.J., Aug. 13, 2025)

## Core Terms

legal services, invoice, personal jurisdiction, default judgment, default, breach of contract, amount of damages, entry of default, meritorious, diversity, outstand

**Counsel:** [*1] For Buchanan Ingersoll & Rooney PC, Plaintiff: CHRISTOPHER ULYSSES WARREN, BUCHANAN INGERSOLL & ROONEY PC, NEWARK, NJ.

**Judges:** Evelyn Padin, United States District Judge.

**Opinion by:** Evelyn Padin

## Opinion

**PADIN, District Judge.**

In this dispute over legal fees, Plaintiff Buchanan Ingersoll & Rooney PC ("Buchanan") moves for default judgment against Defendants Brandon Belmonte ("BB"), Judith Belmonte ("JB"), and Zorka Jovanovic ("Jovanovic") pursuant to Fed. R. Civ. P. 55(b)(2). D.E. 8 ("Motion" or "Mot."). The Court decides the motion without oral argument. See Fed. R. Civ. P. 78(b); L.Civ.R.78(b). For the reasons set forth below, the Court will **GRANT in part** and **DENY in part** Plaintiff's Motion.

## I. BACKGROUND[1]

Plaintiff, a corporation organized in Pennsylvania, provides legal services. Compl. If 1. It has multiple offices, including one in Newark, New Jersey. *Id.* Defendant BB resides in New Jersey, Defendant JB resides in Connecticut, and Defendant Jovanovic resides in New Jersey. *Id.* ¶¶2-4.

Plaintiff's legal services for Defendant BB begem in October 2022. *Id.* ¶ 9. Defendant BB and Plaintiff executed engagement agreements on October 23, 2022 and February 1, 2023. Ex. A to Compl.[2] ("BB Agreements"). Per the terms of the BB Agreements, Plaintiff would bill Defendant BB monthly [*2] and reserved the right to impose interest of 1.5% per month on balances overdue for 30 days or more. Compl. ¶ 8.

On November 30, 2022, Plaintiff and Defendant Jovanovic executed an engagement agreement for legal services ("Jovanovic Agreement"). Ex. B to Compl. Per the terms of the Jovanovic Agreement, Plaintiff would bill Defendant Jovanovic monthly. Compl. ¶ 11. The

---

[1] Following the entry of default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). Therefore, the facts are based on well-pled allegations in Plaintiff's Complaint. D.E. 1 ("Complaint" or "Compl."). Local Rule 7.1(d)(4) permits a party to, instead of filing a brief, file a "statement that no brief is necessary and the reasons therefor." See **L.Civ.R.7.1(d)(4)**. Plaintiff has complied with this rule. D.E. 8-2.

[2] Plaintiff appears to have mistakenly dated the first engagement agreement as October 23, 2023 in the Complaint. Compl. 17.

Jovanovic Agreement did not include an interest provision. Defendant BB agreed to guarantee Defendant Jovanovic's financial obligations to Plaintiff. *Id.* ¶ 12. In December 2022, Plaintiff began performing legal services for Jovanovic. *Id.* ¶ 13.

On May 17, 2023, Plaintiff and Defendant JB executed an engagement agreement for legal services ("JB Agreement"). Ex. C to Compl. Per the terms of the JB Agreement, Plaintiff would bill Defendant JB monthly and reserved the right to impose interest of 1.5% per month on balances overdue for 30 days or more. Compl. ¶ 15. In February 2023, Plaintiff began performing legal services for Defendant JB. Compl. P 16.

Since entering into the various engagement agreements with Defendants, numerous invoices for legal services rendered remain unpaid. *Id.* ¶¶ 17-40. Defendant BB has received twenty-eight **[*3]** (28) invoices, but has paid just one. *Id.* ¶ 18. Defendant JB has received five invoices and paid none. *Id.* ¶ 19. Defendant Jovanovic has received five invoices and neither Defendant Jovanovic nor Defendant BB, as guarantor, has paid. *Id.* ¶¶ 20, 21.

At all relevant times during Plaintiff's legal representation, Defendants continuously "monitored . . . and expressed satisfaction" with Plaintiff's work, did not object to invoices, and continued to "request additional work." *Id.* ¶¶ 23-24. Further, Defendants BB and JB made "numerous promises" by "email, text, phone[,] and in person" to pay the outstanding balances, but failed to do so. *Id.* ¶¶ 26, 36. Defendant BB also falsely promised to wire funds to Plaintiff. *Id.* ¶ 30. Defendants BB and JB have sent six invalid checks to Plaintiff that "either bounced for insufficient funds" or were "written to non-existent accounts." *Id.* ¶ 27.

In or around August 2023, Plaintiff outlined to Defendants BB and JB their payment deficiencies and they acknowledged their obligations and assured payment was forthcoming. *Id.* ¶ 35. On December 7, 2023, Plaintiff again corresponded with Defendants BB and JB to resolve payments. *Id.* ¶ 19. On December 29, 2023, **[*4]** Defendant BB sent a screenshot of a purported wire transfer to Plaintiff, but no funds were wired. *Id.* ¶ 40.

Plaintiff filed its Complaint on February 12, 2024. Compl. Plaintiff served a copy of the Summons and Complaint on Defendant BB on February 20, 2024, D.E. 4, on Defendant JB on February 20, 2024, D.E. 5, and on Defendant Jovanovic on February 23, 2024. When Defendants failed to timely respond, Plaintiff requested a Clerk's Entry of Default against Defendants on March 25, 2024, D.E. 7, which the Clerk of Court entered on March 26, 2024. Plaintiff now moves for default judgment against all Defendants. *See* Mot.

## II. LEGAL STANDARD

Courts may enter default judgment under *Fed. R. Civ. P. 55(b)(2)* against a properly served defendant who does not file a timely responsive pleading. *Chanel, Inc. v. Gordashevsky, 558 F. Supp 2d 532, 535 (D.N.J. 2008)* (citing *Anchorage Assoc. v. Virginis. Bd. of Tax Rev., 922 F.2d 168, 177 n.9 (3d Cir. 1990)*). Although cases should be decided on their merits where practicable, default judgment is "largely a matter of judicial discretion." *Id.* Courts accept the well-pleaded factual allegations in the complaint as true but "need not accept the moving party's legal conclusions or allegations relating to the amount of damages," and must "ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party **[*5]** in default does not admit mere conclusions of law.'" *Id. at 535-36* (internal citations omitted).

Courts must determine: "(1) whether the plaintiff produced sufficient proof of valid service and evidence of jurisdiction, (2) whether the unchallenged facts present a legitimate cause of action, and (3) whether the circumstances otherwise render the entry of default judgment 'proper.'" *Chanel, Inc. v. Matos, 133 F. Supp. 3d 678, 683 (D.N.J. 2018)* (quoting *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 U.S. Dist. LEXIS 102652, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)*).

## III. ANALYSIS

### A. Jurisdiction and Service are Proper as to Defendants BB and Jovanovic, but not Defendant JB

Plaintiff satisfies the threshold requirements for entry of default judgment as to Defendants BB and Jovanovic. This Court has subject-matter jurisdiction pursuant to *28 U.S.C. § 1332*. To establish diversity jurisdiction under *28 U.S.C. § 1332*, "the party asserting jurisdiction must show that there is complete diversity of citizenship among the parties" as well as an amount in controversy exceeding $75,000. *Schneller v. Crozer Chester Med.*

*Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010). The citizenship of a corporation is "both its state of incorporation and the state of its principal place of business." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). "The citizenship of a natural person is the state where that person is domiciled." *Id.*

Plaintiff alleges that it is a professional corporation organized under the laws of Pennsylvania with its principal place [*6] of business in Pennsylvania. Compl. ¶ 1. Plaintiff also alleges that Defendant BB resides in New Jersey, Defendant JB resides in Connecticut, and Defendant Jovanovic resides in New Jersey. *Id.* ¶¶ 2-4. Plaintiff further alleges the amounts owed pursuant to the breached engagement agreements far exceed $75,000. *Id.* ¶ 32. Thus, this Court has diversity jurisdiction.

Regarding personal jurisdiction, Plaintiff's service of process on Defendants BB and Jovanovic within New Jersey suffices for *in personam* jurisdiction. *Fed. R. Civ. P. 4(k)(l)(A)*; *N.J. Ct. R. 4:4-4(a)(l)*, *(6)*. On March 7, 2024, Plaintiff submitted an Affidavit of Service of the Summons and Complaint, which included a declaration from Plaintiff's process server that on February 20, 2024 at 1:28 p.m., he personally served Defendant BB in Newark, New Jersey. D.E. 4; *see Fed. R. Civ. P. 4(e)*. On March 7, 2024, Plaintiff also submitted an Affidavit of Service of the Summons and Complaint, which included a declaration from Plaintiff's process server that on February 23, 2024 at 11:36 a.m., he personally served Melana Jovanovic, Defendant Jovanovic's mother, "at the defendant's dwelling house. . . with a person of suitable age and discretion then residing therein," in Nutley, New Jersey. D.E. 6; *see Fed. R. Civ. P. 4(e)(2)(B)* [*7] .

However, Plaintiff has not provided sufficient facts to demonstrate that this Court can properly exercise personal jurisdiction over Defendant JB. "A district court sitting in diversity may assert personal jurisdiction over a nonresident defendant to the extent allowed under the law of the forum state." *Barrett v. Tri-Coast Pharmacy, Inc.*, 518 F. Supp. 3d 810, 821 (D.N.J. 2021). New Jersey's long-arm statute allows the exercise of personal jurisdiction to the maximum extent permitted by the Constitution. *Id.*

There are two theories by which personal jurisdiction can be satisfied: general jurisdiction and specific jurisdiction. *Grimes v. Vitalink Commc'ns Corp.*, 17 F.3d 1553, 1559 (3d Cir. 1994). A court has general personal jurisdiction over a defendant when the defendant has "continuous and systematic" contacts with the forum state. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007). Plaintiffs must show more than mere "minimum contacts" to the forum. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). Here, Plaintiff has not sufficiently alleged "continues and substantial" contacts between Defendant JB and New Jersey. *Id.* Defendant JB was personally served in Barkhamsted, Connecticut. D.E. 5. Plaintiff alleges that Defendant JB has sent six invalid checks to Plaintiff, but does not specify to which office or through what means. Compl. ¶ 27. Without more information, this Court cannot determine the extent of Defendant JB's [*8] contacts with New Jersey.

A court has specific personal jurisdiction over a defendant if the defendant "purposefully directed its activities at the forum, and the litigation arises out of or relates to at least one of those activities." *Guiuan v. Villaflor*, No. 08-363, 2010 U.S. Dist. LEXIS 93327, 2010 WL 3614197, at *2 (D.N.J. Sept 8, 2010). Plaintiff does not explain Defendant JB's connection to New Jersey outside of the execution of an agreement with a firm providing legal services in New Jersey and its receipt of invalid checks from Defendant JB. Compl. ¶¶ 1, 27. These allegations are "insufficient to sufficiently demonstrate specific jurisdiction." *AvalonBay Cmtys., Inc. v. Aspen Specialty Ins. Co.*, No. 20-9167, 2021 U.S. Dist. LEXIS 91336, 2021 WL 1921528, at *3 (D.N.J. May 13, 2021) (denying default judgment after plaintiff alleged minimal connections between defendant and New Jersey). Again, without more information, this Court cannot determine if Defendant JB "purposefully directed [her] activities at the forum, and the litigation arises out of or relates to at least one of those activities." *Guiuan*, 2010 U.S. Dist. LEXIS 93327, 2010 WL 3614197, at *2.

The entry of default judgment is a matter of discretion subject to limitations such as "the requirement that a district court have personal jurisdiction over the defaulting defendant." *Vanguard Energy Partners LLC v. The Hanover Ins. Co.*, No. 18-13124, 2021 U.S. Dist. LEXIS 36807, 2021 WL 767608, at *2 (D.N.J. Feb. 26, 2021) (internal citations omitted). The moving party bears the burden of establishing personal jurisdiction. *Id.* As Plaintiff has failed to do so, [*9] the Court will **DENY** the Motion *without prejudice* as to Defendant JB.

**B. The Uncontested Facts Present Legitimate Causes of Action Against Defendants BB and**

**Jovanovic**

Accepting the allegations as true, Plaintiff has stated six common-law claims against Defendants to recover the unpaid invoices for legal services: (1) breach of contract against Defendant BB; (2) breach of contract against Defendant JB; (3) breach of contract against Defendant Jovanovic; (4) breach of contract against Defendant BB (as guarantor of the Jovanovic Agreement); (5) account stated; and (6) quantum meruit. *See generally* Compl.

"The elements for a breach of contract claim are (1) there was a contract; (2) defendant breached the contract; (3) and plaintiff suffered damages resulting from that breach." *Superior Towing & Transp., LLC v. J.B. Hunt Transp., Inc., No. 21-900, 2021 U.S. Dist. LEXIS 188329, 2021 WL 4482824, at *3 (D.N.J. Sept. 30, 2021)* (citing *Davis v. Wells Fargo, 824 F.3d 333, 351 (3d Cir. 2016)*). Here, Plaintiff meets all elements for the breach of contract claims. Plaintiff has established the existence of a contract between Plaintiff and all Defendants. *See* Exs. A-C to Compl. Defendants have allegedly failed to pay numerous outstanding invoices for legal services rendered. Compl. ¶ 32. Defendant BB has received twenty-eight (28) invoices and paid only one, and Defendant Jovanovic has received five [*10] invoices and neither Defendant Jovanovic nor Defendant BB, as guarantor, has paid any. *Id.* ¶¶ 18-21. Therefore, Plaintiff has adequately alleged breach of contract claims against Defendants BB and Jovanovic.

"To prevail on an account stated action in the District of New Jersey, where diversity jurisdiction exists, the plaintiff must prove that: (1) there was either an express or an implied agreement as to the amount due; and (2) the account was in fact stated or agreed to." *Razor Enter. Inc. v. Aexim USA, Inc., No. 11-6788, 2015 U.S. Dist. LEXIS 22463, 2015 WL 790558, at *3 (D.N.J. Feb. 24, 2015)*. Plaintiff has met both elements. Plaintiff has established the existence of an express agreement between Plaintiff and all Defendants. *See* Compl. Exs. A-C. Defendants have allegedly failed to pay numerous outstanding invoices for legal services rendered. *Id.* ¶ 32; *see also Razor, 2015 U.S. Dist. LEXIS 22463, 2015 WL 790558, at *3* (finding defendant's failure to dispute nineteen outstanding invoices sufficient to prevail on account stated action). Therefore, Plaintiff has adequately alleged an account stated claim against Defendants BB and Jovanovic.

The elements for a quantum meruit claim are, "(1) the performance of services in good faith; (2) acceptance of the services by the person to whom they are rendered; (3) an expectation of compensation; and (4) reasonable value [*11] of the services." *Superior Towing, 2021 U.S. Dist. LEXIS 188329, 2021 WL 4482824, at *3* (citing *Starkey, Kelly, Blaney, & White v. Estate of Nicolaysen, 172 N.J. 60, 68, 796 A.2d 238 (2002)*). Here, Plaintiff has met all requirements. Plaintiff performed legal services for all Defendants. Compl. ¶¶ 9, 13, 16. Defendants "monitored . . . and expressed satisfaction" with Plaintiff's legal services. *Id.* ¶¶ 23-24. Defendants did not object or inquire as to the invoices sent by Plaintiff for performed legal service and Defendants "request[ed] additional work be performed." *Id.* ¶ 23. Defendant BB also acknowledged his obligations to Plaintiff, indicating Plaintiff expected payment. *Id.* ¶ 35. Plaintiff has stated a quantum meruit claim against Defendants BB and Jovanovic.

**C. Default Judgment is Otherwise Proper as to Defendants BB and Jovanovic**

In addition to the above factors, courts determine whether default judgment is otherwise proper by considering: "'(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the parking seeking default, and (3) the culpability of the party subject to default.'" *Matos, 133 F. Supp. 3d at 686* (quoting *Doug Brady, Inc. v. N.J Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)*).

The record suggests no meritorious defense. *See id.* ("Defendant has failed to proffer any defense to Plaintiff's claims, meritorious or otherwise, and the Complaint does not otherwise suggest the existence [*12] of any meritorious defense."). And "[b]ecause the Defendant did not respond, the Court cannot determine whether the Defendant had meritorious defenses that are not reflected in the record." *Coach, Inc. v. Ocean Point Gifts, No. 09-4215, 2010 U.S. Dist. LEXIS 59003, 2010 WL 2521444, at *5 (D.N.J. June 14, 2010)*. Moreover, Defendants BB and Jovanovic's failure to appear or otherwise respond has prejudiced Plaintiff by preventing it from prosecuting its case and seeking relief. *See E.A. Sween Co., Inc. v. Deli Exp. of Tenafly, LLC, 19 F. Supp. 3d 560, 575 (D.N.J. 2014)* ("Plaintiff would suffer prejudice if default judgment were denied."). And "[a]bsent any evidence to the contrary, defendant's 'failure to answer evinces [its] culpability in [the] default.'" *Hayward Indus. Inc. v. Saltwater Pool Supplies, No. 20-6105, 2021 U.S. Dist. LEXIS 92209, 2021 WL 1940711, at *11 (D.N.J. June 14, 2021)* (internal quotations omitted). Here,

Defendants BB and Jovanovic's failure to answer suggests "willful negligen[ce]." *See id.*

The Court finds that Plaintiff has stated valid causes of action. The Court will therefore **GRANT** Plaintiff's Motion against Defendants BB and Jovanovic.

### D. Remedies

Having found the entry of default judgment to be appropriate, the Court next turns to the amount of damages to which Plaintiff is entitled. Following the entry of default judgment, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, 908 F.2d at 1149*. As such, Plaintiff's damages must still be proven.

Plaintiff **[*13]** seeks compensatory damages totaling $478,150.73 from Defendant BB and $23,204.98 from Defendant Jovanovic. Mot. at 8. According to Plaintiff, these figures are comprised of the principal amounts owed by each Defendant and the interest calculated as of the filing of the Motion. "In contract law, the usual measure of damages is compensatory damages, which puts the injured party in the position he would have been in if the other party performed as promised." *Miller v. Butler, No. 12-1004, 2014 U.S. Dist. LEXIS 18815, 2014 WL 585409, at \*6 (D.N.J. Feb. 14, 2014)*.

Plaintiff annexes the engagement agreements to the Complaint, outlining the billing rates for legal services. However, Plaintiff's Motion merely avers the amounts allegedly owed by Defendants but Plaintiff "has not cited to any invoices or other documentary evidence to support its damages claim with respect to the amount it is owed by Defendants." *Paniagua Grp., Inc. v. Hospitality Specialists, LLC, 183 F. Supp. 3d 591, 606 (D.N.J. 2016)*. The Court finds this is insufficient to justify the award of damages. *Id.* (citing *Mapssy Int'l, Inc. v. Hudson Valley Trading Inc., No. 08-3037, 2012 U.S. Dist. LEXIS 147064, 2012 WL 4889229, at \*6 (D.N.J. Oct. 11, 2012)* (concluding that the plaintiff had asserted a specific damage amount based on a breach of contract but had 'not submitted documentation to support' the damages claim and that the court would enter a damages judgment '[u]pon receipt of memoranda and proof of [the] [d]efendant's outstanding debts.')). Consequently, **[*14]** the Court will **DENY** the Motion *without prejudice* on the issue of damages, subject to renewal with documentary evidence to justify the damages sought.

### IV. CONCLUSION

For the above reasons, the Court will **GRANT in part** and **DENY in part** Plaintiff's Motion, D.E. 8. The Court will **DENY** the Motion as to Defendant JB *without prejudice*.[3] The Court will **GRANT** the Motion as to Defendants BB and Jovanovic with respect to liability and **DENY** it *without prejudice* as to the amount of damages. An appropriate Order follows.

Dated: July 24, 2024

/s/ Evelyn Padin

Evelyn Padin, U.S.D.J.

### ORDER

Plaintiff Buchanan Ingersoll & Rooney PC's ("Buchanan") moves for default judgment against Defendants Brandon Belmonte ("BB"), Judith Belmonte ("JB"), and Zorka Jovanovic ("Jovanovic") pursuant to *Fed. R. Civ. P. 55(b)(2)*. D.E. 8 ("Motion" or "Mot."). Having reviewed the accompanying papers and all relevant items on the docket, and having determined that oral argument is not necessary,

**IT IS**, on this **25th** day of **July** 2024, for the reasons set forth in the accompanying Opinion,

**ORDERED** that Plaintiff's Motion, D.E. 8, is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Plaintiff's Motion is **DENIED** *without prejudice* as to Defendant **[*15]** JB; and it is further

**ORDERED** that Plaintiff's Motion is **GRANTED** as to Defendants BB and Jovanovic with respect to liability; and it is further

**ORDERED** that Plaintiff's Motion is **DENIED** *without prejudice* as to Defendants BB and Jovanovic with respect to damages; and it is further

**ORDERED** that Plaintiff has thirty (30) days to cure the noted deficiencies noted in the accompanying Opinion; and it is finally

**ORDERED** that the failure to timely remedy those deficiencies may result in this action's dismissal.

---

[3] The Court notes that Plaintiff's Motion does not sufficiently address deimages with respect to Defendant JB either.

/s/ Evelyn Padin

Evelyn Padin, U.S.D.J.

**End of Document**