# EXHIBIT C



**User Name:** Rachel Nudel

**Date and Time:** Monday, December 29, 2025 12:47□PM EST

**Job Number:** 271596177

## Document (1)

1. *Days Inns Worldwide, Inc. v. Jinisha Inc.*

   **Client/Matter:** 1093582

   **Search Terms:**

   **Search Type:** Natural Language

   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

⚠ Caution

As of: December 29, 2025 5:47 PM Z

## *Days Inns Worldwide, Inc. v. Jinisha Inc.*

United States District Court for the District of New Jersey

July 24, 2015, Decided; July 24, 2015, Filed

Civil Action No. 14-6794

**Reporter**

2015 U.S. Dist. LEXIS 96513 *; 2015 WL 4508413

DAYS INNS WORLDWIDE, INC., formerly known as DAYS INNS OF AMERICA, INC., a Delaware Corporation, Plaintiff, v. JINISHA INC., a Georgia corporation; and MUKUND R. PATEL, an individual, Defendants.

**Notice:** NOT FOR PUBLICATION

# Core Terms

license agreement, default, damages, default judgment, final judgment, Summons

**Counsel:** **[*1]** For DAYS INNS WORLDWIDE, INC., A DELAWARE CORPORATION, formerly known as, Plaintiff: PATRICK EUGENE DURING, LeClairRyan LLP, Newark, NJ; BRYAN PAUL COUCH, LeClairRyan, Newark, NJ.

**Judges:** MADELINE COX ARLEO, UNITED STATES DISTRICT JUDGE.

**Opinion by:** MADELINE COX ARLEO

# Opinion

**ARLEO, UNITED STATES DISTRICT JUDGE.**

This matter comes before the Court on Plaintiff Days Inn Worldwide, Inc., formerly known as Days Inns of America ("DIW") motion for final judgment by default pursuant to *Federal Rule of Civil Procedure 55(b)(2)* [Dkt. No. 15]. For the reasons set forth herein, the motion is **GRANTED**.

## I. BACKGROUND

DIW is one of the largest guest lodging franchise systems in the United States. DIW owns and has the exclusive right to license the service mark DAYS INN and various related trade names, trademarks, as well as service marks, logos, and derivations thereof ("the Days Inn Marks").

On or about May 28, 1997, DIW entered into a license agreement (the "License Agreement") with Defendant Jinisha, Inc ("Jinisha"). Compl. ¶ 8, Dkt. No. 1. Through this License Agreement, Jinisha agreed to operate a Days Inn facility for a term of eighteen years, and was required to make certain periodic payments to DIW for royalties, taxes, interest, reservation system user fees, and **[*2]** other fees (collectively, "Recurring Fees"). Id. ¶ 10; see License Agreement ¶ 5, Dkt. No. 1-1, Ex. A. Defendant Mukund R. Patel provided DIW with a Guaranty of Jinisha's obligations under the License Agreement. See Guaranty, Dkt. No. 1-1, Ex. B. Pursuant to the Guaranty, Defendant agreed to pay the costs, including reasonable attorneys' fees, incurred by DIW in enforcing its rights or remedies under the Guaranty. Compl. ¶ 20. Beginning in 2010, Jinisha failed to meet its financial obligations to DIW under the License Agreement. Id. ¶ 21. From June 8, 2012, to June 11, 2013, DIW subsequently sent Jinisha a total of nine letters informing Jinisha that it was in breach of the License Agreement because it owed DIW outstanding Recurring Fees, which had compounded between every letter. Id. ¶¶ 22-30. DIW then terminated the License Agreement. Id. ¶ 30.

DIW filed a Complaint on October 30, 2014, seeking damages as a result of the breach of the License Agreement. See id.; Couch Cert. ¶ 3, Dkt. No. 15-2. Defendants Jinisha and Patel have been personally served with a summons and complaint. See Summons Returned Executed, Dkt. No. 5. Despite diligent efforts and inquiry, however, Defendant Jinisha **[*3]** was unable to be located, and was instead served with a summons and complaint via both regular and certified mail pursuant to *Federal Rule of Civil Procedure 4(e)(1)* and New Jersey Rule of Civil Practice 4:4-4(b)(1)(C). See Aff. of Diligent Efforts as to Defendant Jinisha, Inc.,

Dkt. No. 15-2, Ex. A. The time for Defendants to answer or otherwise move as to the Complaint has expired. The Clerk entered default against Defendant Patel on January 22, 2015, and against Defendant Jinisha on March 23, 2015. On April 22, 2015, DIW filed the instant motion for final judgment by default. To date, Defendants have not filed any opposition to the motion.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008)*. Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See *Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008)*; *Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 U.S. Dist. LEXIS 66646, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011)*. Although the facts pled in the Complaint are accepted as true for **[*4]** the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008)*.

## III. ANALYSIS

### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over the Defendants. First, the Court has subject matter jurisdiction under *28 U.S.C. §§ 1331* and *1332*. See *Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 U.S. Dist. LEXIS 36701, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012)*. The Court also has personal jurisdiction over Defendants pursuant to their consent to jurisdiction as set forth in the License Agreement and Guaranty. Id.; Compl. ¶¶ 5-6; see also License Agreement ¶ 17.4; Guaranty. Additionally, DIW provided the Court with proof of service as to all Defendants.

### B. Liability

The Court concludes DIW has pled a breach of contract claim against Defendants as Plaintiff has pled the existence of a contractual relationship, that Defendants breached the License Agreement by failing to remit the required payments, and resulting damages. See *Ramada, 2012 U.S. Dist. LEXIS 36701, 2012 WL 924385, at *3*; *Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 U.S. Dist. LEXIS 123734, 2014 WL 4388697, at *1 (D.N.J. Sept. 4, 2014)*.

### C. Appropriateness [*5] of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. *Doug Brady, 250 F.R.D. at 177*. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, the Defendants do not have a meritorious defense. See *Ramada, 2012 U.S. Dist. LEXIS 36701, 2012 WL 924385 at *5*. Second, the Court finds that DIW will suffer prejudice absent entry of default judgment as DIW will have no other means of obtaining relief. Finally, the Court finds the Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Cert. of Bryan P Couch, Dkt. No. 15-2, ¶¶ 16-17; see also *Super 8, 2014 U.S. Dist. LEXIS 123734, 2014 WL 4388697 at *2*; see also *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006)* (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

DIW first seeks $120,772.73 in "Recurring Fees" as defined in the License Agreement. Plaintiff has provided

2015 U.S. Dist. LEXIS 96513, *5

sufficient evidence of these damages. See Fenimore Aff. ¶ 26, Dkt. No. 15-3; Itemized Statement of Recurring **[*6]** Fees, Dkt. No. 15-5, Ex. L; License Agreement ¶ 7.1.

DIW also seeks $29,334.60 in liquidated damages. Again, Plaintiff has provided sufficient proof of these damages. See License Agreement ¶ 12; Fenimore Aff. ¶¶ 27-34.

DIW also seeks $8,722.62 in attorneys' fees and costs, which the License Agreement expressly authorizes. License Agreement ¶ 17.4. DIW has provided the Court with sufficient proof of these damages. See Couch Cert. ¶¶ 12-14; Ex. D to Couch Cert.

Based upon the foregoing, judgment shall be entered against the Defendants Jinisha, Inc., and Mukund R. Patel jointly and severally, for: (1) $120,772.73 in Recurring Fees; (2) $29,334.60 in liquidated damages; and (3) $8,722.62 in attorneys' fees and costs.

## IV. CONCLUSION

For the reasons set forth above, DIW's motion for final judgment by default is **GRANTED**. An appropriate order will follow.

*/s/ Madeline Cox Arleo*

**MADELINE COX ARLEO**

**UNITED STATES DISTRICT JUDGE**

**FINAL JUDGMENT BY DEFAULT**

This matter having been opened to the Court by plaintiff, Days Inns Worldwide, Inc., formerly known as Days Inns of America, Inc. ("DIW"), by its attorneys, LeClairRyan, seeking the entry of Final Judgment by Default against defendants, Jinisha Inc. and **[*7]** Mukund R. Patel (collectively, the "Defendants"), pursuant to *Fed. R. Civ. P. 55(b)(2)*; and it appearing that the Complaint in this matter was filed on October 30, 2014, seeking damages as a result of the breach of a license agreement between DIW and Jinisha Inc.; and service of the Summons and Complaint having been effectuated with respect to defendant Jinisha Inc. by serving it by certified and regular mail on January 21, 2015; and service of the Summons and Complaint having been effectuated with respect to defendant Mukund R. Patel by personally serving him in Duluth, Georgia on

December 11, 2014; and it appearing that default was duly noted by the Clerk of the Court against Jinisha Inc. on March 23, 2015 for its failure to plead or otherwise defend in this action; and it appearing that default was duly noted by the Clerk of the Court against Mukund R. Patel on January 22, 2015 for his failure to plead or otherwise defend in this action; and the Court having review ed the papers, and good cause having been shown:

**IT IS** on this 24 day of July, 2015.

**ORDERED, ADJUDGED, AND DECREED** that DIW have judgment against Jinisha Inc. and Mukund R. Patel, jointly and severally, in the total amount of $158,829.95, comprised **[*8]** of the following:
  a) $29,334.60 for liquidated damages (principal plus prejudgment interest);
  b) $120,772.73 for Recurring Fees (principal plus prejudgment interest); and
  c) $8,722.62 for attorneys' fees and costs.

*/s/ Madeline Cox Arleo*

HONORABLE MADELINE COX ARLEO, U.S.D.J.

---