# EXHIBIT D



**User Name:** Rachel Nudel

**Date and Time:** Monday, December 29, 2025 12:50 PM EST

**Job Number:** 271596432

## Document (1)

1. *Gannon & Scott, Inc. v. TVT Bus. Funding, LLC*
   **Client/Matter:** 1093582
   **Search Terms:** gannon & scott, INc. v. tvt bus
   **Search Type:** Natural Language
   **Narrowed by:**

   | Content Type | Narrowed by |
   |---|---|
   | | -None- |

About LexisNexis | Privacy Policy | Terms & Conditions | Copyright © 2025 LexisNexis

Rachel Nudel

No *Shepard's* Signal™
As of: December 29, 2025 5:50 PM Z

# Gannon & Scott, Inc. v. TVT Bus. Funding, LLC

United States District Court for the District of New Jersey

January 16, 2025, Decided; January 16, 2025, Filed

Civil Action No. 23-20968 (ZNQ) (JBD)

**Reporter**
2025 U.S. Dist. LEXIS 8494 *; 2025 LX 194871; 2025 WL 211525

GANNON & SCOTT, INC., Plaintiff, v. TVT BUSINESS FUNDING, LLC, et al., Defendants.

**Notice:** NOT FOR PUBLICATION

## Core Terms

default, lack of subject matter jurisdiction, adverse claimant, show cause, interpleader, citizenship, refine, subject matter jurisdiction, judgment of the court, diverse citizenship, security interest, net amount, intervene, deposit

**Counsel: [*1]** For GANNON & SCOTT, INC., Plaintiff, Plaintiff: STEVEN A. JAYSON, MELLINGER KARTZMAN LLC, MORRIS PLAINS, NJ.

**Judges:** ZAHID N. QURAISHI, UNITED STATES DISTRICT JUDGE.

**Opinion by:** ZAHID N. QURAISHI

## Opinion

### QURAISHI, District Judge

**THIS MATTER** comes before the Court upon an unopposed Motion for Default Judgment (the "Motion," ECF No. 31) filed by Plaintiff Gannon & Scott, Inc. ("Plaintiff") against Defendants TVT Business Funding, LLC ("TVT Business"), CT Corporation System, Corporation Services Company, Inc., and DG Auto Parts LLC ("DG Auto") (collectively, "Defaulting Defendants"), and in favor of Defendant TVT 2.0 LLC ("TVT 2.0"), who intervened in this action (ECF No. 21). After careful consideration of Plaintiff's submissions, the Court decides the Motion without oral argument pursuant to *Federal Rule of Civil Procedure 78* and Local Civil Rule 78.1.[1] For the reasons set forth below, the Court will **DENY** Plaintiff's Motion for Default Judgment.

## I. BACKGROUND AND PROCEDURAL HISTORY

### A. FACTUAL BACKGROUND[2]

Plaintiff filed an Amended Complaint on October 6, 2023 in interpleader against Defendants so that it may deposit with the Court the net amount of funds held by its stakeholder to which there are conflicting or competing claims. (Am. Compl.) Plaintiff is a precious metals reclamation **[*2]** and refining company, organized under the laws of Rhode Island. (*Id.* ¶¶ 1, 8.) In 2022, Defendant DG Auto contacted Plaintiff to work on four refining jobs. (*Id.* ¶ 11.) Following its refining and recovery work, Plaintiff attempted to contact DG Auto with information and disbursement summaries but did not receive a response, partially in part due to an indictment of some of DG Auto's principals. (*Id.* ¶¶ 16-17, 20.) After having not heard from DG Auto, Plaintiff learned that there were certain secured lenders who made public Uniform Commercial Code ("UCC") filings in the form of "UCC-1 Financing Statements," informing the public, and Plaintiff, of security interests in certain assets of DG Auto. (*Id.* ¶ 21.) All the Defendants in this matter have filed UCC-1 filings against the assets of DG Auto, thereby indicating a security interest and property right in the money. (*Id.* ¶¶ 29, 35.) Notably, the net amount to be paid to DG Auto—or its secured lenders—is $46,046.72. (*Id.* ¶ 23.)

---

[1] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure unless otherwise noted.

[2] For purposes of this Motion, the Court will construe the factual allegations contained within the Complaint as true. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## B. PROCEDURAL HISTORY

After the Amended Complaint was filed, TVT 2.0 filed a motion to intervene which was granted on May 15, 2024. (ECF No. 21.) On July 1, 2024, Plaintiff sought a clerk's entry of default under **[*3]** *Rule 55(a)*. (ECF No. 29.) The Clerk entered default on July 2, 2024. (ECF No. 29-30.) Thereafter, on July 11, 2024, Plaintiff filed the instant Motion seeking to preclude all Defendants except for TVT 2.0 from asserting any interest in this action, including in respect to any funds at issue.

## II. JURISDICTION

Before entering default judgment, the court must make a "threshold determination" of whether it has subject matter jurisdiction over the claims asserted and personal jurisdiction over the defendants. *Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015)*; *TM Mktg. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994, 997 (D.N.J. 1992)*.

Under *28 U.S.C. § 1335(a)*,

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in its custody or possession money or property of the value of $500 or more, . . . if

(1) Two or more adverse claimants, of diverse citizenship as defined in *section 1332* of this title, are claiming or may claim to be entitled to such money or property, or to any one of more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if

(2) The plaintiff has deposited such money or property ... into the registry of the **[*4]** court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

*28 U.S.C. § 1335*.

Based on the record before the Court, for the reasons set forth below, Plaintiff has not established whether two or more adverse claimants are of diverse citizenship. The Complaint alleges that each Defendant maintains a principal place of business in New Jersey (Compl. ¶¶ 1-5). Two of the Defaulting Defendants are limited liability corporations—DG Auto and TVT Business Funding—whose citizenship are defined by the citizenship of their members. *See Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)*. Plaintiff has not provided the citizenship of these members to the Court. Accordingly, the Court finds that Plaintiff has not met its burden of establishing subject matter jurisdiction at this time. *See Travelers Indem. Co. v. Khalil, Civ. No. 21-01224, 2021 U.S. Dist. LEXIS 256010, 2021 WL 7541412, at *1 (E.D. Pa. July 7, 2021)* (lawsuit not removable to federal court under *28 U.S.C. § 1335* where the adverse claimants were not diverse). The Motion will therefore be **DENIED** without prejudice and Plaintiff will be ordered to show cause in writing within 30 days **[*5]** why this matter should not be dismissed for lack of subject matter jurisdiction.[3] If Plaintiff does not respond by this deadline, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment pursuant to *Rule 55* (ECF No. 31) will be **DENIED** and Plaintiff will be ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. An appropriate Order will follow.

Date: January 16, 2025

/s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**

**UNITED STATES DISTRICT JUDGE**

**ORDER**

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon a Motion for Default Judgment filed by Plaintiff (the "Motion," ECF

---

[3] Given that Plaintiff has not established subject matter jurisdiction at this time, the Court does not reach the issue of personal jurisdiction.

No. 31.) For the reasons set forth in the accompanying Opinion,

**IT IS** on this **16th** day of **January 2025**,

**ORDERED** that Plaintiff's Motion (ECF No. 31) is hereby **DENIED**; and it is further

**ORDERED** that Plaintiff shall show cause in writing within **30 days** as to why the Court should not dismiss this case for lack of subject matter jurisdiction; and it is further

**ORDERED** that if Plaintiff does not respond within 30 days, this matter will be dismissed for lack of subject matter jurisdiction. **[*6]**

/s/ Zahid N. Quraishi

**ZAHID N. QURAISHI**

**UNITED STATES DISTRICT JUDGE**

---

End of Document