

**HINSHAW & CULBERTSON LLP**
**Attorneys at Law**
111 Wood Avenue South, Suite 210
Iselin, NJ 08830

908-292-0018
**www.hinshawlaw.com**

Rachel Nudel
rnudel@hinshawlaw.com

December 29, 2025

**VIA ECF**
Elizabeth A. Pascal, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
Camden, New Jersey 08101

  **Re: Copeland v. Poliquin Performance Center 2, LLC**
    **Civ No.: 1:19-cv-20278-ESK-EAP**
    <u>**Motion Day: January 5, 2026**</u>

Your Honor:

 Please accept the following Letter Brief in reply and in further support in further  support of the motion of Rachel Nudel, Esq., April Villaverde, Esq. and Hinshaw & Culbertson, LLP to withdraw as counsel for JAD Nutrition d/b/a Xtreme Formulations ("JAD.")

<u>**ARGUMENT**</u>

**I. PLAINTIFF DOES NOT OPPOSE THE INSTANT APPLICATION TO WITHDRAW AS COUNSEL**

 At the outset, Plaintiff does not oppose the pending motion to withdraw as counsel but submits a "limited rely" in order to further argue against the separate pending motion  to vacate the default against JAD.

 The undersigned therefore reiterates and incorporates by reference the

arguments set forth in support of the pending motion to withdraw as counsel for JAD as withdrawal of the instant representation is warranted because counsel has been unable to locate a client contact despite diligent efforts and proceeding without such a client contact would make continued representation impossible. Moreover, there is no known coverage for this claim. *See* Dkt. 235.

In their limited response to this pending motion, plaintiff's counsel argues that "counsel cannot simultaneously disclaim authority to act for a party and leave filings made int that posture operative before the Court." (Dkt. 237 at par. 2.)

As more fully set forth in the separate pending motion  to vacate the default against JAD (Dkt. 225) and reply,  the undersigned has never disclaimed authority to act for JAD and that separate motion to vacate the default against JAD should therefore be decided separately and on the merits.  *See* Dkt. 225.

On the contrary, the crux of the pending motion to withdraw is that *continued* representation of JAD would be impossible because despite various efforts, we have been unable to reach a client representative which precludes their ability to cooperate and assist in the defense of this action, as well as our ability to defend them. *See* Dkt. 235-1, pp. 1-8; Dkt. 235-2 at pars. 11-20. *See also* Declaration of Becky Vogel ("Vogel Decl.") at pars. 6-10.  Plaintiff does not dispute that this makes continued representation of JAD in this action impossible as we will be unable to defend plaintiff's substantive claims or to participate in discovery or

continued litigation.  Moreover, following investigation, it has been determined that there is no known insurance coverage for this inactive LLC. *See  Id.*  at par. 11. *See also* Dkt. 235-1, at p. 11; Dkt.  235-2 at par. 22.

The accompanying Vogel Decl. on  behalf of Markel Service, Incorporated ("MSI"), the  claim  service  manager  for  Evanston  Insurance  Company  ("EIC") outlines that EIC assigned counsel in order to protect JAD's interest  by addressing the pending motion for default judgment against them.  *See Id.* at par. 7.

The  Vogel Decl. further outlines the various steps taken by EIC and their counsel in attempting to locate a representative from JAD, which included reaching out to JAD at their last-known address, reaching out to their last-known landlord, as well  as  retaining  both  defense  and  coverage  counsel  who  were  also  tasked  with attempting to locate JAD.  *See Id.* at pars. 6-10.

Next, the Vogel Decl. further confirms that on November 20, 2025, Meagher & Geer, PLLP, coverage counsel for EIC in  this  matter  sent  correspondence  to plaintiff's  counsel  notifying  Plaintiff  Copeland  of  EIC's  insurance  coverage determination that the Policy does not provide any insurance coverage to JAD for Plaintiff Copeland's claims in the above-captioned lawsuit*. See Id.* at par. 11.

Additionally,  plaintiff's  counsel's  argument  that  withdrawal  would  not return the parties to *status quo* is also without merit.

As more fully set forth in the underlying motion,  JAD would return to *status quo* upon the granting of this motion to withdraw as counsel and would, at worst, revert to the same position that they were in before the undersigned was assigned and appeared as counsel, or, if the court grants JAD's separate pending motion to vacate the default, JAD will be in a better position than they were in prior to the commencement of the subject representation. *See* Dkt. 235-1 at p. 8.

Similarly, plaintiff would either revert to *status quo* and return to the position that they were in prior to the appearance of counsel for JAD or, have to address and/or correct the jurisdictional and/or procedural issues addressed in the separate pending motion.  *Id.*

As more fully set forth in JAD's reply brief in further support of the motion to vacate, any findings by the Court regarding jurisdictional and/or procedural deficiencies in plaintiff's default against JAD and any resultant remedies would not constitute a delay, but the correction of an entry of Judgment that should not have been made in the first place.  This would not prejudice the plaintiff nor deprive him of the opportunity to pursue any judicial remedies to which he alleges to be entitled.

 As set forth above and in the moving papers of this motion to withdraw as counsel, good cause exists to grant the instant motion for withdrawal as counsel as we are unable to proceed with this representation without a client contact and

cooperation, which has not been obtained here despite a good faith effort. Moreover, there is no known insurance coverage for this inactive LLC.

Finally, this withdrawal can be accomplished without material adverse effect on the interests of the client or prejudice to plaintiff.

Respectfully Submitted,

**HINSHAW & CULBERTSON LLP**

Rachel Nudel (RN 8552)
April Villaverde (AV 1679)

cc: All Counsel of Record via ECF