# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRANDON COPELAND<br>        Plaintiff,<br>vs.<br><br>POLIQUIN GROUP, a business entity, form unknown, POLIQUIN PERFORMANCE CENTER 2 LLC, CAROLEEN KANDEL A/K/A CAROLEEN KANEL A/K/A CAROLEEN JONES, an individual, JAD NUTRITION doing business as XTREME FORMULATIONS, a business entity, form unknown, TOTAL BODY NUTRITION LLC doing business as TBN LABS LLC, WE DO PRIVATE LABEL LLC, MICHIGAN ELITE CONDITIONING FOR ATHLETES LLC A/K/A MECA, JOHN DOES 1-30, ABC CORPORATIONS 1-30 and XYZ PARTNERSHIPS 1-30, unidentified individuals, corporations and partnerships (fictitious designations);<br><br>        Defendant(s). | Civ. No.: 1:19-cv-20278-ESK-EAP<br><br><br>**DECLARATION OF BECKY VOGEL** |

**STATE OF GEORGIA**       )
               ) ss.
**COUNTY OF FORSYTH**)

  I, Becky Vogel, hereby first duly sworn upon oath, declares and states as follows:

  1.  I am a Senior Director, Claims, at Markel Service, Incorporated ("MSI").

  2.  MSI is the claim service manager for Evanston Insurance Company ("EIC").

  3.  I have personal knowledge about the matters set forth herein based upon my review of the records maintained by EIC in the ordinary course of business.

  4.  On October 14, 2025, EIC received a correspondence dated October 11, 2025 from counsel for Plaintiff Brandon Copeland in the above-captioned matter notifying EIC of Mr. Copeland's claims against EIC's former insured JAD Nutrition d/b/a Xtreme Formulations ("JAD").

  5.  In that same correspondence dated October 11, 2025, Plaintiff Copeland's counsel notified EIC of Plaintiff Copeland's pending Motion for Default Judgment against JAD. This was EIC's first notice of this lawsuit or the pending motion for default judgment against JAD.

6. EIC retained Engel Martin adjusting firm to make contact with the property manager at the last known business address of the insured in an attempt to obtain forwarding contact information for the insured, but no contact information for the insured was obtained.

7. Due to the pending Motion for Default Judgment, EIC assigned the Hinshaw & Culbertson, LLP law firm as defense counsel for JAD to attempt to locate a representative of JAD and to protect JAD's interests by addressing the pending motion for default judgment against JAD.

8. EIC also retained the Meagher & Geer PLLP law firm of Minneapolis, Minnesota for legal counsel regarding insurance coverage obligations under EIC's claims-made General Liability (Including Products/Completed Operations Liability) Insurance Policy No. SP878586 (the "Policy") issued to JAD.

9. Due to the geographic proximity of the Meagher & Geer PLLP law firm to JAD, a Minnesota limited liability company, EIC asked Meagher & Geer PLLP to also attempt to locate and make contact with a representative of JAD.

10. Neither the Hinshaw & Culbertson, LLP, nor the Meagher & Geer PLLP law firms were able to make contact with any representative of JAD.

11. On November 20, 2025, the Meagher & Geer PLLP law firm, on behalf of EIC, sent correspondence to all last known addresses of JAD, and its last known members, communicating EIC's insurance coverage determination that the Policy does not provide any insurance coverage to JAD for Plaintiff Copeland's claims in the above-captioned lawsuit.

12. On November 20, 2025, the Meagher & Geer PLLP law firm, on behalf of EIC, sent a correspondence to Plaintiff Copeland's counsel notifying Plaintiff Copeland of EIC's insurance coverage determination that the Policy does not provide any insurance coverage to JAD for Plaintiff Copeland's claims in the above-captioned lawsuit.

I declare under penalty of perjury that everything I have stated in this document is true and correct.

Date: December 29, 2025

s/ *Becky Vogel*
Becky Vogel