

**HINSHAW & CULBERTSON LLP**
**Attorneys at Law**
111 Wood Avenue South, Suite 210
Iselin, NJ 08830

908-292-0018
www.hinshawlaw.com

Rachel Nudel
rnudel@hinshawlaw.com

December 30, 2025

**VIA UPS**
Elizabeth A. Pascal, USMJ
Mitchell H. Cohen Building & U.S. Courthouse
Camden, New Jersey 08101

    Re:    **Copeland v. Poliquin Performance Center 2, LLC**
           **Civ No.: 1:19-cv-20278-ESK-EAP**
           **Motion Day: January 5, 2026**

Your Honor:

As the Court is aware, we represent the Defendant, JAD Nutrition d/b/a Xtreme Formulations ("JAD") in this matter. Currently before the court are two motions, which include JAD's motion to vacate against them (Dkt. 225) and the undersigned's motion to withdraw as counsel for JAD (Dkt. 235.)

Please allow the following to serve as a response to plaintiff's December 30, 2025 correspondence (Dkt. 242.)

Preliminarily, plaintiff's correspondence should be disregarded by the Court as an improper sur-reply. Pursuant to L. Civ. R. 7.1(d)(6), no sur-replies are

permitted without leave of the Court. As no leave for this sur-reply has been sought by plaintiff, it should be disregarded by the Court.

In the event that the Court is inclined to address the substance of the arguments and assertions in the filing, the undersigned responds as follows:

In response to plaintiff's first assertion that "Defendant's submission directly contradicts" representations made to the Court," the undersigned indicated that the pending motion to vacate the default could not be withdrawn while we are counsel of record for JAD.

Second, in response to plaintiff's assertion that the reply brief in support of withdrawal introduces new factual material and substantive legal argument directed to the merits of vacatur is also inaccurate. A review of the Brief together with the other filings currently before the Court will confirm that there are no new substantive arguments directed to the merits of vacatur. In fact, the only reason that the motion to vacate the default is even mentioned in the reply of the motion to withdraw as counsel is to address factual assertions and arguments made by plaintiff in their response to the pending motion to withdraw, including plaintiff's argument of lack of authority for the filing of the motion to vacate (Dkt. 237)

Specifically, plaintiff's 2-page response to the pending motion to withdraw as counsel focuses heavily on the separate motion to vacate the default.

Plaintiff argues:

- "counsel cannot simultaneously disclaim authority to act for a party and leave filings made in that posture operative before the Court." See Dkt. 237, p.1. par. 2.

Plaintiff further argues in their response:

- "specifically the Motion to Vacate Entry of Default and related filings were made without authority and cannot remain operative." Dkt. 237, p.2, par. 1.

- "Vacating default where no authorized defendant has appeared, and where counsel affirmatively represents that no defense can proceed without client contact, would not move this case toward adjudication on the merit." See Id. at p. 2, par. 2.

- "Accordingly, while Plaintiff does not oppose withdrawal, Plaintiff respectfully submits that the Motion to Vacate Entry of Default and any other filings submitted on behalf of JAD Nutrition, LLC should be stricken as unauthorized, or in the alternative denied." See Id. at p. 2, par. 3)

Any mention in the reply of the separate motion to vacate the default against JAD was only to address and refute the above outlined arguments in plaintiff's response as plaintiff's allegations regarding lack of authority to file the separate motion to vacate. See Dkt. 241, pp. 2-3.

With respect to the Declaration of Becky Vogel, this Declaration does not advance any new facts or arguments, but simply addresses plaintiff's allegations regarding "lack of authority," scope of representation and outlines steps taken to locate a representative of JAD. See Dkt. 241-1. None of this is new.

Third, the undersigned has never asserted lack of authority, particularly with respect to the filing of the pending Motion to Vacate. As more fully set forth in the motion to withdraw as counsel, the crux of the pending motion to withdraw is that continued representation of JAD would be impossible because despite various efforts, we have been unable to reach a client representative which precludes their ability to cooperate and assist in the defense of this action, as well as our ability to defend them. *See* Dkt. 235-1, pp. 1-8; Dkt. 235-2 at pars. 11-20; Dkt. 241, p. 2, par. 2. Moreover, following investigation, it has been determined that there is no known insurance coverage for this inactive LLC. *See Id*. at par. 11. *See also* Dkt. 235-1, at p. 11; Dkt. 235-2 at par. 22.

For the reasons set forth above, the reply in further support of the Motion to Withdraw as Counsel is proper before this Court.

                                                                                Respectfully Submitted,

                                                                                **HINSHAW & CULBERTSON LLP**

                                                                                Rachel Nudel (RN 8552)

.

cc: Plaintiff's Counsel via ECF