<table>
<tr><td>

**VIA ECF ONLY:**
The Honorable Edward S. Kiel
United States District Judge for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

</td><td>

**Emily K. Declercq, Esq**
Emily@declercqlawfirm.com
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
(609) 873-3148
www.declercqlawfirm.com
*MEMBER NJ, PA & NY BAR

</td></tr>
</table>

January 23, 2026

Re: Copeland v. Poliquin Performance Center 2, LLC, et. al.
    Case No.: 1-19-cv-20278-ESK-EAP (District of New Jersey)

Dear Judge Kiel:

We represent Brandon Copeland in connection with the above-referenced matter. We are seeking clarification of Magistrate Judge Pascal's December 30, 2025 Order (ECF No. 248). This Order provides that if Defendant JAD Nutrition, LLC does not obtain counsel by January 30, 2026, a recommendation will be made that Plaintiff's remaining claims be dismissed without prejudice.

Plaintiff respectfully submits that this consequence falls on the complying party rather than on a non-appearing limited liability company, and rests on the premise that JAD must "obtain" counsel despite JAD never having appeared through authorized counsel in the first instance. Plaintiff further notes a procedural conflict: under Rule 55, Plaintiff cannot seek entry of default unless and until JAD fails to respond by its January 29, 2026 answer deadline, meaning the contemplated dismissal date coincides with, or predates, the first moment Plaintiff becomes eligible to pursue default relief again in this matter.

From the outset of Plaintiff's default proceedings, the operative Fourth Amended Complaint has been preserved in the Rule 55 record. In Plaintiff's original Request for Clerk's Entry of Default and Certification (ECF Nos. 153 and 153-1), which the Clerk accepted when default was entered in 2024, Plaintiff certified:

> "**Unchanged Allegations:** On June 12, 2024, Plaintiff filed a Fourth Amended Complaint (ECF No. 130). The allegations and claims against Defendant JAD Nutrition L.L.C. d/b/a Xtreme Formulations remain substantively identical to those in the Third Amended Complaint."

Following the Court's December 30, 2025 vacatur (ECF No. 244), based on the motion of counsel later acknowledged on the record to lack authorization to represent JAD, Plaintiff promptly re-served and provided renewed notice. Plaintiff further notes that sworn testimony and the record reflect JAD's purposeful avoidance of suit. Plaintiff, from the outset and throughout this case, has transmitted courtesy copies of operative pleadings and motion papers to JAD through certified

mail including in October 2025 in addition to formal service. The Fourth Amended Complaint and Rule 55 papers were sent to JAD by certified mail again on December 31, 2025, and JAD was served with the Court's December 30, 2025 Order by certified mail on January 5, 2026, as directed. Plaintiff also filed the executed Acknowledgment of Service on January 12, 2026 (ECF No. 250), establishing an answer deadline of January 29, 2026 based on receipt of service on January 8, 2026.

Plaintiff respectfully requests that the dismissal recommendation be set aside or held in abeyance because it requires Plaintiff to repeat formalities the Court already acknowledged in 2024—when default was entered with full awareness on the record that a Fourth Amended Complaint containing the same allegations was operative—and imposes a timeline that forecloses any meaningful opportunity to proceed under Rule 55 despite Plaintiff's lack of control over JAD's continued nonappearance and Plaintiff's demonstrated consistent timely compliance.

Should the Court wish to conference this issue with counsel, we will certainly make ourselves available.

    Respectfully submitted,

**DECLERCQ LAW FIRM PLLC**
**BLACKMON & BLACKMON PLLC**

    <u>*By: /s/ Emily K. Declercq*</u>
    Emily K. Declercq
    *Attorneys for Plaintiff*