**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center Dr, Suite 150
Princeton, NJ 08540
P: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID#: 100782017

**OF COUNSEL**

**BLACKMON & BLACKMON, PLLC**
907 W Peace St.
Canton, MS 39046
P: 601-859-1567 F: 601-859-2311
Edward Blackmon, Jr., Esquire, MS Attorney ID#: 3354
Barbara M. Blackmon, Esquire, MS Attorney ID#: 3346
Bradford J. Blackmon, Esquire, MS Attorney ID#: 104848

| | |
|---|---|
| BRANDON COPELAND<br><br>Plaintiff,<br><br>vs.<br><br>JAD NUTRITION LLC doing business as XTREME FORMULATIONS<br><br>Defendant(s). | Civ. No. : 1:19-cv-20278-ESK-EAP<br><br>**NOTICE OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAD NUTRITION L.L.C. D/B/A XTREME FORMULATIONS** |

TO: Clerk of the Court
United States District Court
District of New Jersey

PLEASE TAKE NOTICE that on February 17, 2026, or as soon thereafter as the Court may schedule this matter, Plaintiff Brandon Copeland, by and through his undersigned counsel, will move before the Honorable Edward S. Kiel, U.S.D.J., at the United States District Court for the District of New Jersey, for an Order entering default judgment against Defendant JAD Nutrition L.L.C. d/b/a Xtreme Formulations pursuant to Federal Rule of Civil Procedure 55(b)(2).

As required by Local Civil Rule 7.1(d)(2), Plaintiff sets a return date of February 17, 2026, as a formality. However, given Defendant's default and lack of participation, Plaintiff respectfully defers to the Court's discretion as to scheduling and disposition of this motion.

In support of this motion, Plaintiff relies upon the accompanying Motion for Default Judgment, Memorandum of Law, Certification of Counsel with exhibits (including Plaintiff's Certification of Damages), and Proposed Order.

Respectfully submitted,
Dated: February 2, 2026

**BRANDON COPELAND,** PLAINTIFF

By: */s/ Emily K. Declercq*

Emily K. Declercq

**DECLERCQ LAW FIRM PLLC**

**BLACKMON & BLACKMON PLLC**

*Attorneys for Plaintiff*

**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center, Suite 150
Princeton, NJ 08540
P: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID#: 100782017

**OF COUNSEL**
BLACKMON & BLACKMON, PLLC
907 W Peace St.
Canton, MS 39046
P: 601-859-1567 F: 601-859-2311
Edward Blackmon, Jr., Esquire, MS Attorney ID#: 3354
Barbara M. Blackmon, Esquire, MS Attorney ID#: 3346
Bradford J. Blackmon, Esquire, MS Attorney ID#: 104848

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BRANDON COPELAND<br><br>Plaintiff,<br><br>vs.<br><br>JAD NUTRITION LLC doing business as XTREME FORMULATIONS<br><br>Defendant(s). | Civ. No. : 1:19-cv-20278-ESK-EAP<br><br>**MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAD NUTRITION L.L.C. D/B/A XTREME FORMULATIONS** |

.

## MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JAD NUTRITION L.L.C. D/B/A XTREME FORMULATIONS

Plaintiff Brandon Copeland respectfully moves this Court for entry of default judgment against Defendant JAD Nutrition L.L.C. d/b/a Xtreme Formulations pursuant to Federal Rule of Civil Procedure 55.

### PROCEDURAL HISTORY

Defendant JAD Nutrition d/b/a Xtreme Formulations was properly served with the operative Complaint on January 8, 2026, with proof of service filed on January 12, 2026 (ECF No. 250). Despite proper service, Defendant has failed to appear, answer, or otherwise defend this action as required. The Clerk of Court entered default against Defendant JAD Nutrition on February 2, 2026 following Defendant's complete failure to respond to the Complaint or participate in this litigation in any manner.

### DAMAGES REQUESTED

Based on the well-pleaded allegations in the Complaint, which must be taken as true upon default, and the evidence submitted herewith, Plaintiff respectfully requests the following relief:

A. **Compensatory Damages**

Mr. Copeland's actual damages, as detailed in his certification and verified through NFL records, total $1,797,902.85.

B. **Statutory Treble Damages**

The New Jersey Consumer Fraud Act, N.J.S.A. 56:8-19, mandates treble damages for violations. Defendant's labeling, manufacture and distribution of a misbranded food product constitutes a per se violation of both the New Jersey Food and Drug Act, N.J.S.A. 24:5-1, and the Consumer Fraud Act. A dietary supplement contaminated with undisclosed substances is, as a matter of law, misbranded under federal and state regulations. Laboratory reports from three independent tests confirm the contamination, establishing liability under all causes of action alleged in the Complaint. This per se violation entitles Plaintiff to trebled damages of $5,393,708.55.

C. **Additional Relief** Plaintiff further requests:

- Judgment on all causes of action set forth in the Complaint
- Post-judgment interest at the federal statutory rate
- Costs of suit
- Such other relief as the Court deems just and proper

**WHEREFORE**, Plaintiff respectfully requests that this Court enter default judgment against Defendant JAD Nutrition L.L.C. d/b/a Xtreme Formulations on all causes of action alleged in the Complaint, awarding damages in the total amount of **$5,393,708.55**, together with post-judgment interest from the date of judgment and costs.

Respectfully submitted this 2nd day of February, 2026.

**DECLERCQ LAW FIRM PLLC**
**BLACKMON & BLACKMON PLLC**

*By: /s/ Emily K. Declercq*
Emily K. Declercq

*Attorneys for Plaintiff*