**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center Drive, Suite 150
Princeton, New Jersey 08540
Telephone: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID# 100782017

**OF COUNSEL**
**BLACKMON & BLACKMON, PLLC**
907 West Peace Street
Canton, Mississippi 39046
Telephone: (601) 859-1567
Edward Blackmon, Jr., Esq., MS Attorney ID# 3354
Barbara M. Blackmon, Esq., MS Attorney ID# 3346
Bradford J. Blackmon, Esq., MS Attorney ID# 104848

*Attorneys for Plaintiff Brandon Copeland*

| | |
|---|---|
| BRANDON COPELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>JAD NUTRITION LLC d/b/a XTREME FORMULATIONS,<br><br>    Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 1:19-cv-20278-ESK-EAP<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR**

**ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST**

**PRELIMINARY STATEMENT**

On May 8, 2026, this Court entered Final Judgment in favor of Plaintiff Brandon Copeland against Defendant JAD Nutrition LLC d/b/a Xtreme Formulations in the amount of $5,393,708.55, representing the full trebled compensatory damages permitted under the New Jersey Consumer

Fraud Act ("NJCFA"), N.J.S.A. 56:8-19. The Judgment also awarded "attorneys' fees, costs, and interest pursuant to N.J.S.A. 56:8-19, in amounts to be determined upon separate application."

By this Motion, Plaintiff respectfully requests an award of statutory attorneys' fees against Defendant JAD Nutrition LLC under N.J.S.A. 56:8-19, together with pre-judgment interest on the compensatory damages portion of the Judgment under N.J. Court Rule 4:42-11(b). Each of Plaintiff's two counsel of record submits a separate declaration and lodestar calculation. Declercq Law Firm, PLLC, as sole lead counsel of record throughout this matter, seeks $983,825.00 based on 1,711 hours of reconstructed time at a reasonable hourly rate of $575.00 (Declercq Decl. and Exh. A). Co-counsel Blackmon & Blackmon, PLLC, admitted pro hac vice, seeks $116,225.00 based on 195 hours at attorney-specific rates ranging from $575.00 to $625.00 (Blackmon Decl. and Exh. B). The total fee award requested against Defendant JAD Nutrition LLC is therefore $1,100,050.00, representing approximately 20% of the underlying $5,393,708.55 Judgment, well within the range of fees regularly approved in NJCFA matters. See Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 22–23 (2004). As detailed below, the fee request reflects deliberately conservative methodology, including a single non-historical hourly rate applied across the entire six-and-a-half-year course of the litigation and no application of any contingency multiplier or lodestar enhancement that would otherwise be permitted under controlling authority. Plaintiff seeks recovery of taxable costs separately through the Bill of Costs procedure established by Local Civil Rule 54.1.

This Motion is timely filed within fourteen days of entry of Final Judgment as required by Federal Rule of Civil Procedure 54(d)(2)(B). For the reasons set forth below, Plaintiff respectfully requests that the Court grant the Motion in its entirety.

**STATEMENT OF FACTS**

The factual and procedural history of this action is set forth in the Declaration of Emily K. Declercq, Esq., filed contemporaneously herewith, and is incorporated by reference. In summary: this action arose from contaminated nutritional supplements that caused Plaintiff Brandon Copeland, then an active player in the National Football League, to test positive for a banned substance and to be suspended from his employment, resulting in substantial lost wages and consequential damages pursuant to his employment contract. Plaintiff commenced this action in the Superior Court of New Jersey on October 11, 2019; the action was removed to this Court on November 14, 2019 and litigated continuously through entry of Final Judgment on May 8, 2026, a period of more than six and one-half years. Among the results obtained: (i) lead counsel secured reversal of this Court's initial dismissal of certain claims through a Motion for Reconsideration grounded in Sun Chemical Corp. v. Fike Corp., 243 N.J. 319 (2020); (ii) lead counsel successfully defeated unauthorized appearances by Defendant JAD Nutrition LLC's insurer-appointed counsel and opposed Defendant's subsequent motion to vacate default; (iii) lead counsel conducted successful multi-carrier insurance coverage litigation that forced disclosure of underwriting and coverage positions; and (iv) Plaintiff secured Final Judgment in the full amount of trebled compensatory damages permitted under the NJCFA, $5,393,708.55, against a defendant that had administratively dissolved during the litigation. The Judgment against Defendant JAD Nutrition LLC, including the treble damages award under N.J.S.A. 56:8-19, is based on knowing misrepresentations and false representations regarding the composition, purity, and safety of the dietary supplement products that caused Plaintiff's injury, as alleged in the operative Complaint and deemed admitted by virtue of Defendant's default.

**ARGUMENT**

**I. PLAINTIFF IS ENTITLED TO ATTORNEYS' FEES AS A MATTER OF STATUTORY RIGHT UNDER THE NEW JERSEY CONSUMER FRAUD ACT.**

The NJCFA expressly mandates fee-shifting for prevailing plaintiffs. N.J.S.A. 56:8-19 provides: "In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section, including those brought by the Attorney General, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit." The fee award is not discretionary; it is mandatory upon a finding of liability. Cox v. Sears Roebuck & Co., 138 N.J. 2, 24 (1994) ("The Legislature intended that the Consumer Fraud Act, which is designed to root out consumer fraud, be liberally construed in favor of consumers."); Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 21 (2004) (NJCFA fee-shifting is mandatory and is intended to incentivize private enforcement).

The Court has already found liability and entered Final Judgment trebling Plaintiff's compensatory damages under the NJCFA. The fee-shifting prerequisite is thus satisfied as a matter of law, and the sole remaining question is the reasonableness of the fees requested.

**II. THE LODESTAR METHOD GOVERNS THE FEE CALCULATION.**

Both federal and New Jersey courts calculate reasonable attorneys' fees using the lodestar method, which multiplies the number of hours reasonably expended by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Rendine v. Pantzer, 141 N.J. 292, 334–35

4

(1995); Furst, 182 N.J. at 21–22. The lodestar yields a presumptively reasonable fee that may be adjusted by the Court based on the factors set forth in Rendine and its progeny.

**A. The Hours Reasonably Expended by Declercq Law Firm, PLLC Were 1,711.**

Declercq Law Firm, PLLC devoted no fewer than 1,711 hours to this matter from October 2019 through May 2026, as set forth in detail in the Declaration of Emily K. Declercq, Esq. (¶¶ 10–15) and Exhibit A thereto. As described in the accompanying Declaration, this matter was undertaken on a contingent-fee basis and counsel did not maintain contemporaneous itemized time records. The hours set forth herein represent a good-faith reconstruction based on the docket of this Court, contemporaneous correspondence, the case file, calendaring records, and personal recollection. Co-counsel Blackmon & Blackmon, PLLC submits its own separate declaration and lodestar based on its own hours, rate, and certifications.

Third Circuit law accepts reasonable reconstruction in support of fee applications where contemporaneous records are unavailable or incomplete, provided the reconstruction is sufficiently detailed to permit meaningful review of reasonableness. See Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1037–38 (3d Cir. 1996); Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990). Exhibit A to the accompanying Declaration sets forth a phase-by-phase narrative anchored to identifiable docket events and case milestones, with hours reported in tenths and conservative assumptions throughout.

The hours are distributed across ten distinct phases of the litigation: (1) pre-removal and initial filing (130 hours); (2) motion to remand and motion to dismiss briefing, with oral argument before Judge Martinotti (200 hours); (3) motion for reconsideration culminating in this Court's reversal of its prior dismissal in light of Sun Chemical Corp. v. Fike Corp., 243 N.J. 319 (2020)

5

(100 hours); (4) amended complaints and case management (165 hours); (5) discovery, including two depositions and four joint proposed pretrial orders (360 hours); (6) entry of default and initial mediation (150 hours); (7) mediation, multiple settlement conferences, and dismissal of settled defendants (240 hours); (8) the contested second motion for default judgment, motion to strike unauthorized appearances, opposition to motion to vacate, and multi-carrier insurance coverage litigation (316 hours); (9) final judgment proceedings (15 hours); and (10) post-judgment and fee motion preparation (35 hours). See Declercq Decl., Exh. A.

The hours reflect not only work appearing on the docket but also necessary non-docketed work including: substantial mediation and settlement conference packets across the nine-month mediation period; research and consultation regarding potential damages experts (ultimately not designated); preparation of summary judgment motion papers that were not filed in light of the evolving procedural posture; multi-carrier insurance coverage analysis across Liberty Mutual, Markel/Evanston Insurance Company, and the underlying primary insurer for JAD; and the substantial administrative work required to support federal litigation as a solo practitioner, including ECF filing, exhibit preparation, formatting, and service coordination.

**B. The Requested Hourly Rate of $575.00 Is Reasonable.**

The reasonable hourly rate is determined by reference to the prevailing market rate in the relevant community for similar services by lawyers of comparable skill, experience, and reputation. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984); Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 705 (3d Cir. 2005).

Senior partner-level rates for complex federal commercial and consumer-protection litigation in the District of New Jersey commonly range from $600.00 to over $900.00 per hour at

major firms. See, e.g., recent fee awards in this District applying rates in this range for senior plaintiffs' counsel handling complex consumer-protection and statutory-damages matters.

Plaintiff's lead counsel, Emily K. Declercq, Esq., is admitted to practice in three states (New York 2016, New Jersey 2017, and Pennsylvania 2023) and before this Court. She holds a Bachelor of Arts from Colgate University, a Master of Business Administration from Mississippi College School of Business, and a Juris Doctor from Mississippi College School of Law. Prior to founding her firm in 2017, she served as a multi-term Judicial Law Clerk to Presiding Justice Jess H. Dickinson and Justice Randy J. Pierce of the Mississippi Supreme Court, where she was the first individual appointed as a salaried law clerk by court order prior to graduation from law school. Much of her clerkship work involved issues of first impression in complex civil litigation and insurance coverage matters, including matters arising from the catastrophic insurance, products liability, and consumer protection litigation that followed Hurricane Katrina. Following her clerkship, she spent approximately a decade providing federal motion practice and appellate-quality briefing services to law firms across multiple jurisdictions on complex civil matters, including plaintiff- and defense-side federal litigation (such as the federal defense of a municipal authority and federal-Indian-law and tribal sovereignty matters concerning an executive-branch dispute within a federally recognized Indian tribe), along with concentrated work on complex insurance coverage, consumer protection, and premises liability litigation. The complex-litigation work she selects today continues that focus, as exemplified by the present action.

The requested rate of $575.00 per hour is at the conservative end of the D.N.J. market range and is reasonable in light of counsel's credentials, role as sole lead counsel on this six-year federal action, and the result obtained. Counsel applies a single blended rate across the entire 2019–2026

7

period rather than seeking historical rate adjustments, which further reflects the conservative approach taken throughout this fee application.

**C. The Lodestar of Declercq Law Firm, PLLC Is $983,825.00.**

Applying the reasonable rate of $575.00 per hour to the 1,711 hours reasonably expended by Declercq Law Firm, PLLC yields a lodestar of $983,825.00. See Declercq Decl. ¶¶ 13–14. This is the presumptively reasonable fee under Rendine and its progeny for Declercq Law Firm. Co-counsel Blackmon & Blackmon, PLLC submits its own separate lodestar calculation in its separate declaration.

**D. The Combination of NJCFA Statutory Fees and Contingent-Fee Recovery Is Permitted Under New Jersey Law.**

Plaintiff is mindful that counsel's engagement with Mr. Copeland is on a contingent-fee basis under the schedule established by N.J. Court Rule 1:21-7(c), and that a separate application under R. 1:21-7(f) may be made in the Superior Court regarding any contingent fee on the portion of recovery exceeding $3,000,000.00. The New Jersey Supreme Court has clarified that the statutory fee-shifting award under N.J.S.A. 56:8-19 is the property of counsel and operates independently of the client's contingent-fee obligation. See Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 22–23 (2004) (statutory fees under NJCFA are designed to incentivize private enforcement and compensate counsel; they are not subject to a strict proportionality limitation tied to the client's recovery). The engagement letter in this matter is consistent with this framework: the contractual fee base for the contingent fee is defined as the client's net recovery (damages plus pre-judgment interest), and statutory fee-shifted awards under N.J.S.A. 56:8-19 are excluded from that base. The

Court may award the full statutory fee requested here notwithstanding the existence of a contingent-fee arrangement, and notwithstanding any future application under R. 1:21-7(f) made to the Superior Court.

## III. THE RENDINE FACTORS SUPPORT THE LODESTAR REQUESTED.

New Jersey courts applying the lodestar method consider the factors set forth in R.P.C. 1.5(a), as adopted in Rendine, 141 N.J. at 337. These factors uniformly support the reasonableness of the lodestar requested here.

First, the time and labor required. Declercq Law Firm, PLLC devoted at least 1,711 hours over more than six years to a complex multi-defendant federal action involving consumer fraud, products liability, and tort claims, four amended complaints, substantial discovery including two depositions, four joint proposed pretrial orders, nine months of mediation, contested default judgment proceedings, and multi-carrier insurance coverage litigation. Lead counsel personally authored in excess of 1,500 pages of substantive briefing, complaints, motion papers, and court-directed correspondence in this matter. The pre-trial disposition of this matter as to Defendant JAD Nutrition LLC reflects neither a lack of complexity nor a lack of substantive litigation effort, but rather Defendant JAD Nutrition LLC's failure to appear and defend after the Court rejected the unauthorized appearances of its insurer-appointed counsel. Co-counsel Blackmon & Blackmon, PLLC additionally devoted time to this matter as set forth in its separate declaration.

Second, the novelty and difficulty of the questions presented is of significant note. This matter required substantive litigation on issues at the active edge of New Jersey consumer protection doctrine and the contract/tort boundary in product-contamination cases. Lead counsel obtained reversal of this Court's initial dismissal of certain claims through a Motion for

9

Reconsideration grounded in the New Jersey Supreme Court's then-recent decision in Sun Chemical Corp. v. Fike Corp., 243 N.J. 319 (2020) (Dkt. 31), a result that required substantive briefing on a then-novel application of Sun Chemical and that meaningfully changed the trajectory of the case. Lead counsel also conducted successful motion practice against Defendant JAD Nutrition LLC's insurer-appointed counsel, including a Motion to Strike Unauthorized Appearances and fully briefed opposition to Defendant's subsequent Motion to Vacate Default, resulting in this Court rejecting the insurer's attempted intrusion and preserving Plaintiff's default. Lead counsel further conducted multi-carrier insurance coverage litigation that forced disclosure of underwriting and coverage positions from Markel/Evanston Insurance Company. The matter additionally involved complex issues of dietary supplement industry regulation, NFL collective bargaining considerations, damages methodology for professional athlete career disruption, and post-default service mechanics for an administratively dissolved foreign LLC under the Minnesota Secretary of State long-arm procedure.

Third, the skill requisite to perform the legal services properly. Counsel served as sole lead counsel of record on every substantive submission, every status conference, every deposition preparation, every mediation packet, and the substantial briefing and motion practice that characterized this case from October 2019 through May 2026.

Fourth, the likelihood that acceptance of the engagement would preclude other employment. Counsel's representation, undertaken on a contingent-fee basis, foreclosed substantial alternative paid work over the six-year-plus period of the litigation, particularly during the intensive briefing and discovery phases.

10

Fifth, the customary fee in the locality. The requested rate of $575.00 per hour sits at the conservative end of prevailing D.N.J. partner-level rates for complex federal litigation.

Sixth, the amount involved and the result obtained. Plaintiff secured Final Judgment in the full amount of trebled compensatory damages permitted under the NJCFA, $5,393,708.55, against a defendant that had administratively dissolved during the litigation and whose insurer-appointed counsel attempted unauthorized appearances that this Court ultimately rejected. That outcome is an extraordinary result given the multi-defendant complexity, the administrative dissolution of Defendant JAD Nutrition LLC during the litigation, and the multi-carrier insurance coverage litigation. The total fee award requested for both firms ($1,100,050.00) represents approximately 20% of the underlying Judgment, well within the range of approved fee-to-recovery ratios in NJCFA matters. See Furst, 182 N.J. at 22–23 (rejecting a strict proportionality requirement and emphasizing that the NJCFA's mandatory fee-shifting provision is designed to incentivize private enforcement of consumer protection regardless of the absolute dollar comparison).

Seventh, the time limitations imposed by the circumstances. Multiple court-imposed scheduling orders, mediation deadlines, motion to vacate windows, and post-default-judgment deadlines created substantial time pressures throughout the matter.

Eighth, the nature and length of the professional relationship. Counsel undertook this representation specifically for this matter and maintained continuous representation of Plaintiff for more than six years through to final judgment.

Ninth, the experience, reputation, and ability of the attorneys. As set forth above, Plaintiff's counsel is multi-state admitted, holds advanced degrees in law and business, served as a state

11

supreme court clerk, and has approximately a decade of complex litigation experience in addition to her work as principal of her own firm.

Tenth, whether the fee is fixed or contingent. The fee is entirely contingent. Counsel bore the risk of non-recovery from October 2019 through May 2026, and indeed continues to bear that risk to the extent of post-judgment collection from Defendant JAD Nutrition LLC, an administratively dissolved Minnesota limited liability company. The collection risk in this matter was meaningful and concrete throughout the litigation: during the pendency of the case, one defendant entered Chapter 7 bankruptcy proceedings and obtained a discharge, and Defendant JAD Nutrition LLC was administratively dissolved during the litigation. Counsel undertook the representation, sustained more than six years of substantial investment of time and resources without any guarantee of recovery, and continues to bear collection risk post-judgment. The contingent-fee structure under these facts presented a meaningful risk profile that Rendine recognizes as a basis for enhancement, although no enhancement is requested here. See Rendine, 141 N.J. at 337-44.

## IV. THE FEE REQUEST IS CONSERVATIVE BY DESIGN.

Plaintiff's requested lodestar of $983,825.00 for Declercq Law Firm, PLLC represents the unenhanced, conservatively-calculated fee. Plaintiff does not seek any of the following enhancements or adjustments, each of which would be permitted under controlling authority:

(a) No contingency-fee enhancement on the lodestar. The New Jersey Supreme Court has held that contingency-fee enhancements of 20% to 35% are appropriate in fee-shifting cases of comparable risk and duration to compensate counsel for the risk of non-payment inherent in contingent matters. See Rendine, 141 N.J. at 337–44. A contingency enhancement of even 20%

12

on the present lodestar would add approximately $196,765.00 to the fee request. The instant motion seeks none.

(b) No historical or current-rate adjustment. The hourly rate of $575.00 reflects a single, current (2026) hourly rate applied uniformly across the entire six-and-a-half-year course of the litigation, including work performed in 2019–2022 when counsel's then-prevailing hourly rate would have been substantially lower. The Supreme Court has held that current-rate calculation is presumptively reasonable and may even understate the value of work performed years earlier. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 555–56 (2010); Missouri v. Jenkins, 491 U.S. 274, 283–84 (1989) (current rates may be used to compensate for delay in payment). Plaintiff has nonetheless used a single, conservative current rate across all years.

(c) No Perdue enhancement for exceptional results. Although Plaintiff secured the full trebled compensatory damages permitted under the NJCFA, a result that may itself warrant enhancement under Perdue, Plaintiff does not seek any results-based fee enhancement on the lodestar.

(d) No claim for ordinary firm overhead. Plaintiff does not seek recovery for ordinary firm overhead expenses beyond the limited taxable costs that will be sought separately under D.N.J. Local Civil Rule 54.1.

The fee requested is therefore the lodestar floor, not the ceiling, of reasonable compensation for the work actually performed. Any downward adjustment by the Court would compound the conservatism already built into the request.

13

## V. PRE-JUDGMENT INTEREST IS APPROPRIATE.

Plaintiff is entitled to pre-judgment interest on the compensatory damages portion of the Judgment under N.J. Court Rule 4:42-11(b), which applies to tort claims and is routinely applied to NJCFA actions to make plaintiffs whole for the time-value of the damages from accrual through entry of judgment. See Cox, 138 N.J. at 24–27 (recognizing the make-whole purpose of NJCFA damages). Pre-judgment interest accrues on the untrebled compensatory damages ($1,797,902.85), not on the trebled enhancement. See Belinski v. Goodman, 139 N.J. Super. 351 (App. Div. 1976). Applying the annual rates prescribed by R. 4:42-11(a)(ii), with the additional 2.0% under R. 4:42-11(a)(iii) for judgments exceeding the Special Civil Part monetary limit, from the date of Plaintiff's NFL suspension (August 21, 2019) through entry of Final Judgment (May 8, 2026), yields pre-judgment interest of $522,376.97. The detailed year-by-year calculation is set forth in the Pre-Judgment Interest Worksheet filed contemporaneously herewith.

Post-judgment interest accrues automatically from May 8, 2026 forward under 28 U.S.C. § 1961 at the federal rate, without further application or motion.

## VI. CO-COUNSEL FEE REQUEST.

Co-counsel Blackmon & Blackmon, PLLC of Canton, Mississippi, a well-regarded trial firm with significant experience in complex civil litigation, was admitted pro hac vice in this matter and provided supporting work as described in its separate declaration filed contemporaneously herewith. The Blackmon firm submits its own lodestar request based on its own time records, hourly rates, and certifications. The Court is respectfully requested to consider that submission on its own terms.

14

## VII. THE FEE AWARD SHOULD BE ENTERED DIRECTLY IN FAVOR OF COUNSEL.

Plaintiff respectfully requests that the Court enter its fee award directly in favor of Declercq Law Firm, PLLC and Blackmon & Blackmon, PLLC, respectively, as judgment creditors of Defendant JAD Nutrition LLC, separate and independent of Plaintiff's underlying judgment for compensatory damages and pre-judgment interest. This structure is consistent with the New Jersey Supreme Court's recognition in Furst that statutory fee-shifting awards under the NJCFA are the property of counsel and exist independently of the client's recovery. See Furst, 182 N.J. at 22–23. It also facilitates efficient post-judgment enforcement: counsel may register and enforce the fee judgment against Defendant JAD Nutrition LLC under 28 U.S.C. § 1963 and applicable state-law collection procedures without requiring further coordination with Plaintiff. This structure does not prejudice Plaintiff in any way; Plaintiff's compensatory damages judgment and pre-judgment interest award remain his to enforce as he sees fit.

## CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant the Motion and enter the Proposed Order: (a) awarding reasonable attorneys' fees to Declercq Law Firm, PLLC in the amount of $983,825.00, entered directly in favor of Declercq Law Firm, PLLC as judgment creditor of Defendant JAD Nutrition LLC; (b) awarding reasonable attorneys' fees to Blackmon & Blackmon, PLLC in the amount of $116,225.00, entered directly in favor of Blackmon & Blackmon, PLLC as judgment creditor of Defendant JAD Nutrition LLC; (c) awarding pre-judgment interest under N.J. Court Rule 4:42-11(b) in the amount of $522,376.97 in favor of Plaintiff Brandon Copeland; (d) providing that post-judgment interest shall continue to

15

accrue on all amounts awarded at the rate provided by 28 U.S.C. § 1961 until paid in full; and (e)

granting such further relief as the Court deems just and proper.

Respectfully submitted,

**DECLERCQ LAW FIRM, PLLC**

By: /s/ Emily K. Declercq
　　Emily K. Declercq, Esq.
　　NJ Attorney ID# 100782017
　　300 Carnegie Center Drive, Suite 150
　　Princeton, New Jersey 08540
　　(609) 873-3148
　　emily@declercqlawfirm.com

*Attorney for Plaintiff Brandon Copeland*

Dated: May 22, 2026

16