**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center Drive, Suite 150
Princeton, New Jersey 08540
Telephone: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID# 100782017

**OF COUNSEL**
**BLACKMON & BLACKMON, PLLC**
907 West Peace Street
Canton, Mississippi 39046
Telephone: (601) 859-1567
Edward Blackmon, Jr., Esq., MS Attorney ID# 3354
Barbara M. Blackmon, Esq., MS Attorney ID# 3346
Bradford J. Blackmon, Esq., MS Attorney ID# 104848

*Attorneys for Plaintiff Brandon Copeland*

| | |
|---|---|
| BRANDON COPELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>JAD NUTRITION LLC d/b/a XTREME FORMULATIONS,<br><br>    Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 1:19-cv-20278-ESK-EAP<br><br>**DECLARATION OF EMILY K. DECLERCQ, ESQ. IN SUPPORT OF MOTION FOR ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST** |

**DECLARATION OF EMILY K. DECLERCQ, ESQ. IN SUPPORT OF PLAINTIFF'S**

**MOTION FOR ATTORNEYS' FEES, COSTS, AND PRE-JUDGMENT INTEREST**

I, EMILY K. DECLERCQ, ESQ., declare under penalty of perjury pursuant to 28 U.S.C. § 1746

as follows:

## I. INTRODUCTION AND COUNSEL'S CREDENTIALS

1. I am an attorney admitted to practice before this Court and counsel of record for Plaintiff Brandon Copeland in this action. I submit this Declaration in support of Plaintiff's Motion for Attorneys' Fees, Costs, and Pre-Judgment Interest. The facts set forth herein are based on my personal knowledge, my contemporaneous review of the case file, the docket maintained by the Clerk of this Court, and my good-faith reconstruction of the time devoted to this matter over its more than six-year history.

2. I am the founder and principal of Declercq Law Firm, PLLC, a multi-state law firm I founded in 2017. My practice spans residential and commercial real estate transactions, business and corporate matters, estate planning, and select civil and federal litigation. My litigation experience and the litigation work I select, both for my own clients and through contract drafting work for other firms, is concentrated in complex civil matters, including consumer protection under the New Jersey Consumer Fraud Act, products liability, multi-carrier insurance coverage disputes, and plaintiff- and defense-side federal litigation.

3. I am admitted to practice in the State of New York (admitted 2016), the State of New Jersey (admitted 2017, NJ Attorney ID# 100782017), and the Commonwealth of Pennsylvania (admitted 2023), and before the United States District Court for the District of New Jersey.

4. My educational background includes: a Bachelor of Arts from Colgate University, a Master of Business Administration from Mississippi College School of Business, and a Juris Doctor from Mississippi College School of Law.

2

5. Prior to founding Declercq Law Firm in 2017, I served as a multi-term Judicial Law Clerk at the Mississippi Supreme Court, where I clerked for Presiding Justice Jess H. Dickinson and Justice Randy J. Pierce. I was the first individual appointed as a salaried law clerk by court order prior to graduation from law school. During my clerkship, much of my work involved issues of first impression in complex civil litigation and insurance coverage matters, including matters arising from the catastrophic insurance, products liability, and consumer protection litigation that followed Hurricane Katrina. Following my clerkship, I spent approximately a decade providing federal motion practice and appellate-quality briefing services to law firms across multiple jurisdictions on complex civil matters. That work has spanned plaintiff- and defense-side federal litigation, including the federal defense of a municipal authority and federal-Indian-law and tribal sovereignty matters concerning an executive-branch dispute within a federally recognized Indian tribe, in addition to concentrated work on complex insurance coverage, consumer protection, and premises liability litigation. I also held strategic consulting roles in the aerospace and defense sector. The complex-litigation work I select today reflects the same focus on substantive complex civil and federal matters.

6. I have served as sole lead counsel of record in this matter from its inception in October 2019 through entry of Final Judgment on May 8, 2026, as the only practicing attorney at Declercq Law Firm, PLLC. Co-counsel Blackmon & Blackmon, PLLC of Canton, Mississippi, a well-regarded trial firm with significant experience in complex civil litigation, has appeared pro hac vice and provided supporting work as described herein and in their separate declaration. The majority of the substantive federal litigation in this matter, including all briefing, motion practice, discovery management, mediation packets, and the work that produced the Final Judgment, was handled by my firm. I personally drafted, filed, and presented substantially all submissions of

3

record in this case, authoring in excess of 1,500 pages of substantive briefing, complaints, motion papers, and court-directed correspondence over the six years and seven months of this litigation.

6A. The results obtained in this matter include the following: (i) successful reversal of this Court's initial dismissal of certain claims through a Motion for Reconsideration grounded in the New Jersey Supreme Court's then-recent decision in Sun Chemical Corp. v. Fike Corp., 243 N.J. 319 (2020) (Dkt. 31, March 2021), which restored the foundation of the Consumer Fraud Act claims that ultimately produced the trebled judgment; (ii) successful motion practice against Defendant JAD Nutrition LLC's insurer-appointed counsel, resulting in this Court striking those unauthorized appearances and rejecting subsequent attempts to vacate the entry of default (Dkts. 227, 237); (iii) successful multi-carrier insurance coverage litigation, including motion practice that forced disclosure of underwriting and coverage positions from Markel/Evanston Insurance Company and its counsel; and (iv) entry of Final Judgment in the full amount of trebled compensatory damages permitted under the NJCFA, $5,393,708.55, against a defendant that had administratively dissolved during the litigation. The pre-trial disposition of this matter as to Defendant JAD Nutrition LLC reflects neither a lack of complexity nor a lack of substantive litigation effort, but rather Defendant JAD Nutrition LLC's failure to appear and defend after this Court rejected the unauthorized appearances of its insurer-appointed counsel.

## II. PROCEDURAL HISTORY AND RESULT OBTAINED

7. This action arose from contaminated nutritional supplements that caused Plaintiff Brandon Copeland, then an active player in the National Football League, to test positive for a banned substance and to be suspended for four games of the 2019 NFL season, resulting in substantial lost wages and consequential career damages. Plaintiff commenced this action on

4

October 11, 2019 in the Superior Court of New Jersey, Law Division, Middlesex County (Docket No. MID-L-007038-19), asserting claims against the supplement manufacturers, distributors, and testing laboratories under the New Jersey Consumer Fraud Act and related common-law theories.

8. The action was removed to this Court on November 14, 2019 and litigated continuously through entry of Final Judgment on May 8, 2026. On that date, this Court entered Final Judgment in favor of Plaintiff against Defendant JAD Nutrition LLC d/b/a Xtreme Formulations in the amount of $5,393,708.55, representing treble damages under the New Jersey Consumer Fraud Act. The Judgment further awarded Plaintiff attorneys' fees, costs, and interest pursuant to N.J.S.A. 56:8-19, in amounts to be determined upon separate application.

9. This Motion is timely filed within fourteen (14) days of entry of Final Judgment as required by Federal Rule of Civil Procedure 54(d)(2)(B).

## III. RECONSTRUCTION METHODOLOGY

10. Counsel did not maintain contemporaneous itemized time records in this matter, which was undertaken on a contingent-fee basis. Accordingly, the time set forth herein represents a good-faith reconstruction based on the following sources: (a) the docket of this Court as reflected in PACER, including all filings, status conferences, hearings, and orders; (b) contemporaneous email correspondence with co-counsel, opposing counsel, the Court, mediators, and the client; (c) the case file maintained by Declercq Law Firm, PLLC, including drafts, research memoranda, deposition outlines, mediation packets, exhibits, and other work product; (d) calendaring records reflecting court appearances, conferences, and scheduled events; and (e) my personal recollection of the work performed, consulted phase by phase and confirmed against the foregoing objective evidence.

5

11. The Third Circuit accepts reasonable reconstruction in support of fee applications where contemporaneous records are unavailable or incomplete, provided the reconstruction is detailed enough to permit meaningful review of reasonableness. See Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1037-38 (3d Cir. 1996); Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990). Throughout this reconstruction, I have applied a conservative approach: where my recollection of time devoted to a particular task or phase was uncertain, I have under-counted rather than over-counted. The hours reported herein therefore represent a defensible floor rather than a ceiling for the work actually performed.

12. Hours are reported by phase, with each phase corresponding to an identifiable period of the litigation anchored to specific docket events. The detailed task-level reconstruction is set forth in Exhibit A hereto.

## IV. LODESTAR CALCULATION

13. Based on the foregoing reconstruction, I devoted no fewer than 1,711 hours to this matter from October 2019 through May 2026.

14. The lodestar calculation for Declercq Law Firm, PLLC, applying my reasonable hourly rate of $575.00, is as follows: 1,711 hours × $575.00/hour = $983,825.00. This figure represents the fee request of Declercq Law Firm, PLLC only. Co-counsel Blackmon & Blackmon, PLLC is submitting its own separate declaration and lodestar request based on its own time records and hourly rates.

15. The phase-by-phase breakdown is as follows:

6

| Phase | Description | Period | Hours | Lodestar |
|---|---|---|---|---|
| 1 | Pre-Removal and Initial Filing | Aug–Nov 2019 | 130.0 | $74,750.00 |
| 2 | Motion to Remand and Motion to Dismiss Briefing | Nov 2019–Jul 2020 | 200.0 | $115,000.00 |
| 3 | Motion for Reconsideration and Sun Chemical Reversal | Aug 2020–Mar 2021 | 100.0 | $57,500.00 |
| 4 | Amended Complaints, Service, and Case Management | Apr 2021–Sep 2022 | 165.0 | $94,875.00 |
| 5 | Discovery, Depositions, and Motion Practice | Oct 2022–Oct 2024 | 360.0 | $207,000.00 |
| 6 | Entry of Default and Initial Mediation Preparation | Nov 2024–Apr 2025 | 150.0 | $86,250.00 |
| 7 | Mediation, Settlement Conferences, and Dismissal of Settled Defendants | May–Sep 2025 | 240.0 | $138,000.00 |
| 8 | Second Motion for Default Judgment, Motion to Strike, and Insurance Coverage Litigation | Oct 2025–Feb 2026 | 316.0 | $181,700.00 |
| 9 | Final Judgment Proceedings | Mar–May 2026 | 15.0 | $8,625.00 |
| 10 | Post-Judgment and Fee Motion Preparation | May 2026 | 35.0 | $20,125.00 |
| | **TOTAL** | | **1,711.0** | **$983,825.00** |

## V. REASONABLENESS OF HOURLY RATE

16. The rate of $575.00 per hour is reasonable in light of my education, experience, multi-state bar admissions, role as sole lead counsel on this six-year federal action, and the prevailing rates for senior plaintiffs' counsel handling complex commercial and consumer-protection litigation in the District of New Jersey. Senior partner-level rates for comparable federal practice

in this District commonly range from $600.00 to over $900.00 per hour. The requested rate of $575.00 sits at the conservative end of that range.

17. I have applied a single blended rate of $575.00 per hour across the entire period from October 2019 through May 2026, rather than seeking historical rate adjustments. This approach further reflects the conservative methodology applied throughout this reconstruction.

## VI. SUPPORTING DETAIL

18. A detailed phase-by-phase narrative of the work performed, with cross-references to docket entries and other case events where appropriate, is set forth in Exhibit A, attached hereto and incorporated by reference.

19. Exhibit A captures both work reflected on the docket (motions filed, pleadings amended, conferences attended, depositions taken, briefs submitted) and work performed in connection with the litigation that does not appear directly on the docket but is nevertheless reasonably necessary to the prosecution of the case (mediation and settlement conference packets; research and consultation regarding potential expert witnesses; preparation of summary judgment motion papers ultimately not filed in light of evolving case posture; insurance coverage analysis and correspondence; document review and discovery management; and the substantial administrative work required to support federal litigation as a solo practitioner, including ECF filing, exhibit preparation, formatting, and service coordination).

8

## VII. CO-COUNSEL

20. Co-counsel Blackmon & Blackmon, PLLC, a well-regarded trial firm with significant experience in complex civil litigation, was admitted pro hac vice and provided supporting work in this matter. The Blackmon firm is submitting its own separate declaration and lodestar request based on its own time records, hourly rates, and certifications. The hours and lodestar set forth in this Declaration and in Exhibit A represent the work of Declercq Law Firm, PLLC only.

## VIII. COSTS AND DISBURSEMENTS

21. Plaintiff Brandon Copeland is the prevailing party entitled to taxable costs of suit under N.J.S.A. 56:8-19 and 28 U.S.C. § 1920. The case-related expenses for which Plaintiff seeks recovery, totaling $1,833.85, were initially advanced by Declercq Law Firm, PLLC during the course of the litigation, and were reimbursed to Declercq Law Firm, PLLC from Plaintiff's recovery upon settlement with the resolving defendants. These expenses include the New Jersey Superior Court filing fee, postage (including certified mail to numerous defendants and witnesses), corporate entity certifications, copies and file storage, and the Minnesota Secretary of State filing fee for service on Defendant JAD Nutrition LLC, and deposition costs of the partial deposition of the Poliquin Defendants. Co-counsel Blackmon & Blackmon, PLLC similarly advanced certain case-related expenses, which are addressed in their separate submission. A separate Bill of Costs and Supporting Statement will be filed under 28 U.S.C. § 1920 and D.N.J. Local Civil Rule 54.1 within thirty (30) days of the Final Judgment, with any costs taxed by the Clerk to be reimbursed to Plaintiff as the ultimate bearer of those expenses.

## IX. PRE-JUDGMENT INTEREST

22. Plaintiff is entitled to pre-judgment interest on the compensatory damages portion of the Judgment pursuant to N.J. Court Rule 4:42-11(b), which applies to tort claims and is routinely applied in New Jersey Consumer Fraud Act actions to make plaintiffs whole for the time-value of damages from the date of accrual through entry of judgment. Applying the annual rates prescribed by R. 4:42-11(a)(ii), together with the additional 2.0% under R. 4:42-11(a)(iii) for judgments exceeding the Special Civil Part monetary limit, from the date of Plaintiff's NFL suspension (August 21, 2019) through entry of Final Judgment (May 8, 2026), pre-judgment interest accrues to $522,376.97 on the untrebled compensatory damages of $1,797,902.85. The detailed year-by-year calculation is set forth in the Pre-Judgment Interest Worksheet filed contemporaneously herewith.

23. Post-judgment interest accrues automatically under 28 U.S.C. § 1961 from May 8, 2026 forward at the rate prescribed therein.

## X. CONCLUSION

24. For the reasons set forth in the accompanying Memorandum of Law, in this Declaration, and in Exhibit A, Plaintiff respectfully requests that the Court enter the Proposed Order awarding attorneys' fees to Declercq Law Firm, PLLC in the amount of $983,825.00, and to co-counsel Blackmon & Blackmon, PLLC in the amount of $116,225.00, together with pre-judgment interest in the amount of $522,376.97, and such additional relief as the Court deems just and proper.

10

25. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and good-faith reconstruction.

/s/Emily K. Declercq
Emily K. Declercq, Esq.

Executed this 22nd day of May, 2026.

11