**DECLERCQ LAW FIRM, PLLC**
300 Carnegie Center Drive, Suite 150
Princeton, New Jersey 08540
Telephone: (609) 873-3148
Emily K. Declercq, Esq., NJ Attorney ID# 100782017

**OF COUNSEL**
**BLACKMON & BLACKMON, PLLC**
907 West Peace Street
Canton, Mississippi 39046
Telephone: (601) 859-1567
Edward Blackmon, Jr., Esq., MS Attorney ID# 3354
Barbara M. Blackmon, Esq., MS Attorney ID# 3346
Bradford J. Blackmon, Esq., MS Attorney ID# 104848

*Attorneys for Plaintiff Brandon Copeland*

| | |
|---|---|
| BRANDON COPELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>JAD NUTRITION LLC d/b/a XTREME FORMULATIONS,<br><br>    Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>  Civil Action No. 1:19-cv-20278-ESK-EAP<br><br>  **EXHIBIT A – DETAILED PHASE-BY-PHASE RECONSTRUCTION OF TIME** |

**EXHIBIT A**

**DETAILED PHASE-BY-PHASE RECONSTRUCTION OF TIME**

This Exhibit sets forth a phase-by-phase reconstruction of the time devoted to this matter by Declercq Law Firm, PLLC, from October 2019 through May 2026. Each phase corresponds to an identifiable period of the litigation, anchored to docket events and case milestones. Where appropriate, individual task descriptions reference specific docket entries ("Dkt. ___"), conferences, or other case events. Hours are reported in tenths.

This reconstruction is conservative throughout. Where my recollection of time spent on a particular task or set of tasks was uncertain, I have under-counted rather than over-counted. The reconstructed hours therefore represent a defensible floor rather than a ceiling on the work actually performed. The methodology is set forth in detail in the accompanying Declaration.

## PHASE 1: PRE-REMOVAL AND INITIAL FILING

*Period: August–November 2019   |   Total Hours: 130.0*

Pre-suit investigation of the supplement contamination, including review of NFL suspension records, AEGIS laboratory testing analysis, and identification of potential defendants in the supplement distribution chain.   **[16.0]**

NFL-specific issue analysis, including collective bargaining considerations, drug testing protocols, supplement industry regulations, and damages quantification framework; coordination with NFLPA contacts on damages methodology.   **[10.0]**

Research and consultation regarding potential damages experts (early-stage; not designated).   **[6.0]**

Drafting and revision of pre-suit demand letter; co-counsel coordination on certified mail strategy and recipient list.   **[8.0]**

Drafting of multi-defendant Complaint asserting claims under the New Jersey Consumer Fraud Act and common-law theories (including negligence, breach of warranty, and related tort theories); substantive legal research on CFA elements, common-law tort framework, and damages theories; multiple internal revisions and co-counsel review cycles.   **[40.0]**

Co-counsel engagement letter coordination, conflicts checks, and client engagement letter preparation and execution via DocuSign (October 8–10, 2019).   **[6.0]**

Filing of Complaint in Superior Court of New Jersey, Law Division, Middlesex County (Docket No. MID-L-007038-19) on October 11, 2019; preparation of summons; multiple service-of-process efforts via certified mail and process service across multiple defendants and states.   **[14.0]**

2

Service deficiency corrections; multiple amended proofs of service; coordination with process server vendors.   **[9.0]**

Response to defendants' Notice of Removal to federal court (filed November 14, 2019); preliminary federal procedural review.   **[8.0]**

Administrative actions: file management, calendaring, exhibit organization, ECF account setup, formatting and proofreading of all filings, and service coordination across multiple defendants and states.   **[13.0]**

*Phase 1 Total:* **130.0 hours**

**PHASE 2: MOTION TO REMAND AND MOTION TO DISMISS BRIEFING**

*Period: November 2019–July 2020*   |   ***Total Hours: 200.0***

Research and drafting of Motion to Remand and supporting Memorandum of Law addressing federal subject-matter jurisdiction, diversity, and amount in controversy (Dkt. 7).   **[22.0]**

Research and drafting of Opposition to Defendants' Motion to Dismiss, including substantive briefing on the New Jersey Consumer Fraud Act, common-law tort claims, and the interplay among them (Dkts. 13–15).   **[26.0]**

Reply briefing on Motion to Remand (Dkt. 17).   **[14.0]**

Sur-reply briefing and supplemental authority submissions in response to defendants' arguments.   **[10.0]**

Substantive legal research on Third Circuit removal/remand jurisprudence, New Jersey Consumer Fraud Act elements, the integrated-product doctrine, and pleading standards under Twombly/Iqbal.   **[22.0]**

Preparation for and attendance at oral argument before the Honorable Brian R. Martinotti (July 28, 2020 Motion Hearing), including extensive research-heavy oral argument preparation across CFA and common-law tort jurisprudence, drafting of argument outline and reply notes, and post-argument analysis.   **[34.0]**

Pro hac vice admission paperwork for co-counsel; coordination with co-counsel on argument division.   **[6.0]**

Substantive review and analysis of defendants' filings and supporting authorities throughout the briefing period.  **[14.0]**

Client communications: status updates, strategy discussions, and substantive consultation regarding briefing positions and likelihood of outcomes.  **[12.0]**

Administrative actions: ECF filings, exhibit preparation, brief formatting, cite-checking, certificate of service preparation, transcript review, and calendaring across an eight-month motion period.  **[40.0]**

---

*Phase 2 Total:* **200.0 hours**

**PHASE 3: MOTION FOR RECONSIDERATION AND SUN CHEMICAL REVERSAL**
*Period: August 2020–March 2021   |   Total Hours: 100.0*

Substantive research and analysis of Sun Chemical Corp. v. Fike Corp., 243 N.J. 319 (2020), and its implications for the dismissed claims; identification of reconsideration as the appropriate procedural vehicle.  **[10.0]**

Drafting of Motion for Reconsideration and supporting Memorandum of Law, including detailed analysis of Sun Chemical's effect on the prior dismissal ruling and substantive legal research on the boundaries of the integrated-product doctrine (Dkt. 24).  **[25.0]**

Drafting of Reply brief on Motion for Reconsideration (Dkt. 27).  **[12.0]**

Drafting of supplemental briefing and Plaintiff Sur-Reply addressing the contract/tort interplay under Sun Chemical and the remaining open questions regarding the dismissed claims.  **[10.0]**

Strategic case analysis during pendency of the motion, including ongoing legal research on the boundaries of Sun Chemical and similar emerging authority.  **[6.0]**

Multiple status check-ins with the law clerk; preparation of letter to the Court regarding oral argument vs. decision on the papers.  **[4.0]**

Post-decision analysis of the Court's March 31, 2021 ruling reversing the prior dismissal and reinstating the Consumer Fraud Act and common-law claims; assessment of strategic implications for amended complaint and discovery posture.  **[8.0]**

Client communications regarding reconsideration strategy, the Sun Chemical opportunity, and the ultimately successful reversal.  **[6.0]**

Administrative actions across an eight-month reconsideration cycle, including ECF filings, exhibit preparation, briefing formatting, and calendaring of status follow-ups.  **[19.0]**

*Phase 3 Total:* **100.0 hours**

**PHASE 4: AMENDED COMPLAINTS, SERVICE, AND CASE MANAGEMENT**

*Period: April 2021–September 2022   |   **Total Hours: 165.0***

Drafting and revision of First Amended Complaint following the successful reconsideration ruling (Dkt. 35).  **[16.0]**

Drafting and revision of Second Amended Complaint (Dkt. 59), including substantive review of new and existing defendants and updated claims.  **[18.0]**

Drafting and revision of Third Amended Complaint (Dkt. 83), including substantive review of co-counsel input, defendant-by-defendant claim refinement, and incorporation of evolving discovery.  **[22.0]**

Service efforts across multiple new and existing defendants, including coordination with process servers and certified mail across multiple states; preparation of summonses (Dkt. 63–65, 69–73).  **[14.0]**

Motion for extension of time and related case management filings (Dkt. 43).  **[4.0]**

Continued research and consultation regarding potential expert witnesses (consumer-fraud damages, supplement testing methodology; not designated).  **[8.0]**

Preparation for and attendance at telephone and status conferences before Magistrate Judge Rukhsanah L. Singh (October 19, 2021; January 25, 2022; March 18, 2022; June 6, 2022; August 30, 2022), including pre-conference status letters and post-conference follow-up.  **[20.0]**

Substantive negotiation with newly appearing defense counsel (Olshan Frome Wolosky for Total Body Nutrition LLC and We Do Private Label LLC; Killian Firm for the Poliquin defendants and Caroleen Kandel), including stipulation negotiations and joint proposed consent order coordination.  **[12.0]**

Substantive review and analysis of opposing pleadings, answers, and affirmative defenses.  **[10.0]**

Client communications throughout an eighteen-month period of amended pleading practice and case management.  **[10.0]**

Administrative actions across eighteen months: ECF filings (multiple amended complaints, summonses, returns of service, joint status letters), formatting, exhibit preparation, service coordination across multiple defendants and states, transcript review, and calendaring.  **[31.0]**

---

*Phase 4 Total:* **165.0 hours**

**PHASE 5: DISCOVERY, DEPOSITIONS, AND MOTION PRACTICE**

*Period: October 2022–October 2024   |   **Total Hours: 360.0***

Drafting and service of written discovery (interrogatories, requests for production, requests for admission) directed to multiple defendants, including the Poliquin defendants and Caroleen Kandel (Killian Firm), MECA-related defendants (Callahan & Fusco), and others.  **[26.0]**

Review and analysis of defendants' discovery responses and document productions, including the Aegis production (received February 20, 2024), the Jacobs production (received March 13, 2024), Poliquin tax returns 2016–2018 (confidential), substantive document review and Bates organization, and other written discovery responses.  **[42.0]**

Drafting of Plaintiff's responses to defendants' interrogatories, requests for production, and requests for admission (substantial work product including First Responses to Poliquin Interrogatories filed October 1, 2024).  **[20.0]**

Preparation for and attendance at deposition of Plaintiff Brandon Copeland (February 23, 2024, by Zoom), including substantial preparation of the client, full-day defense examination, brief plaintiff's redirect, and real-time coordination with NFLPA Staff Counsel for compensation/earnings data.  **[25.0]**

Preparation for and attendance at deposition of Caroleen Kandel (April 29, 2024, by Zoom; adjourned mid-deposition due to defense counsel illness and not resumed), including drafting of three versions of deposition outline; substantial discovery review covering Poliquin productions and Bates 1–221; preparation and organization of 33 exhibits; and coordination of court reporter, technology, and exhibit display.  **[30.0]**

6

Preparation of summary judgment motion papers (ultimately not filed in light of evolving case posture, including the adjournment of the Kandel deposition and subsequent settlement discussions); substantial legal research, statement of material facts development, legal argument drafting, exhibit identification, and damages analysis.  **[50.0]**

Four (4) Joint Proposed Pretrial Orders (Dkts. 103, 111, 119, 128), including coordination with multiple defense counsel, substantive negotiation of factual contentions, witness lists, exhibit lists, and legal issues.  **[20.0]**

Drafting and filing of Fourth Amended Complaint adding MECA defendants (Dkt. 130), including summons preparation and service planning.  **[12.0]**

MECA service efforts and coordination with Warner Norcross + Judd for Notice of Suit and waiver of service.  **[6.0]**

Preparation for and attendance at multiple status conferences before Magistrate Judges Singh and Pascal (January 25, 2023; February 15, 2024; May 9, 2024; July 25, 2024; September 12, 2024), including pre-conference joint status letters and post-conference follow-up.  **[22.0]**

Insurance coverage analysis, including Liberty Mutual's October 11, 2024 denial of coverage on "no bodily injury or property damage" grounds; substantive analysis and correspondence regarding coverage triggers under the CFA and common-law tort framework.  **[14.0]**

Document review and management of substantial discovery file (Sharon Riegler organizing the full Copeland discovery file in three batches in July 2024: 1/28/22–2022 productions; 1/20/23–4/28/24 productions; and the Kandel deposition file).  **[14.0]**

Substantive client communications throughout the 24-month discovery period, including consultation on document production, deposition strategy, and settlement posture.  **[16.0]**

Coordination with National Football League Players Association (NFLPA) Staff Counsel throughout the litigation regarding multiple topics relevant to Plaintiff's claims, including discipline records and procedural history of Plaintiff's 2019 suspension, compensation and earnings data for damages quantification, collateral effects on Plaintiff's NFL standing, and CBA-related considerations.  **[8.0]**

Administrative action across twenty-four months of intensive discovery: ECF filings, exhibit Bates labeling and indexing, transcript review and organization, court reporter coordination,

7

opposing counsel correspondence, formatting and proofreading, deposition logistics, and calendaring across multiple scheduling orders.   **[55.0]**

---

*Phase 5 Total:* **360.0 hours**

## PHASE 6: ENTRY OF DEFAULT AND INITIAL MEDIATION PREPARATION

*Period: November 2024–April 2025   |   **Total Hours: 150.0***

Drafting of Request for Entry of Default against JAD Nutrition LLC; supporting documentation regarding service and failure to appear (Dkts. 148, 153).   **[12.0]**

Supplemental Diversity Disclosure preparation and filing (Dkt. 156), including substantive corporate research regarding the principals' citizenship and Lincoln Benefit coverage analysis.   **[16.0]**

Drafting and finalization of Plaintiff's Mediation Statement and accompanying mediation packet for the March 13, 2025 mediation session before the Honorable Marina Corodemus (Ret.), including detailed damages summary, exhibit compilation, position analysis, demand framework, and per-defendant settlement analysis (drafted in significant part from an initial draft prepared by co-counsel Blackmon & Blackmon, PLLC, then substantially revised, expanded, and finalized by lead counsel).   **[34.0]**

Preparation for first mediation session (March 13, 2025, Corodemus & Corodemus), including substantive negotiation and post-mediation analysis.   **[10.0]**

Drafting of supplemental mediation materials and updated position analysis for second mediation session (April 8, 2025, by Zoom).   **[10.0]**

Preparation for second mediation session (April 8, 2025).   **[6.0]**

Mediator follow-up communications regarding global settlement coordination, including the parallel Admiral Insurance Co. v. TBN Labs declaratory judgment action (E.D.N.Y. 22-cv-5827); Court conferences with Magistrate Judge Pascal regarding coordination.   **[10.0]**

Insurance coverage analysis, including Liberty Mutual coverage denial follow-up and analysis of coverage positioning across multiple potential carriers.   **[10.0]**

Substantive client communications, including transition planning around Plaintiff's counsel's pregnancy and maternity leave window.   **[8.0]**

Preparation for and in-person attendance at the January 30, 2025 in-person status conference / Discovery Hearing in Camden, New Jersey, before Magistrate Judge Elizabeth A. Pascal, including travel from New Jersey to Camden and back, in-person appearance, and post-conference status review and follow-up correspondence with the Court regarding the District of New Jersey mediation program referral that resulted in the appointment of Hon. Marina Corodemus (Ret.) as mediator (Dkt. activity January 30, 2025; first of two in-person Camden appearances in this matter).  **[12.0]**

Administrative actions during this six-month period, including continued ECF filings, mediation logistics, exhibit preparation, and calendaring around maternity leave coverage.  **[22.0]**

*Phase 6 Total:* **150.0 hours**

## PHASE 7: MEDIATION, SETTLEMENT CONFERENCES, AND DISMISSAL OF SETTLED DEFENDANTS

*Period: May–September 2025   |   **Total Hours: 240.0***

Continued mediation engagement with Hon. Marina Corodemus (Ret.) across a nine-month mediation period; substantive back-channel telephone communications regarding settlement structures, mediator's proposals, and party positions.  **[26.0]**

Drafting and revision of multiple settlement conference packets and status materials for the September 8, 2025 settlement memorandum filing and follow-up materials for the September 15, 2025 in-person settlement conference, including updated damages analysis, position statements, comprehensive exhibit compilations, defendant-specific demand frameworks, and post-conference revisions.  **[44.0]**

Substantive post-conference review of the September 15, 2025 settlement conference proceedings, including ordering and analyzing the transcript of the in-court settlement record (co-counsel Bradford J. Blackmon and Barbara M. Blackmon attended in person on behalf of Plaintiff).  **[10.0]**

Preparation for and follow-up coordination regarding the September 15, 2025 in-person settlement conference in Camden (co-counsel Bradford J. Blackmon and Barbara M. Blackmon attended in person on behalf of Plaintiff; the case settled with the resolving defendants at this conference).  **[12.0]**

9

Substantive negotiation with multiple defense counsel (Olshan, Killian Firm, Callahan & Fusco) regarding settlement structures, allocation among defendants, and dismissal terms.   **[24.0]**

Strategic analysis and case-disposition deliberations regarding the path forward for the settled defendants, including legal research on motion for summary judgment alternatives, review and analysis of the September 15, 2025 in-court transcript, and consultation with co-counsel and client.   **[16.0]**

Drafting and filing of Motion to Dismiss Certain Claims and supporting papers as to settled defendants (Dkt. 200), and accompanying Stipulation of Dismissal (Dkt. 198).   **[18.0]**

Settlement agreement review with respect to each settling defendant; allocation of settlement consideration; coordination of settlement payments and disbursement structures.   **[22.0]**

Joint Status Report submissions (Dkt. 185) and related case-management filings during the active mediation period.   **[8.0]**

Mediator's fee follow-up and accounting; coordination of party shares of mediator's invoice ($2,950 per party issued August 20, 2025).   **[4.0]**

Court conferences and status hearings during the mediation period.   **[10.0]**

Substantive client communications regarding settlement strategy, individual defendant offers, and global resolution framework.   **[10.0]**

Administrative actions across the five-month mediation/settlement period, including coordination of in-person conferences, ECF filings, settlement agreement drafting and formatting, disbursement logistics, and calendaring.   **[36.0]**

*Phase 7 Total:* **240.0 hours**

## PHASE 8: DEFAULT JUDGMENT, MOTION TO STRIKE, AND INSURANCE COVERAGE LITIGATION

*Period: October 2025–February 2026   |   **Total Hours: 316.0***

Drafting of the first Motion for Default Judgment against JAD Nutrition LLC, including substantive damages calculation, trebling analysis under N.J.S.A. 56:8-19, supporting evidentiary submissions, and detailed damages certification (Dkt. 202, October 8, 2025).   **[48.0]**

10

Damages reconstruction and analysis, including client damages certification (signed October 6, 2025), NFL contract loss analysis, fines and forfeitures, lost bonuses, and economic loss methodology.   **[20.0]**

Drafting of Motion to Strike Unauthorized Appearances by JAD's insurer-appointed counsel, including substantive procedural and ethical analysis, research on insurer standing, and supporting briefing (Dkt. 227, November 25, 2025).   **[42.0]**

Emergency stay letter and related court correspondence regarding the motion to strike and the unauthorized appearances (November 25, 2025).   **[6.0]**

Reply briefing on Motion to Strike (Dkt. 236).   **[18.0]**

Drafting of Opposition to Motion to Vacate Default (Dkt. 237) and supporting analysis, including reply briefing in further opposition (December 29, 2025).   **[22.0]**

Multi-carrier insurance coverage litigation, including substantive engagement with two firms representing JAD's insurer (Hinshaw & Culbertson and Meagher & Geer, both appearing on behalf of Markel/Evanston Insurance Company without clear explanation of their respective scopes of representation): (a) October 14, 2025 court letter regarding Markel/Evanston notice; (b) November 14, 2025 Court Order on coverage disclosure and subsequent letter briefing; (c) November 18–19, 2025 response to Hinshaw & Culbertson's filed coverage position (reservation-style non-denial); (d) November 20, 2025 response to Meagher & Geer reservation-of-rights letter on behalf of Markel/Evanston Insurance Company; (e) coordination regarding the October 31, 2025 coverage hearing to force disclosure; (f) requests for the underwriting file and other insurance information; (g) substantive analysis of coverage positions across multiple carriers and across multiple insurer-side firms.   **[40.0]**

Response to and analysis of the Hinshaw & Culbertson Motion to Withdraw as counsel for JAD (returnable January 5, 2026).   **[8.0]**

Re-service of JAD through the Minnesota Secretary of State as administratively-dissolved foreign LLC: preparation of service packet, coordination with Minnesota Secretary of State, follow-up on confirmation, and filing of Acknowledgment of Service (Dkt. 245, January 12, 2026); related substantive correspondence about service mechanics for a dissolved out-of-state LLC.   **[4.0]**

Drafting of the second (refiled) Motion for Default Judgment against JAD following completion of re-service (Dkt. 254, February 2, 2026), including updated damages submission and procedural posture briefing.   **[20.0]**

Drafting of letter to Hon. Edward S. Kiel regarding case status and procedural issues (January 21–23, 2026, Dkt. 250).   **[6.0]**

Substantive court letter briefing throughout this phase regarding insurance disclosure, coverage positions, service mechanics, and the path to final judgment (Dkts. 238, 253, 256).   **[12.0]**

Preparation for and attendance at multiple status hearings and conferences during this five-month period, including the October 31, 2025 coverage hearing.   **[12.0]**

Strategic case analysis during the pendency of the motion to strike, opposition to motion to vacate, and second motion for default judgment.   **[10.0]**

Substantive client communications regarding default judgment posture, insurance complications, and path to final judgment.   **[10.0]**

Administrative actions across this dense five-month period: ECF filings (two default judgment motions, motion to strike, reply briefing, opposition to motion to vacate, multiple court letters, service papers), exhibit preparation, formatting, service coordination with the Minnesota Secretary of State, document organization, and calendaring around insurance hearing deadlines.  **[38.0]**

*Phase 8 Total:* **316.0 hours**

**PHASE 9: FINAL JUDGMENT PROCEEDINGS**

*Period: March–May 2026   |   **Total Hours: 15.0***

Review of final judgment submission and entry by Hon. Edward S. Kiel on May 8, 2026 (Dkt. 256); preparation of AO 451 Certification of Judgment, certified copy requests for post-judgment registration purposes, and post-judgment calendaring of statutory deadlines.   **[11.0]**

Administrative coordination of case-closing items, calendaring of post-judgment deadlines (FRCP 62(a) 30-day stay; FRAP 4(a) 30-day appeal; FRCP 54(d)(2)(B) 14-day fee motion deadline; Local Civil Rule 54.1 30-day costs deadline).   **[4.0]**

*Phase 9 Total:* **15.0 hours**

## PHASE 10: POST-JUDGMENT AND FEE MOTION PREPARATION

*Period: May 2026    |    **Total Hours: 35.0***

Good-faith reconstruction of time devoted to this matter over more than six years, including comprehensive docket review, email and case file review, identification of phase boundaries, task-level recall, and conservative hours estimation.    **[23.0]**

Drafting of fee motion package, including Notice of Motion, Memorandum of Law, Declaration, Exhibit A (this document), Proposed Order, and Bill of Costs Supporting Statement.    **[10.0]**

Co-counsel coordination regarding allocation, declarations, and supporting submissions.    **[2.0]**

*Phase 10 Total:* **35.0 hours**

### GRAND TOTAL

**1,711.0 hours × $575.00/hour = $983,825.00**

13