**BLACKMON & BLACKMON, PLLC**
907 West Peace Street
Canton, Mississippi 39046
Telephone: (601) 859-1567
Edward Blackmon, Jr., Esq., MS Attorney ID# 3354
Barbara M. Blackmon, Esq., MS Attorney ID# 3346
Bradford J. Blackmon, Esq., MS Attorney ID# 104848

*Pro Hac Vice Counsel for Plaintiff Brandon Copeland*

---

| | |
|---|---|
| BRANDON COPELAND,<br><br>    Plaintiff,<br><br>v.<br><br>JAD NUTRITION LLC d/b/a XTREME FORMULATIONS,<br><br>    Defendant. | **UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**<br><br>Civil Action No. 1:19-cv-20278-ESK-EAP<br><br>**DECLARATION OF EDWARD BLACKMON, JR., ESQ. ON BEHALF OF BLACKMON & BLACKMON, PLLC IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES** |

**DECLARATION OF EDWARD BLACKMON, JR., ESQ. ON BEHALF OF BLACKMON & BLACKMON, PLLC IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

I, EDWARD BLACKMON, JR., ESQ., declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

## I. INTRODUCTION

1. I am a partner with the firm of Blackmon & Blackmon, PLLC, located at 907 West Peace Street, Canton, Mississippi 39046. I submit this Declaration on behalf of Blackmon & Blackmon,

PLLC in support of Plaintiff Brandon Copeland's Motion for Attorneys' Fees, Costs, and Pre-Judgment Interest. The facts set forth herein are based on my personal knowledge and the good-faith reconstruction by my firm of the time devoted to this matter.

2. Blackmon & Blackmon, PLLC was retained by Plaintiff Brandon Copeland as co-counsel in this matter pursuant to a written engagement letter executed on or about October 8–10, 2019, providing for a contingent fee shared 50/50 with co-counsel Declercq Law Firm, PLLC, in accordance with the schedule set forth in N.J. Court Rule 1:21-7(c).

3. The attorneys of Blackmon & Blackmon, PLLC who performed work on this matter (Edward Blackmon, Jr., Barbara M. Blackmon, and Bradford J. Blackmon) were admitted pro hac vice in this Court for purposes of this matter.

## II. ATTORNEY BIOGRAPHIES

4. EDWARD BLACKMON, JR. Mr. Blackmon is the Senior Partner of Blackmon & Blackmon, PLLC, which he co-founded in 1989. He received his Juris Doctor from The George Washington University Law Center and his Bachelor of Arts from Tougaloo College. He is admitted to practice in Mississippi and Washington, D.C., and has approximately 37 years of experience in complex civil litigation, including personal injury, products liability, and commercial defense. He was named one of the Nation's Top 10 Litigators by the National Law Journal in 2002, and has served as a member of the Mississippi House of Representatives for approximately 40 years.

5. BARBARA M. BLACKMON. Ms. Blackmon is the Managing Partner of Blackmon & Blackmon, PLLC, which she co-founded in 1989. She received her Juris Doctor from the

University of Mississippi School of Law and her LL.M. in Taxation from New York University School of Law. She was admitted to practice in Mississippi in 1981 and New York in 1982, and has approximately 45 years of experience in complex civil litigation, taxation, and corporate matters. She has served as a Mississippi State Senator for multiple terms.

6. BRADFORD J. BLACKMON. Mr. Blackmon is a Partner at Blackmon & Blackmon, PLLC. He received his Bachelor of Arts from the University of Pennsylvania in 2010 and his Juris Doctor from the University of Mississippi School of Law in 2014. He was admitted to practice in Mississippi in 2014 and has approximately 12 years of experience in complex civil litigation.

## III. SCOPE OF REPRESENTATION AND EXCLUSIONS

7. Blackmon & Blackmon, PLLC's representation of Mr. Copeland in this matter began in or about September 2019, following separately-compensated work undertaken by the firm in connection with Mr. Copeland's pre-litigation arbitration before the National Football League Players Association regarding the player suspension that gave rise to this action. The pre-litigation arbitration work was billed to and paid by Mr. Copeland as a case expense at the time and is not included in this fee application.

8. The work described herein relates solely to the federal civil action against the supplement manufacturer and distributor defendants (D.N.J. Civil Action No. 1:19-cv-20278-ESK-EAP). Work performed in connection with the separate matter of Admiral Insurance Co. v. TBN Labs, LLC, et al., E.D.N.Y. Civil Action No. 2:22-cv-05827, in which Ms. Blackmon represented Mr. Copeland, is a separate matter before another court and is excluded from this Application. Administrative work in connection with disbursement and accounting of settlement proceeds is also excluded.

## IV. WORK PERFORMED

9. The substantive work performed by Blackmon & Blackmon, PLLC on this federal civil action consisted of:

(a) Drafting of the initial pre-suit demand letter on behalf of Plaintiff in September 2019, primarily by Bradford J. Blackmon, with internal review and revision, and coordination of certified mail service of the demand letter on multiple potential defendants.

(b) Periodic review of pleadings and motion papers prepared by Declercq Law Firm, PLLC.

(c) Conducting the questioning portion of the deposition of Caroleen Kandel on April 29, 2024 by Zoom, by Edward Blackmon, Jr. The deposition was adjourned mid-session due to opposing counsel's illness and was not resumed.

(c-1) Preparation of the client, Brandon Copeland, for his deposition on February 23, 2024, by Bradford J. Blackmon.

(d) Preparation of initial mediation statement drafts for the March 13, 2025 mediation session before the Honorable Marina Corodemus (Ret.) by Bradford J. Blackmon, for review, revision, and finalization by lead counsel.

(e) Attendance and participation by Zoom at the March 13, 2025 mediation session and the April 8, 2025 follow-up mediation session before Hon. Marina Corodemus (Ret.), and at related telephone conferences with the mediator regarding global settlement coordination.

(f) In-person attendance at the September 15, 2025 in-person settlement conference in Camden, New Jersey before Magistrate Judge Elizabeth A. Pascal, at which the case settled with

the resolving defendants, by Barbara M. Blackmon and Bradford J. Blackmon, including travel to and from Mississippi.

(g) Periodic strategic conferences and case review by Edward Blackmon, Jr., including consultation with the client and co-counsel regarding the December 2025 case-disposition strategy.

(h) Negotiation of the settlement with the resolving defendants on behalf of Plaintiff, principally by Bradford J. Blackmon, and related work including preparation of an initial draft of the September 8, 2025 settlement conference memorandum for finalization by lead counsel, coordination of settlement agreement execution, drafting and revision of the Stipulation of Dismissal as to settled defendants, and coordination of execution of the Settlement Affidavit.

(i) Communications with mediator Hon. Marina Corodemus (Ret.) across multiple months of mediation and post-mediation settlement negotiations on behalf of Blackmon & Blackmon, PLLC, principally by Bradford J. Blackmon.

(j) Periodic telephone conferences with co-counsel and with Plaintiff throughout the litigation regarding case strategy, status, settlement posture, and case-specific decisions.

## V. RECONSTRUCTION METHODOLOGY

10. Blackmon & Blackmon, PLLC did not maintain contemporaneous itemized time records in this matter, which was undertaken on a contingent-fee basis. The time set forth herein represents a good-faith reconstruction based on (a) the docket of this Court; (b) contemporaneous email correspondence; (c) calendaring records reflecting court appearances, mediation sessions, and substantive case events; and (d) the personal recollection of the firm's attorneys regarding work performed. The Third Circuit accepts reasonable reconstruction in support of fee applications

where contemporaneous records are unavailable or incomplete. See Washington v. Phila. Cnty. Ct. of Common Pleas, 89 F.3d 1031, 1037–38 (3d Cir. 1996); Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990). The hours set forth herein represent a conservative good-faith reconstruction.

## VI. HOURS BY ATTORNEY

11. Based on the foregoing reconstruction, Edward Blackmon, Jr. devoted approximately 55.0 hours to this matter, including preparation for and conducting the questioning portion of the deposition of Caroleen Kandel on April 29, 2024; periodic strategic conferences with co-counsel and the client; review of substantive case developments at key junctures; and consultation with co-counsel and the client regarding the December 2025 case-disposition strategy.

12. Barbara M. Blackmon devoted approximately 27.0 hours to this matter, including: in-person attendance at the September 15, 2025 in-person settlement conference in Camden, New Jersey at which the case settled with the resolving defendants, including travel to and from Mississippi; participation in the March 13, 2025 and April 8, 2025 mediation sessions before the Honorable Marina Corodemus (Ret.) by Zoom; substantive review and strategic engagement on key case developments, including alignment with co-counsel on the case-disposition strategy regarding the settled defendants (December 2025); review of pleadings and motion papers prepared by co-counsel; and periodic telephone conferences with co-counsel and the client throughout the litigation. Time related to the separate Admiral Insurance Co. v. TBN Labs matter (E.D.N.Y.) is expressly excluded.

13. Bradford J. Blackmon devoted approximately 113.0 hours to this matter, serving as Blackmon & Blackmon, PLLC's day-to-day point of contact with lead counsel. His work included

drafting the initial pre-suit demand letter (September 2019); coordination of Rule 26 disclosures (October 2021); preparation of the client, Brandon Copeland, for his deposition (February 23, 2024); preparation of an initial draft of the Plaintiff's mediation statement for the March 13, 2025 mediation session before Hon. Marina Corodemus (Ret.), for finalization by lead counsel, and participation in that session; communications with Hon. Corodemus on behalf of Blackmon across April–June 2025; negotiation of the settlement with the resolving defendants, including in-person attendance at the September 15, 2025 settlement conference in Camden, New Jersey (including travel from Mississippi); coordination of settlement agreement execution, including signature and W-9 logistics and FedEx delivery of original executed materials (October–November 2025); coordination of execution of the Settlement Affidavit; drafting and revision of the Stipulation of Dismissal with opposing counsel (December 2025); review of motion papers including the Motion to Strike Unauthorized Appearances; and periodic telephone conferences with co-counsel and the client throughout the litigation.

## VII. REASONABLE HOURLY RATES

14. The reasonable hourly rates for the attorneys of Blackmon & Blackmon, PLLC for purposes of this Application are: $625.00 per hour for Edward Blackmon, Jr. and Barbara M. Blackmon (each with more than thirty-five years of complex civil litigation experience and senior partner status); and $575.00 per hour for Bradford J. Blackmon (an experienced partner with substantive responsibility for litigation tasks including preparation of the client for his deposition, drafting and negotiation of settlement, and attendance at the in-person settlement conference). These rates are consistent with the prevailing rates for senior trial counsel of comparable

experience in the relevant market and are within the range commonly approved for federal civil litigation.

## VIII. LODESTAR CALCULATION

15. The lodestar for Blackmon & Blackmon, PLLC, calculated by multiplying each attorney's reasonable hours by his or her reasonable hourly rate, is set forth in the following table:

| Attorney | Hours | Rate | Lodestar |
|----------|-------|------|----------|
| Edward Blackmon, Jr. | 55.0 | $625.00 | $34,375.00 |
| Barbara M. Blackmon | 27.0 | $625.00 | $16,875.00 |
| Bradford J. Blackmon | 113.0 | $575.00 | $64,975.00 |
| **TOTAL** | **195.0** | | **$116,225.00** |

16. A detailed phase-by-phase reconstruction of the time devoted by each Blackmon attorney, anchored to docket events, mediation sessions, and other contemporaneous case milestones, is set forth in Exhibit B hereto and incorporated by reference.

## IX. CONCLUSION

18. For the reasons set forth in the accompanying Memorandum of Law and herein, Blackmon & Blackmon, PLLC respectfully requests that the Court enter an Order awarding Blackmon & Blackmon, PLLC attorneys' fees in the amount of $116,225.00 pursuant to N.J.S.A. 56:8-19 against Defendant JAD Nutrition LLC d/b/a Xtreme Formulations, together with such additional relief as the Court deems just and proper. Reimbursement of case-related expenses

advanced by Blackmon & Blackmon, PLLC, including expenses recoverable as costs under 28 U.S.C. § 1920 and additional out-of-pocket litigation expenses recoverable as "reasonable costs of suit" under N.J.S.A. 56:8-19, will be addressed in supplemental submissions filed within the time permitted by D.N.J. Local Civil Rule 54.1 and applicable practice.

19. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and good-faith reconstruction.

Executed this _21_ day of May, 2026, at Canton, Mississippi.


**EDWARD BLACKMON, JR., ESQ.**
Blackmon & Blackmon, PLLC