**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRANDON COPELAND, <br><br> Plaintiff, <br><br> v. <br><br> JAD NUTRITION LLC d/b/a XTREME FORMULATIONS, <br><br> Defendant. | Case No. 19–cv–20278–ESK–EAP <br><br><br> ORDER |

**THIS MATTER** having come before the Court on plaintiff Brandon Copeland's motion for attorneys' fees and pre-judgment interest (Fees Motion) (ECF No. 260) and brief in support of the Fees Motion (ECF No. 260–1 (Fees Mot. Br.); and plaintiff's application for bill of costs (Costs Application) (ECF No. 261) and declarations in support of the Costs Application (ECF Nos. 261–2, 262); and the Court finding,

## BACKGROUND

1.     On May 8, 2026, I granted Copeland's motion for default judgment against defendant JAD Nutrition LLC d/b/a Xtreme Formulations (JAD) and entered final default judgment against JAD (ECF No. 258 (Judgment)).

2.     The Judgment provides that Copeland would be awarded "attorneys' fees, costs, and interest pursuant to N.J.S.A. 56:8-19, in amounts to be determined upon separate application."   (Judgment.)

3.     On May 22, 2026, Copeland filed the Fees Motion, along with declarations and exhibits in support of the Fees Motion.   (*See* ECF Nos. 260–2, 260–3, 260–4, 260–5, 260–6.)

4.     On June 8, 2026, Copeland filed the Costs Application, along with declarations in support of the Costs Application.   (*See* ECF Nos. 261–2, 262).

5.     JAD has not opposed the Fees Motion or Costs Application.

## DISCUSSION

### I.    Attorneys' Fees

6.    The amount of attorneys' fees is generally determined by using the lodestar method.   *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).   The lodestar method multiplies a reasonable hourly rate by a reasonable number of hours expended, producing a presumptively reasonable award.   *Simring v. Rutgers*, 634 F. App'x 853, 857 (3d Cir. 2015).   A reasonable hourly rate is the prevailing rate in the community for the similar services of attorneys of comparable skill and experience.   *Id.*   The starting point for a reasonable number of hours expended is the hours actually spent, with excessive, redundant, and otherwise unnecessary hours subject to exclusion.   *Id.*   Courts use a burden-shifting analysis in calculating the lodestar, with the movant first responsible for producing evidence of the reasonable hours spent and the reasonable rates charged.   *Dee v. Borough of Dunmore*, 548 F. App'x 58, 60 (3d Cir. 2013).   The opponent may then challenge those figures, with the court possessing discretion to adjust hours and rates in response to the opponent's arguments.   *Id.*

7.    The Fees Motion seeks $983,825.00 in fees to Declercq Law Firm, PLLC (Declerq) based on 1,711 hours expended at a rate of $575.00 per hour (Fees Mot. Br. p. 8); $116,225.00 in fees owed to Blackmon & Blackmon, PLLC (Blackmon) based on 195.0 hours expended at rates of $575.00 or $625.00 (*id.* pp. 15–16); and $522,376.97 in pre-judgment interest to Copeland (*id.* p. 15). Copeland further seeks post-judgment interest to accrue on all amounts awarded at the rate provided by 28 U.S.C. § 1961.   (*Id.* p. 16.)

8.    The Court begins with the reasonableness of rates.   The relevant rate for this vicinage is that of the Philadelphia/New Jersey legal market, with some courts utilizing Community Legal Services of Philadelphia's fee schedule as a guide.   *Sciore v. Phung*, No. 19–13775, 2022 WL 17446505, at *3 (D.N.J. Dec. 6, 2022).

9.    I find that all rates are reasonable.

10.   Copeland's  calculation  of  expended  hours  requires  closer consideration.   In general, I find that most expended hours were reasonable, but I find a few reductions are warranted.

11.   First, Declerq seeks fees for 50 hours expended for "[p]reparation of summary judgment motion papers (ultimately not filed …); substantial legal research, statement of material facts development, legal argument drafting,

2

exhibit identification, and damages analysis." (ECF No. 260–3 p. 7.) Because, as Copeland recognizes, the summary judgment motion was never filed, I will reduce Declerq's hours award by 50 hours. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (cautioning that any hours that are "excessive, redundant, or otherwise unnecessary" are excludable).

12. Second, Declerq and Blackmon each seek fees for hours expended on mediation and settlement conferences with defendants other than JAD. (*See* ECF No. 260–3 pp. 9–10 (Declerq listing 240 hours for "Mediation, Settlement Conferences, and Dismissal of Settled Defendants"), ECF No. 250–6 p. 2 (Blackmon documenting 70 hours of time for "Sept. 15 Settlement and Resolution").) At this point in the litigation, JAD had not entered an appearance, did not attend the mediations, and did not sign any settlement agreements. Charging JAD for this time is unwarranted, and I will reduce Declerq's hours by 240 hours and Blackmon's hours by 70 hours.

13. Declerq's hours will be reduced by 290, resulting in 1,421 hours expended at a rate of $575.00, for a total award of $817,075.

14. Blackmon's hours will be reduced by 70, as illustrated at Row 7 of their Summary Table (ECF No. 260–6 p. 2). This reduces Blackmon's lodestar amount by $41,325, for a new total award of $74,900.

15. I also find that Copeland's calculation of pre-judgment interest is accurate (*see* ECF No. 260–4) and that post-judgment interest is warranted under these circumstances.

## II.   Costs

16. "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54 "limits the reimbursable costs to those enumerated in 28 U.S.C. § 1920," and there is a "strong presumption" that costs are to be awarded to prevailing parties. *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010).

17. The Costs Application seeks $1,964.25 in taxable costs, with $305.00 due to Declercq and $1,659.25 due to Blackmon. (ECF Nos. 261–2 ¶ 5; 262 p. 3.) The attached bill of costs (ECF No. 261–1) lists $250.00 in fees of the clerk, $560.00 in service fees, and $1,154.25 for necessary transcripts. I find these costs to be reasonable.

Accordingly,

**IT IS** on this    **11th** day of **August 2026    ORDERED** that:

1.    The Fees Motion (ECF No. 260) is GRANTED as reduced, and the Costs Application (ECF No. 261) is GRANTED.

2.    Copeland is awarded **$891,975** in attorneys' fees from JAD, of which **$817,075** shall be paid directly to Declerq and **$74,900** shall be paid directly to Blackmon.

3.    Copeland is further awarded **$522,376.97** in pre-judgment interest, along with post-judgment interest that shall continue to accrue on all amounts awarded at the rate provided by 28 U.S.C. § 1961.

4.    Copeland is further awarded **$1,964.25** in taxable costs, of which **$305.00** shall be paid directly to Declerq and **$1,659.25** shall be paid directly to Blackmon.

        */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**